Brandon R. McKelvey (SBN 217002)
Email: brandon@medinamckelvey.com
Timothy B. Nelson (SBN 235279)
Email: tim@medinamckelvey.com
MEDINA McKELVEY LLP
983 Reserve Drive
Roseville, California 95678
Telephone: (916) 960-2211
Facsimile: (916) 742-5488

Counsel for Defendant DC
TRANSPORTATION SERVICES, INC., dba
DC TRANSPORT (also erroneously sued as
DC Transport Inc., a California Transport
Company and DC Transport Inc., a Texas
Corporation)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIY BYKOV, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>DC TRANSPORT, INC., a California Transport Company; DC TRANSPORT, INC., a Texas Corporation; DC TRANSPORTATION SERVICES, INC. dba DC TRANSPORT state of corporation unknown; and DOES 1 to 10 inclusive,<br><br>                    Defendants. | CASE NO.: _____<br><br>**DEFENDANT DC TRANSPORTATION SERVICES, INC. dba DC TRANSPORT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[Filed Concurrently with Civil Cover Sheet and Corporate Disclosure Statement]<br><br>Action Filed:          May 3, 2018<br>Trial:                     Not Yet Set<br><br>Superior Court of the State of California, County of Sacramento,<br>Case No.: 34-2018-00232383-CU-OE-GDS |

- 1 -



1

**Table of Contents**

Timeliness of Removal ............................................................................................... 5

Background ................................................................................................................. 5

Class Action Fairness Act ("CAFA") Removal .......................................................... 6

    A.    The Class Size ........................................................................................ 7

    B.    Citizenship of the Parties ...................................................................... 7

    C.    The Aggregate Amount in Controversy ................................................. 8

    D.    Plaintiff Seeks at Least $778,633.20 in Penalties for Late Wage Payments ........ 10

    E.    Plaintiff Seeks Between $3,813,531.56 and $7,164,816.88 for Minimum Wage Violations ................................................................. 11

    F.    Plaintiff Seeks $609,050.00 in Wage Statement Penalties .................. 12

    G.    Plaintiff Seeks Between $1,996,903.80 and $3,328,173.00 in Meal Period Penalties ................................................................................... 13

    H.    Plaintiff Seeks Between $1,996,903.80 and $3,328,173.00 in Rest Period Penalties ................................................................................... 14

    I.    Plaintiff Seeks Between $1,905,000.00 and $5,475.000.00 in Penalties for Allegedly Willful Misclassification ................................. 15

    J.    The Aggregate Amount in Controversy Not Including Attorneys' Fees Exceeds $5 Million .......................................................................... 16

    K.    Attorneys' Fees Increase the Amount in Controversy ......................... 16

    L.    Defendants Are Entitled to Remove Under CAFA ............................... 17

Venue ...................................................................................................................... 17

Notice of Removal ................................................................................................... 18

No Waiver ............................................................................................................... 18

- 2 -



**Table of Authorities**

<u>Cases</u>                                                                 <u>Page</u>

*Abrego v. The Dow Chem. Co.*
 443 F.3d 676, 688–90 (9th Cir. 2006)...................................................9

*Bayol v. Zipcar, Inc.*, 2015
 U.S. Dist. LEXIS 109027, at *25 (N.D. Cal. Aug. 18, 2015) .....................16

*Dart Cherokee Basin Operating Co., LLC v. Owens*
 135 S. Ct. 547, 554 (2014) ........................................................9

*Feao v. UFP Riverside, LLC*
 No. CV173080PSGJPRX, 2017 WL 2836207, at *4
 (C.D. Cal. June 29, 2017)............................................................14

*Franke v. Anderson Merchandisers LLC*
 No. CV173241DSFAFMX, 2017 WL 3224656, at *6
 (C.D. Cal. July 28, 2017)............................................................16

*Fristoe v. Reynolds Metals Co.*
 615 F.2d 1209, 1213 (9th Cir. 1980)...............................................8

*Galt G/S v. JSS Scandinavia*
 142 F.3d 1150, 1156 (9th Cir. 1998)..............................................16

*Hanlon v. Chrysler Corp.*
 150 F.3d 1011, 1029 (9th Cir. 1998)..............................................17

*Hertz Corp. v. Friend*
 599 U.S. 77, 92–93 (2010) .........................................................8

*Ibarra v. Manheim Investments, Inc.*
 775 F.3d 1193, 1197 (9th Cir. 2015)...............................................9

*Kantor v. Wellesley Galleries, Ltd.*
 704 F.2d 1088, 1090 (9th Cir. 1983)...............................................7

*Mejia v. DHL Express (USA), Inc.*
 No. CV 15-890-GHK JCX, 2015 WL 2452755, at *4
 (C.D. Cal. May 21, 2015)........................................................13-14

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*
 526 U.S. 344, 354 (1999) ...........................................................5

*Ritenour v. Carrington Mortg. Servs. LLC*
 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017)......................................12

- 3 -



1

<u>Cases (cont.)</u>                                                                        <u>Page</u>

2

*Sanchez v. Russell Sigler, Inc.*
     No. CV 15-1350 AB (PLAx), 2015 WL 12765359, at \*6

3

     (C.D. Cal. Apr. 28, 2015) .......................................................................... 14

4

*Six (6) Mexican Workers v. Arizona Citrus Growers*
     904 F.2d 1301, 1311 (9th Cir. 1990) ....................................................... 17

5

6

*State Farm Mut. Ins. Co. v. Dyer*
     19 F.3d 514, 520 (10th Cir. 1994) ............................................................. 7

7

8

<u>Authorities</u>

9

28 U.S.C. § 1332 ............................................................................................. 5-9, 17

10

28 U.S.C. § 1441 ............................................................................................ 5-6, 8, 18

11

28 U.S.C. § 1446 ............................................................................................... 5, 18

12

California Code of Civil Procedure § 340 ...................................................... 15

13

California Labor Code § 226 ............................................................... 12-13, 15

14

California Labor Code §1194 .......................................................................... 14

15

California Labor Code §1197 .......................................................................... 14

16

Class Action Fairness Act of 2005 ("CAFA") ............................................... 5-6

17

MW Order-2014; MW Order-2017 ................................................................ 14

18

Senate Judiciary Committee Report, S. REP. 109-14, at 49 ............................ 9

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
CASE NO.: TBD



TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant DC Transportation Services, Inc. dba DC Transport ("DC Transportation") (also erroneously sued as DC TRANSPORT, INC., a California Transport Company and DC TRANSPORT, INC., a Texas Corporation) (collectively "Defendants"), hereby removes this action from the Superior Court of California for the County of Sacramento to the United States District Court for the Eastern District of California, asserting: (1) original jurisdiction under 28 U.S.C. §§ 1332(c), (d)(2) (the Class Action Fairness Act of 2005 ("CAFA") and (2) removal jurisdiction under 28 U.S.C. §§ 1441(a) and 1446. Removal is proper because, as explained below, there is minimal diversity here, there are well over 100 class members, and the amount in controversy exceeds $5 million.

**TIMELINESS OF REMOVAL**

1.      Plaintiff served the Summons and Complaint in this action no earlier than May 9, 2018. (**Exhibit A**.) This Notice of Removal is timely as it is filed within 30 days of the purported service on the first defendant of a copy of the Summons and Complaint. 28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

**BACKGROUND**

2.      On May 3, 2018, Plaintiff Valeriy Bykov (hereinafter "Plaintiff") filed an action in the Superior Court of the State of California for the County of Sacramento entitled *Valeriy Bykov v. DC Transport, Inc. et al.* and assigned Case Number 34-2018-00232383-CU-OE-GDS. A true and correct copy of Plaintiff's Complaint, along with all initial case documents, is attached as **Exhibit A**. Plaintiff served the Complaint on DC Transportation via substituted service and mailed copies of the Complaint and other documents to DC Transportation on May 8, 2018. According to California Code of Civil Procedure section 415.20(b), service through substituted service becomes effective on the 10th day after mailing (in this case May 18, 2018).

3.      Plaintiff's Complaint alleges that Defendants willfully misclassified all of their drivers in California as independent contractors. As a result of this willful misclassification, Plaintiff alleges that following causes of action: (1) penalties under the Private Attorneys General

- 5 -

Act (the "PAGA") for willful misclassification (Labor Code sections 226.8 and 2698 *et seq.*); (2) failure to pay separately and hourly for time spent by drivers on non-driving time (Labor Code sections 1194 and 1194.2); (3) failure to provide paid rest breaks and pay missed rest break premiums (Labor Code section 226.7 and IWC Wage Order No. 9); (4) failure to provide meal periods and pay missed meal period premiums (Labor Code sections 226.7 and 512; IWC Wage Order No. 9); (5) failure to reimburse business expenses (Labor Code section 2802); (6) failure to provide complete wage statements (Labor Code sections 226 and 226.2); (7) waiting time penalties (Labor Code sections 201 through 203); (8) violation of Business and Professions Code sections 17200 through 17204; and (9) civil penalties pursuant to the PAGA. Plaintiff seeks to represent a class defined as "Plaintiff and all other California residents who worked as truck drivers and who are or have been classified as independent contractors by Defendant in California" going back four years. (Compl. ¶ 36.) Further, Plaintiff alleges that "Defendants' willful misclassification of Plaintiff was part of a pattern or practice of willful misclassification of Plaintiff, the Class Members, and the aggrieved employees." (Compl. ¶ 21.)

4.       On June 7, 2018, DC Transportation filed an Answer to the Complaint in Sacramento County Superior Court. A true and correct copy of DC Transportation's Answer to the Complaint is attached as **Exhibit B.**

5.       Pursuant to 28 U.S.C. section 1446(a), **Exhibits A** and **B** comprise all process, pleadings, and orders that have been filed or received in this action by Defendants.

## CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL

6.       As set forth below, this action is properly removable, under 28 U.S.C. § 1441(a), as this Court has original jurisdiction over the action under CAFA. 28 U.S.C. §§ 1332 (d)(2) & (d)(6); 28 U.S.C. § 1332(d)(5)(B). CAFA's provisions require (A) a class size of at least 100 members, (B) at least one plaintiff and one defendant that are citizens of different states, and (C) and aggregate amount in controversy exceeding $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Each element is satisfied here. First, the putative class that Plaintiff has alleged consists of over 300 class members. Second, Plaintiff is a citizen of California, and DC Transportation is a citizen of Texas, so minimal diversity exists here. Third, the amount in

- 6 -

1  controversy here exceeds between $12,862,528.00 and $25,854,807.60 in the aggregate with

2  attorneys' fees included, and between $10,290,022.40 and $25,854,807.60 without attorneys' fees

3  included.  All these amounts are well over the $5 million threshold for removal.

4  **A.    The Class Size**

5     7.    The number of putative class members exceeds 100, as required by 28 U.S.C. §

6  1332(d)(5)(B).  The number of class members is approximately 332.  (Declaration of Yuriy

7  Vodopyanov in Support of Notice of Removal ("Vodopyanov Decl."), ¶ 12.)

8  **B.    Citizenship of the Parties**

9     8.    *Plaintiff's Citizenship.*  To establish citizenship for diversity purposes, a natural

10  person must be (a) a citizen of the U.S. and (b) a domiciliary of a particular state.  *Kantor v.*

11  *Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence

12  of domicile.  *State Farm Mut. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Based on

13  Plaintiff's Complaint and information that Plaintiff provided to DC Transportation, which

14  includes information he submitted to DC Transportation to establish a contractual relationship

15  with it, Plaintiff has, without exception, listed a California address as his current address, which

16  demonstrates an "intent to remain" in California and establishes a domicile in California.

17  (Vodopyanov Decl., ¶ 7; Compl., ¶ 5 ("Plaintiff is a California resident and, from August, 2016

18  through October 2017, was misclassified as an independent contractor but was actually employed

19  by Defendants as a truck driver in California"; "At all relevant times, Plaintiff held and possessed

20  a valid California driver's license allowing him to drive a truck in California").)  Neither Plaintiff

21  nor Plaintiff's counsel has provided a different address or expressed any intention that Plaintiff

22  does not intend to remain domiciled in California.  Thus, Plaintiff has, at all relevant times,

23  resided in the State of California.  And he is, and was at the time of the filing of this action, a

24  citizen of the United States and California.

25     9.    *DC Transportation's Citizenship.*

26     a.    Under 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of

27  every state by which it has been incorporated and of the state where it has its principal place of

28  business.  One determines a corporation's principal place of business with the "nerve center" test.

- 7 -

*Hertz Corp. v. Friend*, 599 U.S. 77, 92–93 (2010).  Under the "nerve center" test, a corporation's principal place of business is where its "officers direct, control and coordinate the corporation's activities." *Id.* at 92.  A corporation typically directs and coordinates its activities from its headquarters.  *Id.*

          b.     DC Transportation is now, and ever since this action commenced has been, a corporation incorporated under the laws of the State of Texas, with its corporate headquarters and principal place of business in the State of Texas.  (Vodopyanov Decl., ¶ 3.)

          c.     Under the "nerve center" test, DC Transportation's principal place of business is the state of Texas because executive and administrative functions of DC Transportation occur in corporate headquarters in Fort Worth, Texas.  (Vodopyanov Decl., ¶ 3.)

          d.     As a result, DC Transportation is now, and was at the time of the filing of the Complaint, a citizen of the State of Texas.  DC Transportation is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California.

     10.     *Doe defendants.*  Under 28 U.S.C. § 1441(b), one disregards the residence of fictitious and unknown defendants for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need not join a removal petition).  Thus, the existence of Doe defendants 1 through 100 does not deprive this Court of jurisdiction.

**C.**    **The Aggregate Amount in Controversy**

     11.     To determine if the amount in controversy exceeds $5,000,000, one aggregates the claims of the individual class members.  28 U.S.C. § 1332(d)(6).  The amount-in-controversy requirement is met "if the value of the matter in litigation exceeds $5,000,000, either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. REP. 109-14, at 49.  Moreover, the Senate Judiciary Committee Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions should be resolved in favor of federal jurisdiction:

///

> [I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.

*Id.*; *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively."). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[N]o antiremoval presumption attends cases invoking CAFA." *Id.*

12. The amount in controversy here exceeds between $12,862,528.00 and $25,854,807.60 in the aggregate with attorneys' fees included, and between $10,290,022.40 and $20,683,846.10 without attorneys' fees included. All these amounts are over the minimum jurisdictional threshold. Calculations of this amount rely on the Complaint's allegations, assuming, without any admission, that they are true. Plaintiff's failure to specify particular damages permits Defendants to reasonably estimate the amount in controversy. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 688–90 (9th Cir. 2006) (the preponderance of evidence standard applies where a plaintiff "seeks no specific amount in damages," and a court will consider facts in the removal petition to determine whether jurisdictional requirements are met).

13. Since May 3, 2014, according to DC Transportation's records, there are 332 California residents who worked as truck drivers and were classified as independent contractors by Defendants ("putative class members"). During the relevant period, putative class members have worked a total of approximately 145,972.50 workdays (which included an average of 9.17 hours of driving time). (Vodopyanov Decl., ¶ 13.) Since May 3, 2015, within California, through voluntary or involuntary termination, at least 124 putative class members have ended their relationship with Defendants. (Vodopyanov Decl., ¶ 14.)

14. A central allegation, which each claim incorporates, is that "Defendants' willful misclassification of Plaintiff was part of a pattern or practice of willful misclassification of Plaintiff, the Class Members, and the aggrieved employees." (Compl. ¶ 21.) Further, Plaintiff's



Complaint alleges that Defendants: (1) **never** provided putative class members with compliant meal breaks; (2) provided only unpaid rest breaks to putative class members and thus **never** provided putative class members with compliant rest breaks; (3) did not issue any adequate wage statements to truck drivers in California; (4) did not maintain an expense reimbursement policy or practice for truck drivers; and (5) did not pay truck drivers who separate from employment all wages that are due.  (Compl. ¶ 28, 30, 31, 34, 35; emphases added.)

**D.    Plaintiff Seeks at Least $778,633.20 in Penalties for Late Wage Payments.**

15.    Plaintiff alleges that Defendants failed to pay or did not make timely payment of all wages owed to Plaintiff and the putative class members in his seventh cause of action. (Compl. ¶¶ 78–83; Prayer for Relief, ¶ 7(a)–(b)).  Plaintiff seeks penalties under California Labor Code section 203.  (*Id.*)  For purposes of determining the putative class members who might be considered terminated in connection with Plaintiff's seventh cause of action, DC Transportation considered any putative class member who had delivered at least one load pursuant to a contract with DC Transport between May 3, 2015 and the present, but who did not receive a settlement statement after March 29, 2018, the date 35 days before the filing of Plaintiff's Complaint, as a former independent contractor.  DC Transportation's records show that there were 124 former independent contractors ("ICs") who transported a shipment between May 3, 2015 and the present who did not receive a settlement statement after March 29, 2018.  The alleged limitations period for potential late wage payment claims in this case would be from May 3, 2015 (three years before the Complaint was filed) to the present. *See Pineda v. Bank of America, N.A.*, 50 Cal.4th 1389, 1401 (2010).

16.    For purposes of this Notice of Removal, DC Transportation prepared calculations based on a sample of the period of time that Plaintiff contracted with Defendants.  (Vodopyanov Decl., ¶ 10–11.)  DC Transportation used 2016 as the sample to perform their calculations.  DC Transportation determined that the total net revenue paid to Plaintiff (after expenses were deducted) in 2016 was $14,442.64, paid through settlement statements for 13 shipments that Plaintiff transported from September 13, 2016 through December 31, 2016.  (*Id.*) According to DC Transportation's load records, it appears that Plaintiff worked approximately 69 days during

- 10 -

that period, which equates to an average net daily rate of $209.31. (*Id.* at ¶ 11.) Because Plaintiff asserts that Defendants have never paid him the required minimum wage, and that Defendants therefore owed him unpaid minimum wages at the time Plaintiff's alleged employment ended, pursuant to Labor Code section 203, Plaintiff claims an entitlement to 30 days' pay. The total penalty sought by Plaintiff on behalf of himself and the 124 former putative class drivers who may timely assert a late wage claim is approximately **$778,633.20** (average daily rate of $209.31 X 30 days X 124 former putative class members who transported shipments on or after the May 3, 2015 limitations period began and did not receive settlement statements after March 29, 2018) = $778,633.20). The total amount in controversy under Plaintiff's Labor Code section 203 claim is therefore at least **$778,633.20.**

**E.    Plaintiff Seeks Between $3,813,531.56 and $7,164,816.88 for Minimum Wage Violations.**

17.    Plaintiff alleges that he and the proposed class performed non-driving work, including time spent on rest breaks, inspections, cleaning/fueling and/or paperwork, and loading and unloading (defined as "Non-Driving Tasks), and that Defendants did not separately compensate them for this time in violation of California law. (Compl. ¶¶ 22, 47–48.) Plaintiff alleges that he and the proposed class are entitled to the payment of the minimum wage for this time, plus liquidated damages in an amount equal to the unpaid minimum wage. (Compl. ¶¶ 44–49.) The applicable statute of limitations is three years (Cal. Code Civ. Proc. § 338), which is extended to four years as a result of Plaintiff's allegations in his eighth cause of action under section 17200 of the California Business and Professions Code (the "UCL"). Cal. Bus & Prof. Code § 17208.

18.    Plaintiff alleges the following with respect to "Non-Driving Tasks" (which he alleges should be compensated at the minimum wage):

a.    Plaintiff and the putative class members spent 15–20 minutes ***each day*** fueling their trucks (Compl. ¶ 23);

b.    Plaintiff and the putative class members typically spent 20 minutes ***each day*** on work related paperwork and DOT federally mandated inspections (Compl. ¶ 24);



c.  Plaintiff and the putative class members typically spent two to fours hours *each day* loading and unloading trucks at pick-up and drop-off locations (Compl. ¶ 25);

d.  Plaintiff and putative class members were not paid for rest breaks (from one to three rest breaks per work day) (Compl. ¶ 26).

Based on the allegations in Plaintiff's Complaint, Plaintiff seeks unpaid time (at the minimum wage rate) of 2 hours and 45 minutes to 5 hours and 10 minutes per day.  According to DC Transportation's records, there were a total of 145,972.50 work days from May 3, 2014 to December 31, 2017.  The amount of allegedly unpaid minimum wages, based on the allegations in Plaintiff's Complaint, ranges from $3,813,531.56 ($9.50 (average minimum wage during class period) X 145,972.50 workdays X 2 hours and 45 minutes per workday) to $7,164,816.88 ($9.50 (average minimum wage during class period) X 145,972.50 workdays X 5 hours and 10 minutes per workday).  (Vodopyanov Decl., ¶ 12; Compl. ¶¶ 23–26.). Therefore, the total amount put in controversy by this claim is **$3,813,531.56** to **$7,164,816.88** pursuant to Plaintiff's allegations.[1]

**F.  Plaintiff Seeks $609,050.00 in Wage Statement Penalties.**

19.  California Labor Code section 226 requires California employers to provide wage statements to employees containing certain items identified in the statute.  *See* Cal. Labor. Code § 226(a).  In his sixth cause of action, Plaintiff alleges that Defendants violated Section 226 by knowingly and intentionally failing to comply with Section 226 on each and every wage statement provided to Plaintiff and the putative class.  (Compl. ¶¶ 73–77); *see, e.g., Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint [which is virtually identical to the language here], and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate.").

20.  Pursuant to Section 226(e), Plaintiff seeks penalties of $50.00 for the first violation and $100.00 for each subsequent violation, not to exceed an aggregate penalty of $4,000.00.  Cal.

///

---

[1] Plaintiff has also alleged that he is entitled to liquidated damages as a result of the allegedly unpaid minimum wages.  (Compl. ¶ 49, Prayer for Relief, ¶ 3(b) and (c).)  The amount in controversy from Plaintiff's claim for liquidated damages is an additional **$3,813,531.56.** to **$7,164,816.88.**  (Vodopyanov Decl., ¶ 12; Compl. ¶¶ 23–26.)

-12-



Lab. Code § 226(e)(1). The statute of limitations for recovery of penalties under Section 226 is one year. Cal. Code Civ. Proc. § 340(a).

21.    DC Transportation identified the number of settlement statements that were issued to each putative class member between May 3, 2017 and the present for shipments transported. A total of 219 putative class members were issued a total of approximately 6,200 settlement statements between May 3, 2017 and the present. Calculating a penalty of $50.00 for the first alleged violation and $100.00 for each alleged subsequent violation with a cap of $4,000.00 in penalties per putative class member during the applicable period, Plaintiff and the putative class members appear to seek **$609,050.00** total in penalties for their wage statement claims.

**G.    Plaintiff Seeks Between $1,996,903.80 and $3,328,173.00 in Meal Period Penalties.**

22.    Plaintiff alleges that "by virtue of the misclassification of Defendants' drivers, and by failing to provide its drivers with duty-free timely 30-minute meal breaks, on their California routes greater than 5 hours in length, Defendants violated California Labor Code §226.7 and IWC Wage Order No. 9, and are liable to Plaintiff and the Class." (Compl. ¶¶ 29–30, 64.) Plaintiff seeks one additional "hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided." (Compl. ¶ 30.) The statute of limitations for recovery of meal period premium pay under section 226.7 is three years (*Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094, 1099 (2007)), but is extended to four years pursuant to Plaintiff's allegations under the UCL. Cal. Bus. & Prof. Code § 17208.

23.    Plaintiff alleged in his Complaint that "[Defendants'] drivers were ***never*** authorized to take their timely 30-minute duty-free meal breaks, on or before the fifth and tenth hours of time shifts" and "Defendant ***never*** paid any missed meal break premiums to its drivers." (Compl. ¶ 30; emphases added). Therefore, based on the plain language of the Complaint, it would be reasonable to infer that Plaintiff is alleging that putative class members *never* received compliant meal breaks, entitling each to one hour of pay for every workday they worked through a meal period. *See* Lab. Code § 226.7; *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) ("It is not unreasonable to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the

- 13 -

company may potentially violate the law in each and every situation where those policies are applied."). Based on these allegations, the total amount in controversy for meal breaks alone would be **$3,328,173.00** ($22.80 average hourly pay X 145,972.50 workdays). (Vodopyanov Decl., ¶¶ 11, 13.) Additionally, even assuming a violation of only 60% (which is more than reasonable according to the allegations of the Complaint), the total amount in controversy for meal breaks alone would be **$1,996,903.80** ($22.80 average hourly pay X 145,972.50 workdays X 0.60). (*Id.*) *See, e.g.*, *Feao v. UFP Riverside, LLC*, No. CV173080PSGJPRX, 2017 WL 2836207, at *4 (C.D. Cal. June 29, 2017) (holding that assumption of 60% violation for missed meal breaks was reasonable based on materially similar allegations, and explaining that "[c]ourts have approved even more generous assumptions based on allegations nearly identical to those presented in the Complaint"); *see also Sanchez v. Russell Sigler, Inc.*, No. CV 15-1350 AB (PLAx), 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015) (approving a 100 percent violation rate because the complaint alleged that defendant had "at all material times" failed to provide uninterrupted meal and rest periods).

**H.    Plaintiff Seeks Between $1,996,903.80 and $3,328,173.00 in Rest Period Penalties.**

24.    Plaintiff alleges that "Defendants' truck drivers in California were not authorized to take paid rest breaks." (Compl. ¶ 26.) Plaintiff also alleges that "[w]hen drivers took rest breaks in California, they were not paid for them hourly and separately." (*Id.*) Again, from Plaintiff's allegation that Defendants did not pay him and other putative class members hourly and separately for rest breaks at any time during the class period, it would be reasonable to infer that Plaintiff is alleging that putative class members *never* received compliant rest breaks, entitling each to one hour of pay for every workday they worked through a rest period. *See* Cal. Lab. Code § 226.7; *Mejia*, 2015 WL 2452755, at *4. Based on these allegations, the total amount in controversy for rest breaks alone would be **$3,328,173.00** ($22.80 average hourly pay X 145,972.50 workdays). (Vodopyanov Decl., ¶¶ 11, 13.) Additionally, even assuming a violation rate of only 60% (which is more than reasonable under the circumstances), the total amount in controversy for rest breaks alone would be **$1,996,903.80** ($22.80 average hourly pay X 145,972.50 workdays X 0.60). (*Id.*) *See, e.g.*, *Feao*, 2017 WL 2836207, at *4 (holding that

- 14 -

assumption of 60% violation for missed rest breaks reasonable based on materially similar allegations).

I.    **Plaintiff Seeks Between $1,095,000.00 and $5,475,000.00 in Penalties for Allegedly Willful Misclassification.**

25.    In Plaintiff's first cause of action, he seeks penalties on his own behalf and on behalf of the putative class members for alleged willful misclassification.  Plaintiff alleges that Defendants "intentionally misclassified Plaintiff" and other putative class members as independent contractors in violation of Labor Code section 226.8(a).  (Compl. ¶ 40.)  Plaintiff further alleges that this misclassification was "in willful violation of California law and public policy . . . ."  (*Id.*)  Labor Code section 226.8(b) states that if an employer has willfully misclassified an individual as an independent contractor, the employer is subject to a civil penalty of not less than $5,000.00 and not more than $15,000.00 for each violation.   Cal. Lab. Code § 226.8(b).  If the employer is engaged in a pattern and practice of willful misclassification, then the employer is subject to a civil penalty of not less than $10,000.00 and not more than $25,000.00 for each violation.  Cal. Lab. Code § 226.8(c).  The statute of limitations for recovery of penalties under Section 226.8 is one year.  Cal. Code of Civ. Proc., § 340(a).

26.    Plaintiff alleges that all of Defendants' drivers were willfully misclassified as independent contractors.  (Compl. ¶¶ 39–40.)  Therefore, all drivers who performed services for Defendants as independent contractors from May 3, 2017 would trigger penalties ranging from $5,000.00 to $15,000.00.  Also, since Plaintiff alleges that Defendants' decision to misclassify Plaintiff and all of the putative class members "was part of a pattern as[sic] practice of willful misclassification . . . thereby triggering heightened penalties under sections 226.8(b) and (c)." (Compl. ¶ 40.)  Thus, according to the allegations in Plaintiff's Complaint, Plaintiff is seeking the heightened penalties of $10,000.00 to $25,000.00 per violation pursuant to Labor Code section 226.8(c).

27.    According to DC Transportation's records, there were a total of 219 independent contractors who received settlement statements for services from May 3, 2017 to the present. (Vodopyanov Decl., ¶ 17.)  Thus, the potential penalties for violation of Labor Code section



226.8 range from **$1,095,000.00** ($5,000.00 X 219 drivers) to **$5,475,000.00** ($25,000.00 X 219 drivers).  *See Korn v. Polo Ralph Lauren*, 536 F.Supp.2d 1199, 1205-06 (E.D. Cal. 2008) (considering the maximum statutory penalty when determining whether the amount in controversy has been met for removal).

**J.    The Aggregate Amount in Controversy Not Including Attorneys' Fees Exceeds $5 Million.**

28.    As shown above, the aggregate amount in controversy, as pleaded by Plaintiff, easily exceeds $5 million, even before one considers claims for attorneys' fees and punitive damages.  Based solely on Plaintiff's claims for (a) late wage payments of **$778,633.20**; (b) minimum wages totaling **$3,813,531.56** to **$7,164,816.88** (without liquidated damages); (c) wage statement penalties of at least **$609,050.00**; (d) meal period premiums between **$1,996,903.80** and **$3,328,173.00**; (e) rest period premiums between **$1,996,903.80** and **$3,328,173.00**; and (f) penalties for alleged "willful misclassification" ranging from **$1,095,000.00** to **$5,475,000.00**, not including attorneys' fees or punitive damages, the amount in controversy is $10,290,022.40 to $20,683,846.10, well exceeding the $5 million threshold.[2]

**K.    Attorneys' Fees Increase the Amount in Controversy.**

29.    Plaintiff seeks attorneys' fees.  (Compl., Prayer for Relief at ¶¶ 2(e), 3(d), 5(b), 6(b), 9(c).)  Requests for attorneys' fees must be considered in determining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  More specifically, the potential for an award of mandatory attorneys' fees is included in the amount in controversy analysis for the purposes of removal under CAFA.  *See Bayol v. Zipcar, Inc.*, 2015 U.S. Dist. LEXIS 109027, at *25 (N.D. Cal. Aug. 18, 2015); *see also Franke v. Anderson Merchandisers LLC*, No. CV173241DSFAFMX, 2017

///

---

[2] Plaintiff also asserts a cause of action for unreimbursed business expenses pursuant to Labor Code section 2802.  (Compl. ¶ 34, 67–71.)  Although not included in DC Transportation's removal calculations, this claim alone puts more than $5 million in controversy.  (Vodopyanov Decl., ¶ 15.)

- 16 -

WL 3224656, at *6 (C.D. Cal. July 28, 2017) ("[T]his Court agrees with those that consider a reasonable estimate of the fees that can be anticipated at the time the action is resolved.").

30. Attorneys' fees may be awarded based on the lodestar method (calculated by applying reasonable hourly rates to the time reasonably spent, as adjusted by a risk multiplier where appropriate). *Statons v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003). Alternatively, the court may simply award fees as a percentage of the fund recovered. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The Ninth Circuit has awarded attorneys' fees of up to 25 percent of the recovery, although fees may be adjusted or replaced by a lodestar calculation "when specific circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990). Given the allegations in the Complaint, 25% of the total amount in controversy as explained above (between $10,290,022.40 and $20,683,846.10) would exceed between $2,572,505.60 and $5,170,961.52 in fees.

31. Any addition of attorneys' fees would be over and above the amount calculated for alleged damages as analyzed above and would further increase the amount in controversy far beyond the required $5,000,000 threshold for CAFA jurisdiction.

**L.    Defendants Are Entitled to Remove Under CAFA.**

32. Because diversity of citizenship exists (the Plaintiff being a citizen of the State of California, and DC Transportation not being a citizen of California), because there are more than 100 putative class members, and because the amount in controversy exceeds $5 million, exclusive of interest and costs, this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(d)(2). This action is therefore a proper one for removal to this Court.

**VENUE**

33. Venue lies in the Eastern District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a) because this action is being removed from the Superior Court of the State of California for the County of Sacramento. Defendants therefore remove this action to the United States District Court for the Eastern District of California.

- 17 -



**NOTICE OF REMOVAL**

34.     This Notice of Removal will be promptly served on Plaintiff and his counsel, as well as filed with the Clerk of the Superior Court of the State of California for the County of Sacramento.  In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Defendants in the action are attached hereto as **Exhibits A** and **B**.

**NO WAIVER**

35.     By filing this Notice of Removal, DC Transportation does not waive any available defenses.

Dated:  June 8, 2018                                     MEDINA McKELVEY LLP


                                                          By:____/s/ Timothy B. Nelson_____
                                                              TIMOTHY B. NELSON
                                                              Attorney for Defendant DC
                                                              TRANSPORTATION SERVICES, INC. dba
                                                              DC TRANSPORT (also erroneously sued as
                                                              DC Transport, a California Transport
                                                              Company and DC Transport, a Texas
                                                              Corporation)

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
CASE NO.: TBD



Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DC Transport, Inc., a California Transport Company; DC Transport,
Inc., a Texas Corporation; DC Transportation Services, Inc., dba as DC
Transport, state of corporation unknown; and DOES 1 to 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTı DEMANDANDO EL DEMANDANTE):*

Valery Bykov, individually and on behalf of all others similarly situated,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **FILED** |
| **Superior Court Of California, Sacramento** |
| **05/03/2018** |
| **rcaddick** |
| **By_____, Deputy** |
| **Case Number:** |
| **34-2018-00232383** |

BY FAX

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Gordon D. Schaber Courthouse <br><br> 720 9th Street <br> Sacramento, CA 95814 | CASE NUMBER: <br> *(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Melmed, Esq.; 1180 S. Beverly Drive, Suite 610, Los Angeles CA 90035, (310) 824-3828

| DATE: **MAY - 3 2018** | Clerk, by *R. Caddick* | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|





RECEIVED
CIVIL DROP BOX

2018 MAY -3  AM 9: 13

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Melmed Law Group P.C.
Jonathan Melmed, Esq. (SBN 290218)
1180 S. Beverly Drive, Suite 610
Los Angeles, CA 90035
TELEPHONE NO.: (310) 824-3828     FAX NO.: (310) 862-6851
ATTORNEY FOR (Name): Plaintiff Valeriy Bykov

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

**FILED**
**Superior Court Of California,**
**Sacramento**
**05/03/2018**
**rcaddick**
**By_____ , Deputy**
**Case Number:**
**34-2018-00232383**

CASE NAME:
Bykov v. DC Transport Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c.☐ punitive
4. Number of causes of action (specify): 9
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 2, 2018

Jonathan Melmed, Esq.
_____
(TYPE OR PRINT NAME)

*Jonathan Melmed*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
" Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
" File this cover sheet in addition to any cover sheet required by local court rule.
" If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
" Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

BY FAX

**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann (SBN 229832)
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

*[Additional Counsel listed on next page]*

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| Valeriy Bykov, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DC Transport, Inc., a California Transport Company; DC Transport, Inc., a Texas Corporation; DC Transportation Services, Inc., dba as DC Transport, state of corporation unknown; and DOES 1 to 10 inclusive,<br><br>    Defendant. | **CASE NO:**<br><br>**CLASS ACTION AND PAGA COMPLAINT FOR**<br><br>**(1) PAGA PENALTIES FOR WILLFUL MISCLASSIFICATION (LABOR CODE SECTION 226.8, 2698, *ET SEQ.*;**<br>**(2) FAILURE TO PAY SEPARATELY AND HOURLY FOR TIME SPENT BY DRIVERS ON NON-DRIVING TIME (LABOR CODE §§ 1194, 1194.2);**<br>**(3) FAILURE TO PROVIDE PAID REST BREAKS AND PAY MISSED REST BREAK PREMIUMS (LABOR CODE §§ 226.7; IWC WAGE ORDER NO. 9);**<br>**(4) FAILURE TO PROVIDE MEAL PERIODS AND PAY MISSED MEAL PERIOD PREMIUMS (LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 9);**<br>**(5) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802);**<br>**(6) FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS (LABOR CODE § 226 AND 226.2);**<br>**(7) WAITING TIME PENALTIES (LABOR CODE § 201 – 203);**<br>**(8) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); AND**<br>**(9) PAGA AND OTHER PENALTIES (LABOR CODE §§ 2698 – 2699.5);**<br><br>**DEMAND FOR JURY TRIAL** |

**BY FAX**

1

**MELMED LAW GROUP P.C.**
Jonathan Melmed (SBN 290218)

2

jm@melmedlaw.com
James M. Treglio (SBN 228077)

3

jt@melmedlaw.com
1180 South Beverly Drive, Suite 610

4

Los Angeles, California 90035
Telephone: (310) 824-3828

5

Facsimile: (310) 862-6851

6

7

Attorneys for Plaintiff and the Putative Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Valeriy Bykov ("Plaintiff"), on behalf of the people of the State of California and as an "aggrieved employee" acting as a private attorney general under the Labor Code Private Attorneys General Act of 2004, § 2699, *et seq.* ("PAGA"), and on behalf of himself and all other persons similarly situated, complains of Defendants and each of them, as follows:

## OVERVIEW OF CLAIMS

1.      Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action, as a representative action, and on behalf of the California general public, against Defendants DC Transport, Inc., a California Company, DC Transport, Inc., a Texas Corporation, and DC Transportation Services, Inc., dba as DC Transport (collectively "Defendants") for their (1) willful misclassification of Plaintiff and his fellow drivers as independent contractors; (2) failure to pay their current and former truck drivers in California separately and on an hourly basis for their time spent taking their statutory rest periods and on their pre- and post-trip inspections, loading/unloading time, time spent cleaning their trucks, time spent fueling their trucks and on time spent on work-related paperwork (collectively referred to as "Non-Driving Tasks"); (3) failure to provide paid rest breaks and rest break premiums to their current and former truck drivers in California; (4) failure to provide meal periods and pay missed meal period premiums to its current and former truck drivers in California; (5) failure to reimburse business expenses including gas mileage, insurance coverage, and personal cell phone expenses, incurred by their current and former truck drivers in California; (6) failure to provide complete wage statements to their current and former truck drivers in California within the one year prior to the filing of this Complaint; (7) failure to pay all wages due to former employees based on the foregoing; (8) unfair business practices based on the foregoing; and (9) PAGA and other penalties based on the foregoing.   As a result of the foregoing, Defendant has violated California statutory laws as described below.

2.      The "Class Period" is designated as the period from four years prior to the filing of this action through the trial date.  The PAGA Period is one year from the sending of the PAGA letter to the LWDA (*i.e.,* March 13, 2018) through the present and on-going.   Defendant's

1    violations of California's wage and hour laws and unfair competition laws, as described more fully

2    below, have been ongoing throughout the Class Period.

3                                     **VENUE**

4          3.      Venue is proper in this county under section 395.5 of the California Code of Civil

5    Procedure. Many, if not all, of the putative Class Members were employed and/or performed work

6    during the Class Period by Defendant in Sacramento County. Defendant maintains its terminal

7    place of business in Sacramento, California in Sacramento County. Many of the acts alleged

8    herein including Defendant's willful misclassification of its drivers, failure to pay separately and

9    hourly for Non-Driving Tasks, its failure to provide labor code complaint meal and rest breaks, its

10    failure to pay missed meal and rest break premiums, and its failure to reimburse drivers for their

11    business expenses, including cell phone expenses occurred in Sacramento County. Venue is

12    therefore proper in Sacramento County.

13                               **JURISDICTION**

14          4.      Defendant is within the jurisdiction of this Court. Defendant transacts millions of

15    dollars of business by picking up general freight and intermodal commodities and delivering to

16    customers throughout California. Thus, Defendant has obtained the benefits of the laws of the

17    State of California. In addition, Plaintiff asserts no claims arising under federal law. Rather,

18    Plaintiff brings causes of action based solely on, and arising from, California law. The claims of

19    the Class and the claims of the aggrieved employees are also based solely on California law

20    described herein.

21                               **THE PARTIES**

22          5.      Plaintiff is a California resident and, from August, 2016 through October, 2017,

23    was misclassified as an independent contractor but was actually employed by Defendants as a

24    truck driver in California. At all relevant times, Plaintiff held and possessed in valid California

25    driver's license allowing him to drive a truck in California. From at least four years from the

26    filing of this complaint through the present, and on-going, Defendants' drivers, including Plaintiff

27    during his and their employment, were willfully misclassified as independent contractors; were not

28

paid by Defendants for their time spent on statutory rest periods and the other Non-Driving Tasks; did not receive premium payments for having been provided only unpaid rest periods; were not provided timely duty free meal breaks or paid missed meal break premiums; were not provided accurate and/or complete wage statements; were not reimbursed for all gas mileage expenses, insurance coverage, personal cell phone expenses for work purposes, and other business expenses; and did not receive all of their wages due upon termination of employment.

6.      Defendant DC Transport, Inc. is a California corporation with its principal place of business in Sacramento, California. Defendant DC Transport, Inc. is a Texas Corporation with its principal place of business in Sacramento, California. Defendant DC Transportation Services, Inc., dba as DC Transport is a California Company doing business out of Sacramento California. Defendants are a trucking and logistics company that transacts millions of dollars of business by picking up general freight and intermodal commodities and delivering to customers throughout California and, on occasion, to other neighboring states.

7.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

8.      Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the other aggrieved employees.

9.      Despite their willful misclassification of Plaintiff, the aggrieved employees, and Class Members, Defendants were and are the employer of Plaintiff, the aggrieved employees and

Class Members for all relevant time periods. In fact, Defendants employed Plaintiff, the aggrieved employees and the Class Members as truck drivers in California at various times during the Class Period. At any one time during the Class Period, Defendants employed approximately 100 truck drivers in California, who were willfully misclassified as independent contractors. Due to turnover during the Class Period, the total number of Class Members is estimated to be over 200.

### FACTUAL ALLEGATIONS

10.     Defendants operate and, at all times during the Class Period, have done and do business in California transporting general freight and intermodal commodities throughout California and, on occasion, to other neighboring states. Defendant, in the course of operating its business in California during the Class Period, employed Plaintiff and the Class Members, even though they were misclassified and treated incorrectly as independent contractors.

11.     Defendants operate and maintain their place of business of in California. Typically, Defendants' drivers pick up and drop off general freight and intermodal commodities from the and delivers to customers throughout California. During the Class Period, Plaintiff, like the other members of the Class, typically worked ten to twelve hours per day and five to six days per week. Drivers' job duties included: completion of paperwork, pre- and post-trip inspections, refueling of the truck, checking the oil and motor, filling up the gas tank, loading/unloading and, most importantly, hauling and delivering general freight and intermodal commodities to and from various locations throughout California.

12.     Since at least one year prior to the filing of this action, Defendants maintained policies and practices based on or including the willful misclassification of the Plaintiff and Class Members as independent contractors. Under applicable standards of law, Plaintiff and Class Members are, or were during their employment by Defendants, employees and not independent contractors.

13.     In order to provide its transportation and logistics services, Defendants utilize Plaintiff and Class Members as truck drivers. Defendants claim that their drivers are independent contractors when, in reality, they are employees who are controlled by Defendants, paid by

Defendants, have Defendants' signs and logos on their trucks when driving, and whose relationship with Defendants can be terminated by Defendants for cause. Defendants pays their drivers on a per-mile or per-load piece rate pay basis.

14. Recently, the California Supreme Court in *Dynamex Operations West, Inc., v. Superior Court* (2018) 2018 WL 1999120 at *29, set forth the standard for determining whether an individual performing work is an independent contractor or an employees, as follows:

> We find merit in the concerns noted above regarding the disadvantages, particularly in the wage and hour context, inherent in relying upon a multifactor, all the circumstances standard for distinguishing between employees and independent contractors. As a consequence, we conclude it is appropriate, and most consistent with the history and purpose of the suffer or permit to work standard in California's wage orders, to interpret that standard as: (1) placing the burden on the hiring entity to establish that the worker is an independent contractor who was not intended to be included within the wage order's coverage; and (2) requiring the hiring entity, in order to meet this burden, to establish *each* of the three factors embodied in the ABC test — namely (A) that the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact; *and* (B) that the worker performs work that is outside the usual course of the hiring entity's business; *and* (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed. [Citations]

15. The standard is commonly referred to as the "ABC test." Here, under the standards of the ABC test, Plaintiff, the Class, and the aggrieved employees are clearly "employees" and not "independent contractors." Plaintiff, the Class members, and the aggrieved employees were not free from the control and direction of the Defendants, as they were directed by Defendants where to go, when to get there, and how to make their deliveries. Plaintiff, the Class Members and the aggrieved employees were not performing work outside the Defendants' normal course of business, as the Defendants are trucking companies, and Plaintiff, the Class members and the aggrieved employees are truck drivers. And finally, Plaintiff, the Class Members and the aggrieved employees were not engaged in an independently established trade, occupation or business. Instead, they drove trucks for the Defendants when the Defendants wanted them to drive the trucks, and where the Defendants wanted them to drive the trucks.

16. Defendants retained and retain the right to control the method and manner of how

1   Plaintiff, the Class Members, and the aggrieved employees, performed his and their job duties, and

2   retained and retain all necessary control over Plaintiff, the Class Members, and the aggrieved

3   employees during his and their employment.  Among other things, Plaintiff, the Class Members,

4   and the aggrieved employees are required to follow detailed requirements imposed on them by

5   Defendant governing their interaction with customers and their deliveries. Further, Defendants set

6   drivers' rates, and directs when and where to make their deliveries. As a result, under applicable

7   law, Plaintiff, the Class Members, and the aggrieved employees were employees of Defendants.

8   *See, e.g. Ayala v. Antelope Valley Newspapers, Inc.* (2014) 59 Cal.App.4th  522; *Ruiz v. Affinity*

9   *Logistics, Corp.,* 754 F.Supp.3d 1093 (9th Cir. 2014) (employer's right to control detail of drivers'

10  work support finding of employer-employee relationship); *Alexander v. FedExGround Package*

11  *System, Inc.* 765 F.Supp.3d 381 (9th Cir. 2014) (driver were employees as a matter of law where

12  FedEx controlled times drivers worked and controlled aspects of when packages would be

13  delivered); *See, also, Taylor v. Shippers Transport Express, Inc.,* 2014 W.L. 7499046 (C.D. Cal.

14  2014) (finding employee status for drivers as a matter of law); and *Villapando v. Excel Direct,*

15  *Inc.,* 2015 W.L. 15179486 (N.D. Cal. 2015) (granting summary judgment to Plaintiffs on

16  Defendant's defense that the drivers at issue were independent contractors).

17          17.    Since at least four years from the filing of this complaint through the present, and

18  on-going, Class Members, at the direction of Defendants and/or with Defendants' knowledge and

19  acquiescence, have used their personal cell phones to remain in contact with their managers,

20  dispatchers and customers to perform necessary work-related duties on California routes. Class

21  Members, throughout their workdays, also use their personal cell phone to remain in contact with

22  their managers, dispatchers and, in many cases, Defendants' customers, all with the knowledge

23  and/or acquiescence of Defendants.

24          18.    Defendants retain the right to terminate Plaintiff, the Class Members, and the

25  aggrieved employees' employment and working relationships with Defendants at their discretion.

26          19.    Plaintiff, the Class Members, and the aggrieved employees regularly rendered their

27  services to Defendants, which constituted a form of manual labor, and these services were an

28

1    integral part of Defendants' business of providing delivery service to its customers.

2      20.    Through the performance of their job duties, Plaintiff, the Class Members, and the

3 aggrieved employees perform an integral and entirely essential aspect of Defendants' business of

4 delivering products and materials to customers: Defendants are truck driving companies (or their

5 agents, owners or assigns), Plaintiff, the Class Members, and the aggrieved employees are their

6 truck drivers.

7      21.    Defendants' willful misclassification of Plaintiff was part of a pattern or practice of

8 willful misclassification of Plaintiff, the Class Members, and the aggrieved employees.

9 Accordingly, Plaintiff, the Class Members, and the aggrieved employees are entitled to the

10 stepped-up penalties as set forth in Labor Code Section 226.8(c).

11      22.    During the Class Period, Defendants compensated drivers based on a "per mile" or

12 "per load" piece-rate compensation system with no additional and separate pay on an hourly basis

13 for time spent on rest breaks, inspections, cleaning/fueling and/or paperwork and loading and

14 unloading time (i.e. the Non-Driving Tasks).

15      23.    Plaintiff, the Class Members, and the aggrieved employees, typically spent fifteen

16 to twenty minutes each day fueling his and their trucks.

17      24.    Plaintiff, the Class Members, and the aggrieved employees typically spent 20

18 minutes per day on work related paperwork and DOT federally mandated inspections.

19      25.    Plaintiff, the Class Members, and the aggrieved employees typically spent two to

20 four hours per day loading and unloading the truck at pickup and drop-off locations.

21      26.    Throughout the Class Period, Defendants failed to adopt meal and rest break

22 policies consistent with California law applicable to Class Members and the Aggrieved Employees

23 on their California routes. By virtue of the misclassification, Defendants did not maintain a policy

24 authorizing its driver to take paid rest breaks amounting to 10 minutes of time for each four hours

25 of work or major fraction thereof on their shifts in California. On a routine basis Plaintiff, the

26 Class Members, and the aggrieved employees worked shifts that were longer than 10 hours,

27 including California routes that began and ended in California. During the Class Period,

28

1  Defendants' truck drivers in California were not authorized to take paid rest breaks. When drivers
2  took rest breaks in California, they were not paid for them hourly and separately.

3       27.    Under California law, Defendants were and are obligated to pay drivers, including
4  Plaintiff, separately and hourly for their rest break time in California. *See Bluford v. Safeway*
5  *Stores, Inc.*, (2013) 216 Cal. App. 4th 864, 872-73 ("Thus, contrary to Safeway's argument, a
6  piece-rate compensation formula that does not compensate separately for rest periods does not
7  comply with California minimum wage law."); *Shook v. Indian Transport Co.*, 2014 WL 7178199
8  (E.D.Cal. Dec. 15, 2014) (adopting *Bluford* and noting that, "IRT has not identified any split in the
9  California appellate courts that would indicate that there is any disagreement over whether piece-
10  rate workers must be separately compensated for breaks"); *Cardenas v. McLane FoodServices,*
11  *Inc.* (C.D.Cal.2011) 796 F.Supp.2d 1246, 1252 (piece-rate pay system that did not separately pay
12  truck drivers for rest periods and other non-driving tasks violates California law requiring
13  compensation for each hour worked); and, *Gonzalez v. Downtown LA Motors, LP*, (2013) 215 Cal.
14  App. 4th 36, 49 (favorably citing and adopting *Cardenas*).

15       28.    Furthermore, by virtue of the fact that Defendants provided only unpaid rest breaks
16  to truck drivers, Defendants failed and still fails to provide compliant rest breaks to Plaintiff, the
17  Class Members, and the aggrieved employees, in accordance with Section 12 of IWC Wage Order
18  No. 9 and applicable law.

19       29.    Under California Labor Code Section 512 and IWC Wage Order No. 9, no
20  employer shall employ any person for a work period of more than five (5) hours without providing
21  a meal period of not less than thirty (30) minutes. During this meal period of not less than thirty
22  (30) minutes, the employee is to be completely free of the employer's control and must not
23  perform any work for the employer. If the employee does perform work for the employer during
24  the thirty (30) minute meal period, the employee has not been provided a meal period in
25  accordance with the law. Also, the employee is to be compensated for any work performed during
26  the thirty (30) minute meal period. Finally, an employer may not employ an employee for a work
27  period of more than ten (10) hours a day without providing the employee with another meal period
28

1    of not less than thirty (30) minutes.

2         30.    Under California Labor Code Section 226.7, if the employer does not provide an

3    employee a meal period in accordance with these requirements, the employer shall pay the

4    employee one (1) hour of pay at the employee's regular rate of compensation for each workday

5    that the meal period is not provided.  Here, Despite the fact that its drivers were never authorized

6    to take their timely 30-minute duty-free meal breaks, on or before the fifth and tenth hours of time

7    shifts, Defendant never paid any missed meal break premiums to its drivers.

8         31.    Furthermore, by virtue of the misclassification, Defendants do not issue adequate

9    wage statements to its truck drivers in California, under Labor Code Sections 226(a) and 2262.

10   Specifically, Defendants have not and do not issue wage statements that include drivers' total

11   hours worked and all applicable hourly rates in effect during the pay period and the corresponding

12   number of hours worked at each hourly rate in violation of Labor Code Section 226(a), including

13   for all time spent on Non-Driving Tasks, and time spent on rest periods. *See,* Labor Code § 226.2.

14        32.    Courts in California have held, in the summary judgment context, even before the

15   passage of Labor Code Section 226.2, that drivers' hours must be reported on their paystubs, even

16   in cases where drivers are paid on a piece-rate basis. *See, Cicairos v. Summit Logistics* (2005) 133

17   Cal.App.4th 949, 960-961 ("The "Driver Trip Summary—Report of Earnings" statements, which

18   drivers received with their earnings statements, did not remedy the deficiencies in the earnings

19   statements.  The trip summaries showed a time the driver was dispatched, which was one or more

20   times on a working day.  After the dispatch time were columns for how many miles traveled, stops,

21   delay minutes, and other categories.  The summaries did not, however, show how many hours the

22   driver worked each day or during the pay period. Thus, the defendant failed to provide the Plaintiff

23   with itemized wage statements that meet the requirements of Labor Code section 226"); *McKenzie*

24   *v. Federal Express Corp.*, 765 F.Supp.2d 1222, 1229 (C.D.Cal. 2011) ("[T]he Court finds that

25   FedEx violated Section 226(a)(2) by failing to state the "total hours worked by [an] employee" in

26   its wage statements"); *Cornn v. United Parcel Service, Inc.*, 2006 W.L. 449138, *2-3 (N.D.Cal.

27   2006) (denying defendant's motion for summary judgment on Section 226 claim and noting,

28

1   "[i]nstead, the Court holds that if UPS failed to report the actual number of hours worked on

2   Plaintiff's wage statements, then the company violated section 226."). This is also now clear from

3   Labor Code Section 226.2(a)(1)-(2).

4        33.    Furthermore, for purposes of establishing a claim for PAGA penalties based on

5   Labor Code Section 226, Plaintiff need not establish any "injury" other than showing that the

6   paystubs lacked the hours worked required by Labor Code section 226(a)(2). *See, McKenzie v.*

7   *Fed. Express Corp.,* 765 F.Supp.2d 1222 (C.D. 2011) (holding that drivers' wage statements were

8   deficient as a matter of because, *inter alia,* the statements lacked drivers' total hours worked, and

9   also determining that to recover PAGA penalties based on a deficient wage statement, a Plaintiff

10  need not prove an "injury", and could move for summary judgment on behalf of other Class

11  Members).

12       34.    Defendants do not maintain an expense reimbursement policy and/or practice

13  stating that Defendants will affirmatively reimburse Class Members for a reasonable portion of

14  their monthly personal cell phone bills and other expenses necessarily incurred in their discharge

15  of their duties, as required by *Cochran v. Schwan's Home Service, Inc.,* 228 Cal.App.4th 1137

16  (Cal. Aug. 12, 2014) ("We hold that when employees must use their personal cell phones for

17  work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether

18  the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement

19  owed is a reasonable percentage of their cell phone bills.") (reversing denial of class certification

20  in cell phone reimbursement class action and setting forth the applicable law for these claims);

21  *Aguilar v. Zep, Inc.,* 2014 WL 4245988 *17 (N.D.Cal. Aug. 27, 2014) (granting plaintiffs' motion

22  for partial summary judgment on the plaintiffs' cell phone reimbursement claim); *Ritchie v. Blue*

23  *Shield of California,* 2014 WL 6982943, at *21 (N.D.Cal. Dec. 9, 2014) (Hon. Edward Chen)

24  (certifying class of cell phone reimbursement claim and adopting the logic of *Cochran*). By virtue

25  of its willful misclassification of the Class, Defendant violated Labor Code § 2802 by failing to

26  reimburse Plaintiff and the Class for their business-related expenses including cell phones bills,

27  and GPS related equipment. As a result, Plaintiff and members of the class spent hundreds of

28

1 | dollars each month on non-reimbursed business-related expenses that should have been paid for by

2 | the Defendant. Specifically, by virtue of its willful misclassification of the Class, Defendant

3 | violated Labor Code § 2802 by failing to reimburse Plaintiff and the Class for their business

4 | related expenses including gas expenses incurred, license plate registration and fees, insurance

5 | expenses for operating their trucks and costs of maintenance and repairs.

6 |       35.    Following Plaintiff's separation of employment from Defendant, he, like other

7 | members of the Class who are former employees of Defendant, did not receive all wages due,

8 | including wages due for his unpaid rest breaks and unpaid time for Non-Driving Tasks during the

9 | Class Period, as well as his wages owed for his non-driving time, and his unpaid meal period

10 | premiums in violation of Labor Code Sections 201-203, triggering waiting time penalties under

11 | those provisions.

12 | **CLASS ACTION ALLEGATIONS**

13 |       36.    Plaintiff bring this action, on behalf of himself and all others similarly situated, as a

14 | class action pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class

15 | composed of and defined as Plaintiff and all other California residents who worked as truck drivers

16 | and who are or have been classified as independent contractors by Defendant in California during

17 | the four years prior to the filing of this action and through the date of an order certifying the class

18 | in this case (hereinafter "Class Members"). All such Class Members were subject to Defendant's

19 | unlawful misclassification, and, as a result, were not paid for all hours worked, were not provided

20 | code-compliant meal or rest breaks, and were not reimbursed for their out-of-pocket business

21 | expenses.

22 |       37.    This action has been brought and may properly be maintained as a class action

23 | under Code of Civil Procedure § 382 because there is a well-defined community of interest in the

24 | litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the

25 | Class:

26 |       a.    <u>Numerosity</u>: The potential members of the Class as defined are so

27 | numerous that joinder of all the members of the Class is impracticable. While the precise number

28 |

1    of Class Members has not been determined at this time, Plaintiff is informed and believes that

2    Defendant has, on average, during the Class Period employed over 100 Class Members as truck

3    drivers in California who were subject to Defendant's unlawful misclassification. Due to turnover,

4    the total number of Class Members, including Class Members who are no associated with

5    Defendant, is estimated to be more than 200.  The Class Members are dispersed throughout

6    California.  Joinder of all members of the proposed classes is therefore not practicable.

7              b.     Commonality:  There are questions of law and fact common to Plaintiff and

8    the Class that predominate over any questions affecting only individual members of the Class.

9    These common questions of law and fact include, without limitation:

10                    i.  Whether Defendant violated Section 226.8 of the Labor Code by willfully

11    misclassifying Plaintiff and Class Members as independent contractors.

12                    ii.  Whether Defendant violated sections 1194, 1194.2, and 226.2 of the Labor

13    Code by failing to pay Plaintiff and the members of the Class separately and on an hourly basis for

14    their time spent on their statutory rest breaks and other Non-Driving Tasks engaged in by members

15    of the Class on a daily basis during the Class Period;

16                    iii.  Whether Defendant violated Section 12 of IWC Wage Order No. 9 by

17    failing to provide paid rest periods to Plaintiff and the members of the Class in California during

18    the Class Period;

19                    iv.  Whether Defendant violated Labor Code sections 512 and 226.7, and

20    section 11 of IWC Wage Order No. 9 by failing to pay one hour of premium pay to each member of

21    the Class for each day that a paid meal break was not provided during the Class Period;

22                    v.  Whether Defendant violated Labor Code section 226.7 by failing to provide

23    timely off-duty meal periods to Plaintiff and the Class Members in California during the Class Period;

24                    vi.  Whether Defendant violated Labor Code section 226.7 by failing to provide

25    one hour of premium pay to each member of the Class for each day that an off-duty meal period was

26    not provided in California during the Class Period;

27                    vii.  Whether Defendant violated Section 203 of the Labor Code by failing to pay

28

1   members of the Waiting Time Penalty Subclass for all wages due to them (including their pay due
2   for unpaid rest breaks and the other Non-Driving Tasks) upon their separation of employment from
3   Defendant;

4        viii.   Whether Defendant failed to provide Plaintiff and the members of the Class
5   complete wage statements with information included about their total hours worked and time spent
6   on rest periods and other Non-Driving tasks during each pay period in violation of Labor Code
7   Section 226(a) and 226.2;

8        ix.   Whether Defendant engaged in an unfair practice and violated section 17200
9   of the California Business and Professions Code by failing to pay Plaintiff and the members of the
10  Class separately and on an hourly basis for their time spent on statutory rest breaks and other Non-
11  Driving Tasks and by failing to reimburse them for fair business-related expenses including phone
12  expenses, during the Class Period;

13       x.   Whether Defendant engaged in an unfair practice and violated section 17200
14  of the California Business and Professions Code by failing to provide paid rest breaks to members
15  of the Class in violation of Section 12 of IWC Wage Order No. 9; and

16       xi.   Whether Defendant violated 2802 of the Labor Code and section 17203 of
17  the California Business and Professions Code by failing to reimburse Plaintiff and the Class
18  Members for their work-related expenses including personal cell phone expenses.

19       xii.   Whether Plaintiff and the Class are entitled to restitution under Business and
20  Professions Code § 17200;

21       xiii.   The proper formula(s) for calculating damages, interest, and restitution
22  owed to Plaintiff and the Class Members;

23       xiv.   The nature and extent of class-wide damages.

24       c.   Typicality:  Plaintiff's claims are typical of the claims of the Class.  Both
25  Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly
26  belonging to them, arising out of and caused by Defendant's common course of conduct in
27  violation of law as alleged herein, in similar ways and for the same types of unpaid wages.

28

1              d.    <u>Adequacy of Representation</u>:  Plaintiff is a member of the Class and will

2  fairly and adequately represent and protect the interests of the Class and Class Members.

3  Plaintiff's interests do not conflict with those of Class and Class Members.  Counsel who represent

4  Plaintiff are competent and experienced in litigating large wage and hour class actions, including

5  numerous cases virtually identical to this one (i.e., trucker wage and hour class action cases), and

6  other employment class actions, and will devote sufficient time and resources to the case and

7  otherwise adequately represent the Class and Class Members.

8              e.    <u>Superiority of Class Action</u>:  A class action is superior to other available

9  means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class

10  Members is not practicable, and questions of law and fact common to the Class predominate over

11  any questions affecting only individual members of the Class.  Each Class Member has been

12  damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or

13  practices.  Certification of this case as a class action will allow those similarly situated persons to

14  litigate their claims in the manner that is most efficient and economical for the parties and the

15  judicial system.  Certifying this case as a class action is superior because it allows for efficient and

16  full disgorgement of the ill-gotten gains Defendant has enjoyed by maintaining its unlawful

17  compensation and non-reimbursement policies, and will thereby effectuate California's strong

18  public policy of protecting employees from deprivation or offsetting of compensation earned in

19  their employment.  If this action is not certified as a Class Action, it will be impossible as a

20  practical matter, for many or most Class Members to bring individual actions to recover monies

21  unlawfully withheld from their lawful compensation due from Defendant's, due to the relatively

22  small amounts of such individual recoveries relative to the costs and burdens of litigation.

**FIRST CAUSE OF ACTION**
**PAGA PENALTIES FOR WILLFUL MISCLASSIFICATION OF ALL OF**
**DEFENDANT'S DRIVERS**
**[Cal. Labor Code §§ 2698 *et seq.* and 226.8(a)(1) and 226.8(b) or 226.8(c)]**
**On behalf of Plaintiff and the Aggrieved Employees Against All Defendants**

      38.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

in the preceding paragraphs.

39.    Plaintiff and similarly situated employees are "Aggrieved Employees" under the PAGA as they were employed by Defendants during the applicable statutory period and suffered the Labor Code violation alleged herein.  At all times relevant hereto, Plaintiff and Aggrieved Employees were employees for purposes of the California Labor Code, although they were willfully misclassified as independent contractors.

40.    In violation of the Labor Code provisions cited herein and in willful violation of California law and public policy, Defendants intentionally misclassified Plaintiff and Aggrieved Employees as independent contractors in violation of Labor Code § 226.8(a). This was part of a pattern as practice of willful misclassification of all, or virtually all, of Defendant's drivers thereby triggering heightened penalties under sections 226.8(b) and (c).

41.    The administrative prerequisites of PAGA will be satisfied after 60 days have elapsed from March 13, 2018 (i.e. 60 days since Plaintiff's mailing of the PAGA notice with no further communication from the LWDA to Plaintiff's counsel). The actionable period is one year prior to the sending of the LWDA letter through the present. Plaintiff has paid the $75.00 fee and has otherwise satisfied the administrative prerequisites of PAGA, as amended.

42.    Plaintiff by this action seeks to recover, on behalf of himself and all other current and former Aggrieved Employees of Defendants, the civil penalties provided by PAGA, as specified in Labor Code § 2699(f).  Plaintiff seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required, but Plaintiff may choose to seek certification of the PAGA claims.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY SEPARATELY AND HOURLY FOR TIME SPENT**
**BY DRIVERS ON NON-DRIVING TASKS IN CALIFORNIA**
**[Cal. Labor Code §§ 1194; 1194.2, and 226.2]**
**On behalf of Plaintiff and the Class Against All Defendants**

43.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

44.    The actionable period for this cause of action is three years prior to the filing of this

Complaint through the present, and on-going until the violations are corrected or the Class is certified.

45.     Section 1194 of the Labor Code provides, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than minimum wage& applicable to the employee is entitle to recover in a civil action the unpaid balance of the full amount of this minimum wage & , including interest thereon, reasonable attorney's fees, and costs of suit.

46.     Section 1194.2 of the Labor Code provides, in relevant part:

> In any action under& Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

47.     As set forth above, during the Class Period, although Plaintiff and the Class Members were misclassified, they were, in reality, employees of Defendants.  Moreover, during the Class Period, Plaintiff and Class Members took several statutory rest periods during their routes.  Further, as set forth above, during the Class Period, Plaintiff and Class Members engaged in several Non-Driving Tasks during their shifts.  Plaintiff and the members of the Class were paid on a per mile driven or per load basis, but Defendants did not separately compensate drivers on an hourly basis for their time spent on statutory rest periods or Non-Driving Tasks in violation of Labor Code § 1194.

48.     Accordingly, during the Class Period, Plaintiff and the members of the Class did not receive minimum wage for their on-duty time spent taking statutory rest breaks and on Non-Driving Tasks.

49.     In failing to pay drivers for their time spent on rest periods and the Non-Driving Tasks separately particularly after the issue of *Gonzalez* and *Bluford* in 2013, and certainly for any violations after January 1, 2016, when Section 226.2 became effective, Defendants operated in bad faith given the cases and the state of the law set forth above.  Accordingly, pursuant to sections 1194, 1194.2, and 226.2 of the California Labor Code, Plaintiff and the Class are entitled to recover, either their unpaid hourly wages due, or minimum wage plus interest and/or liquidated

damages in an additional amount equal to the total amount of wages unlawfully withheld during the Class Period for truck drivers' rest period time.

50.    Pursuant to section 1194.2 of the Labor Code, Plaintiff and the Class are also entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

## THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE PAID REST PERIODS TO DRIVERS AND PAY MISSED REST BREAK PREMIUMS
[Cal. Labor Code §§ 226.7; Section 12 OF IWC Wage Order No. 9]
On behalf of Plaintiff and the Class Against All Defendants

51.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

52.    The actionable period for this cause of action is three years prior to the filing of the Complaint through the present, and on-going until the violations are corrected or the Class is certified.

53.    California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

54.    Section 12 of IWC Wage Order No. 9 provides: "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. *Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.*" (emphasis added).

55.    Courts have interpreted Section 12 of the applicable Wage Order to mean that employees paid on a piece-rate must receive separate and hourly pay for their time spent on rest breaks. *See, e.g., Bluford v. Safeway Stores, Inc.,* (2013) 216 Cal. App. 4th 864, 872-73 ("Thus, contrary to Safeway's argument, a piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law.").

56.     As alleged herein, although misclassified, Plaintiff and the Class were employees of Defendants. By failing to provide its drivers paid rest periods of 10 minutes for each 4 hours of work, Defendants violated California Labor Code § 226.7, and is liable to Plaintiff and the Class.

57.     As a result of the unlawful acts of Defendants, Plaintiff and the Class were not provided paid rest breaks, and are entitled to recovery under Cal. Labor Code §226.7 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide drivers with paid rest periods as required by California law.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE OFF-DUTY MEAL BREAKS AND FAILURE**
**TO PAY MISSED MEAL BREAK PREMIUMS**
**[Cal. Labor Code §§ 226.7, 512]**
**On behalf of Plaintiff and the Class Against All Defendants**

58.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

59.     The actionable period for this cause of action is three years prior to the filing of this action through the present.

60.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

61.     Section 11(A) and (B) of IWC Wage Order No. 9 provide that:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee& An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

62.     Section 11(C) of IWC Wage Order No. 9 provides that

Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an —on duty meal period and counted as

time worked. An —on duty⌉ meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

63.    Finally, Section 11(D) of IWC Wage Order No. 9 provides that

If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

64.    As alleged herein by virtue of the misclassification of Defendants' drivers, and by failing to provide its drivers with duty-free timely 30-minute meal breaks, on their California routes greater than 5 hours in length, Defendants violated California Labor Code § 226.7 and IWC Wage Order No. 9, and are liable to Plaintiff and the Class.

65.    As a result of the unlawful acts of Defendant, Plaintiff and the Class were not provided timely duty-free meal breaks, and are entitled to recovery under Cal. Labor Code §226.7 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period greater than 5 hours in California during each day in which Defendants failed to provide drivers with timely duty-free meal periods as required by California law.

### FIFTH CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
### [Cal. Labor Code § 2802]
### On Behalf of Plaintiff and the Class Against All Defendants

66.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraph.

67.    The actionable period for this cause of action is three years prior to the filing of the Complaint through the present, and on-going until the violations are corrected or the subclass is certified.

68.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

69.     By virtue of its misclassification of Plaintiff and the Class as independent contractors when they were, in reality, employees, Defendants failed to reimburse Plaintiff and the Class for their business-related expenses that were necessary to perform their jobs, including gas expenses incurred, cell phones bills, license plate registration and fees, insurance expenses for operating their trucks and costs of maintenance and repairs.

70.     As a result, throughout the Class Period, Plaintiff and the Class incurred hundreds of dollars per month in unreimbursed expense for which they are entitled to be reimbursed, plus interest.

71.     Defendants' failure to pay for or reimburse the work-related business expenses of Plaintiff and Class Members violated non-waivable rights secured to Plaintiff and Class Members by Labor Code §2802. *See* Labor Code §2804. Plaintiff and similarly situated Class Members are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802(c).

### SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS
[Cal. Labor Code § 226(a) and 226.2(a)(2)(A)-(B)]
**On behalf of Plaintiff and the Wage Statement and Penalty Subclass Against All Defendants**

72.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

73.     The actionable period for this cause of action is one year prior to the filing of this Complaint through the present, and on-going until the violations are connected or the subclass is certified.

74.     Section 226(a) of the California Labor Code provides, in relevant part:

> Every employer shall& furnish each of his or her employees& an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all -deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee&

75.     As set forth above, during the Class Period, due to misclassification, Defendants failed to issue wage statements to its truck drivers in California, including Plaintiff, that complied with Labor Code Section 226(a).  Moreover, Labor Code Section 226.2(a)(2)(A) provides that, for piece-rate workers, "The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following to which Section 226 shall also be applicable: (A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period."  The total amount of non-productive working time (i.e., non-driving time) must also appear on the wage statement.  *See,* Labor Code Section 226.2(a)(2)(B).  Defendant's "wage statements" were inadequate.  Defendant failed to identify itself as the employer.  Defendant's "wage statements" also did not include total hours worked, the total amount of time spent on rest periods & other Non-Driving Tasks, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code Sections 226(a) and 226.2.

76.     Defendant's failure to comply with section 226(a) of the Labor Code was knowing and intentional, particularly following the issuance of *McKenzie v. Federal Express,* and/or the passage of Section 226.2.

77.     As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the wage statement and penalty subclass (i.e., those members of the class who were employed by Defendants during the actionable period for this cause of action) in violation of section 226(a) of the California Labor Code, Plaintiff and the Class are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Class from Defendant pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**WAITING TIME PENALTIES FOR**
**FAILURE TO PAY WAGES DUE ON TERMINATION**
**[Cal. Labor Code §§ 201-203]**
**On Behalf of Plaintiff and the Waiting Time Penalty Subclass Against All Defendants**

78.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

79.     The actionable period for this cause of action is three years prior to the filing of the Complaint through the present, and on-going until the violations are corrected or the subclass is certified.

80.     Sections 201 and 202 of the California Labor Code require Defendant to pay all compensation due and owing to former drivers in the Class during the actionable period for this cause of action, at or around the time that their employment is terminated.

81.     Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

82.     By virtue of its willful misclassification of drivers, Defendants willfully failed to pay Plaintiff and other members of the waiting time penalty Class (i.e., those members of the Class whose employment with Defendant ended the actionable period for this cause of action) who are no longer employed by Defendant for their time spent on statutory rest breaks and the other Non-Driving Tasks prior to or upon termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202.

83.     As a result, Defendants are liable to Plaintiff and other members of the waiting time penalty subclass who are no longer employed by Defendants for waiting time penalties amounting to thirty (30) days wages for Plaintiff and each such subclass member pursuant to California Labor Code § 203. See, e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

//

1

2

3

**EIGHTH CAUSE OF ACTION**
**UNFAIR COMPETITION LAW VIOLATIONS**
**(BUS. & PROF. CODE § 17200, ET SEQ.)**
**On Behalf of Plaintiff and the Class Against All Defendants**

4    84.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

5    in the preceding paragraphs.

6    85.    Section 17200 of the California Business & Professions Code prohibits any

7    unlawful, unfair, or fraudulent business practices. Business & Professions Code § 17204 allows

8    "any person who has suffered injury in fact and has lost money or property" to prosecute a civil

9    action for violation of the UCL. Such a person may bring such an action on behalf of himself and

10    others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

11    86.    Under section 17208 of the California Business and Professions Code, the statute of

12    limitations for a claim under Section 17200 is four years. Accordingly, the actionable period for

13    this cause of action is four years prior to the filing of this Complaint through the present, and on-

14    going until the violations are corrected or the Class is certified.

15    87.    Section 90.5(a) of the Labor Code states that it is the public policy of California to

16    enforce vigorously minimum labor standards in order to ensure employees are not required to work

17    under substandard and unlawful conditions, and to protect employers who comply with the law

18    from those who attempt to gain competitive advantage at the expense of their workers by failing to

19    comply with minimum labor standards.

20    88.    As a direct and proximate result of Defendants' unlawful business practices,

21    Plaintiff and the Class Members have suffered economic injuries. Defendants have profited from

22    its unlawful, unfair, and/or fraudulent acts and practices.

23    89.    Plaintiff and similarly situated Class Members are entitled to monetary relief

24    pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid wages, unpaid meal

25    and rest period premiums, and unreimbursed business expenses due and interest thereon, from at

26    least four years prior to the filing of this complaint through to the date of such restitution, at rates

27    specified by law. Defendant should be required to disgorge all the profits and gains it has reaped

28    and restore such profits and gains to Plaintiff and Class Members, from whom they were

1  unlawfully taken.

2      90.    Through its actions alleged herein, Defendant has engaged in unfair competition

3  within the meaning of section 17200 of the California Business & Professions Code, because

4  Defendant's conduct, as herein alleged has damaged Plaintiff and the Class Members by

5  wrongfully denying them wages due for their time spent on rest periods and other Non-Driving

6  Tasks, wrongfully denying them reimbursement for business expenses, and wrongfully denying

7  them missed meal and rest period premiums, and therefore was substantially injurious to Plaintiff

8  and the Class Members.

9      91.    Defendant engaged in unfair competition in violation of sections 17200 et seq. of

10  the California Business & Professions Code by violating Sections 1194 and 226.2 of the California

11  Labor Code, and Section 12 of the IWC Wage Order No. 9.

12      92.    Defendant's course of conduct, act and practice in violation of the California laws

13  mentioned above constitute independent violations of sections 17200 et seq. of the California

14  Business and Professions Code.

15      93.    Plaintiff and similarly situated Class Members are entitled to enforce all applicable

16  penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

17      94.    Plaintiff has assumed the responsibility of enforcement of the laws and public

18  policies specified herein by suing on behalf of themselves and other similarly situated Class

19  Members previously or presently employed by Defendants in California. Plaintiff's success in this

20  action will enforce important rights affecting the public interest. Plaintiff will incur a financial

21  burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys'

22  fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5, and Labor Code §

23  1194.

24  //

25  //

26  //

27  //

28

### NINTH CAUSE OF ACTION
### LABOR CODE PRIVATE ATTORNEY GENERAL ACT
### PAGA PENALTIES FOR LABOR CODE VIOLATIONS OTHER THAN
### MISCLASSIFICATION
### (Labor Code §§ 2698-2699.5; 558)
### On Behalf of Plaintiff and the Aggrieved Employees Against All Defendants

95.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

96.    Plaintiff and those members of the class who were employed by Defendants within the last year are, "aggrieved employees" under PAGA as they were employed by Defendants during the applicable statutory period and suffered the Labor Code violations alleged herein; specifically, violations of §§ 1194, 1194.2, 226.2, 226.7, 512, 201-203, and 2802 of the Labor Code. Plaintiff was employed by Defendants during the one year preceding the submission of a PAGA letter to the LDWA on or around March 13, 2018. As such, he seeks to recover, on behalf of himself and all other current and former aggrieved employees of Defendant, the civil penalties provided by PAGA.

97.    The aggrieved employees are all current and former employees of Defendants who were employed as truck drivers in California and who were misclassified as independent contractors by Defendants. These employees were not paid separately and hourly for their time spent taking rest breaks, and for their time spent on the Non-Driving Tasks, were not paid premiums for non-compliant rest breaks, did not receive missed meal period premiums, and who did not receive reimbursements for their gas mileage and other business expenses, during the period of time from one year prior to the submission of Plaintiff's letter to the LDWA on March 9, 2018 through the present and on-going.

98.    Plaintiff seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009), 46 Cal.4th 969. Therefore, class certification hereby of the PAGA claims is not required, but Plaintiff may choose to seek certification of the PAGA claims.

99.    Pursuant to Labor Code § 2699.3 (a), on March 13, 2018, Plaintiff gave written

1    notice by certified mail to Defendant, and to the Labor and Workforce Development Agency

2    ("LWDA") of his claims, including the facts and theories supporting all claims outlined in this

3    Complaint. Accordingly, Plaintiff will have fulfilled all administrative prerequisites to the pursuit

4    of his PAGA claim on behalf of himself and all other current and former aggrieved employees of

5    Defendant after 60 days have elapsed from March 13, 2018.

6    **JURY DEMAND**

7         100.    Plaintiff hereby demands trial by jury of his and the Class's claims against

8    Defendant.

9    **PRAYER FOR RELIEF**

10         Wherefore, Plaintiff, on behalf of himself and the members of the Class, pray for judgment

11    against Defendant as follows:

12         1.    An Order than this action may proceed and be maintained as a class action;

13         2.    On the First Cause of Action:

14         a.    That the Court find that Defendants violated California Labor Code §§ 226.8(a)(1)

15    by willfully misclassifying Plaintiff and Aggrieved Employees as independent contractors.

16         b.    That Plaintiff and other Aggrieved Employees be awarded penalties, at a minimum,

17    as specified in Labor Code §226.8(b).

18         c.    That the Court find, additionally, the Defendants engaged in a pattern or practice of

19    willful misclassification of Plaintiff and the Aggrieved Employees.

20         d.    That Plaintiff and other Aggrieved Employees be awarded penalties, upon a finding

21    of a pattern or practice, as specified in Labor Code § 226.8(c) in lieu of the penalties in 226.8(b).

22         e.    That the Court award attorneys' fees and costs pursuant to Labor Code §

23    2699(g)(1).

24         3.    On the Second Cause of Action:

25         a.    A declaratory judgment that Defendants violated sections 1194, 1194.2, and

26    226.2 of the California Labor Code by failing to pay Plaintiff and other members of the Class

27    hourly and separately for their time spent on statutory rest periods and the Non-Driving Tasks

28

1    during the class period;

2         b.     An award to Plaintiff and other members of the Class in the amount of their

3    unpaid wages owed to them for their time spent on statutory rest periods, plus interest and/or

4    liquidated damages during the class period;

5         c.     An award to Plaintiff and the other members of the Class in the amount of

6    their unpaid wages owed to them for their time spent on the other Non-Driving Tasks during the

7    class period, plus interest; and/or liquidated damages;

8         d.     An award to Plaintiff and the Class Members of their attorneys' fees and

9    costs of suit to the extent permitted by law, including, but not limited to, section 1194 of the

10    California Labor Code and section 1021.5 of the California Code of Civil Procedure;

11       4.     On the Third Cause of Action:

12         a.     A declaratory judgment that Defendants violated California Labor Code §

13    226.7, and Section 12 of IWC Wage Order No. 9-2001;

14         b.     Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class

15    Members for an hour of pay for each day that a paid rest period was not provided during the Class

16    Period;

17       5.     On the Fourth Cause of Action:

18         a. A declaratory judgment that Defendants violated California Labor Code

19    §226 by issuing inaccurate and/or incomplete wage statements that failed to include total hours

20    worked and all applicable hourly rates in effect during the pay period and the corresponding

21    number of hours worked at each hourly rate to Plaintiff and the wage statement and penalty

22    subclass members;

23         b. An award to Plaintiff and Class Members of $50 for each initial pay period

24    in which a violation of Section 226 occurred and $100 for each subsequent pay period in which a

25    violation of Section 226 occurred, not to exceed $4,000 for each member of the Class, as well as

26    an award of costs and reasonable attorney's fees, pursuant to Labor Code § 226(e).

27       6.     On the Fifth Cause of Action:

28

1          a.      A declaratory judgement that Defendants violated Labor Code § 2802;

2          b.      Pursuant to 2802 (a)-(c), reimbursement for all the unreimbursed business

3 related expenses including gas expenses incurred, cell phones bills, license plate registration and

4 fees, insurance expenses for operating their trucks and costs of maintenance and repairs incurred

5 by Plaintiff and the Class, plus interest and attorney's fees.

6         7.     On the Sixth Cause of Action:

7          a.      A declaratory judgment that Defendants violated California Labor Code

8 §§201 through 203;

9          b.      Pursuant to Cal. Labor Code §§ 201 through 203, an award to Plaintiff and

10 the waiting time penalty subclass members for waiting time penalties in the amount of 30 days'

11 wages per waiting time penalty subclass Class Member.

12         8.     On the Seventh Cause of Action:

13          a.      That the Court find and declare that Defendants have violated the UCL and

14 committed unfair and unlawful business practices by misclassifying Plaintiff and Class Members,

15 by failing to pay Plaintiff and Class Members on a separate and hourly basis for their rest break

16 time and time spent on Non-Driving Tasks, by failing to pay missed meal and rest break

17 premiums, and by failing to reimburse Plaintiff and the Class for all their personal cell phone

18 business-related expenses;

19          b.      Restitution, including, but not limited to, the relief permitted by sections

20 1194, 226.2, and 2802 of the California Labor Code (i.e., pay as specified for time spent on the

21 Non-Driving Tasks and time spent on rest periods and reimbursement of all business-related

22 expenses by Plaintiff and the members of the Class during the Class Period);

23         9.     On the Eighth Cause of Action:

24          a.      A civil penalty against Defendants in the amount of $100 for the initial

25 violation and $200 for each subsequent violation as specified in section 2699(f)(2) of the

26 California Labor Code for Plaintiff, the Aggrieved Employees, the members of the Wage

27 Statement during all of the pay periods in the one year preceding the filing of this Complaint

28

1 | through the present and on-going until the violations are corrected or this subclass is certified;

2 |        b.     All penalties available under Section 558 of the California Labor Code and

3 | the Labor Code Private Attorneys General Act of 2004;

4 |        c.     An award of reasonable attorney's fees against Defendants as specified in

5 | Labor Code § 2699(g)(1), for all the work performed by the undersigned counsel in connection

6 | with the PAGA claims;

7 |        d.     An award of all costs incurred by the undersigned counsel for Plaintiff in

8 | connection with Plaintiff's and Aggrieved Employees' PAGA claim against Defendants, as

9 | provided for in Labor Code § 2699(g)(1);

10 |     10.    All other relief as this Court deems proper.

11

12 | Dated: May 2, 2018               Respectfully,

13 |                              Ackermann & Tilajef, P.C.

14 |                              Melmed Law Group P.C.

15

16

17 |            By:    Craig Ackermann, Esq.

18 |                   Jonathan Melmed, Esq.
                  Counsel for Plaintiff and the Putative Class

19

20

21

22

23

24

25

26

27

28

Exhibit B

1     MEDINA McKELVEY LLP
      Brandon R. McKelvey (SBN 217002)
2     Email: brandon@medinamckelvey.com
      Timothy B. Nelson (SBN 235279)
3     Email: tim@medinamckelvey.com
      983 Reserve Drive
4     Roseville, California 95678
      Telephone: (916) 960-2211
5     Facsimile:  (916) 742-5488

6     Counsel for Defendant DC
      TRANSPORTATION SERVICES, INC., dba
7     DC TRANSPORT (also erroneously sued as
      DC TRANSPORT INC., a California
8     Transport Company and as DC TRANSPORT
      INC., a Texas Corporation)

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     COUNTY OF SACRAMENTO

| | |
|---|---|
| 12<br>13 VALERIY BYKOV, individually and on behalf of all others similarly situated, | CASE NO. 34-2018-00232383-CU-OE-GDS |
| 14         Plaintiff,<br>    v. | **DEFENDANT DC TRANSPORTATION SERVICES, INC. DBA DC TRANSPORT'S ANSWER TO COMPLAINT** |
| 15<br>16 DC TRANSPORT, INC., a California Transport Company; DC TRANSPORT, INC., a Texas Corporation; DC | |
| 17 TRANSPORTATION SERVICES, INC. dba DC TRANSPORT state of corporation | Action Filed:     May 3, 2018<br>Trial:          Not Yet Set |
| 18 unknown; and DOES 1 to 10 inclusive, | |
| 19         Defendants. | |

20

21

22

23

24

25

26

27

28



DEFENDANT DC TRANSPORTATION SEVICES, INC. DBA DC TRANSPORT'S ANSWER TO COMPLAINT

1    Defendant DC Transportation Services, Inc dba DC Transport (also erroneously sued as
2    DC Transport Inc., a California Transport Company and as DC Transport Inc., a Texas
3    Corporation) ("Defendant") hereby answers Plaintiff Valeriy Bykov's ("Plaintiff's") Class Action
4    Complaint ("Complaint") as follows:

5    **GENERAL DENIAL**

6    Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),
7    Defendant denies, generally and specifically, each and every allegation, statement, matter and
8    each purported cause of action contained in the Complaint, and without limiting the generality of
9    the foregoing, denies, generally and specifically, that Plaintiff has been damaged in the manner or
10    sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

11    **SEPARATE AND AFFIRMATIVE DEFENSES**

12    In further answer to the Complaint, and as separate and distinct defenses, Defendant
13    alleges as follows, without assuming any burden of production or proof that it otherwise would
14    not have:

15    **FIRST AFFIRMATIVE DEFENSE**
16    **(Failure to State a Claim for Which Relief Can Be Granted—All Causes of Action)**
17    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state
18    facts sufficient to constitute claims upon which relief can be granted against Defendant.

19    **SECOND AFFIRMATIVE DEFENSE**
20    **(Failure to State Facts Sufficient to Constitute Any Cause of Action—All Causes of Action)**
21    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state
22    facts sufficient to constitute any cause of action upon which relief can be granted.

23    **THIRD AFFIRMATIVE DEFENSE**
24    **(Waiver and Estoppel—All Causes of Action)**
25    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the
26    doctrines of waiver and estoppel.

27    ///

28    ///



- 2 -

1

## FOURTH AFFIRMATIVE DEFENSE

2

### (Consent—All Causes of Action)

3    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the

4 doctrine of consent.

5

## FIFTH AFFIRMATIVE DEFENSE

6

### (Statutes of Limitations—All Causes of Action)

7    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the

8 applicable statutes of limitations for each alleged cause of action, including but not limited to,

9 California Labor Code sections 9, California Code of Civil Procedure sections 312, 337, 338, 339,

10 340, and 343, and California Business and Professions Code section 17208.

11

## SIXTH AFFIRMATIVE DEFENSE

12

### (Laches—All Causes of Action)

13    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the

14 doctrine of laches, because Plaintiff exercised inexcusable delay in commencing this action.

15

## SEVENTH AFFIRMATIVE DEFENSE

16

### (Failure to Exhaust Administrative Remedies—All Causes of Action)

17    Plaintiff's Complaint, on behalf of himself and other allegedly aggrieved employees, are

18 barred by the doctrine of laches, because Plaintiff has failed to exhaust his administrative

19 remedies prior to commencing this action.

20

## EIGHTH AFFIRMATIVE DEFENSE

21

### (Failure to Mitigate Damages—All Causes of Action)

22    Plaintiff is not entitled to recover the amount of damages from Defendant as alleged in his

23 Complaint, or any damages, due to his continuous failure to make reasonable efforts to mitigate

24 or minimize the damages that he has allegedly incurred.

25 ///

26 ///

27 ///

28 ///



DEFENDANT DC TRANSPORTATION SEVICES, INC. DBA DC TRANSPORT'S ANSWER TO COMPLAINT

**NINTH AFFIRMATIVE DEFENSE**

**(Ratification—All Causes of Action)**

Plaintiff is precluded from pursuing his Complaint and each cause of action alleged in it because he failed to act upon the knowledge available to him, thereby ratifying the conduct of Defendant he complaints of.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands—All Causes of Actions)**

Plaintiff is precluded from maintaining the Complaint, and each purported cause of action alleged therein, because Plaintiff engaged in conduct showing unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Penalty—All Causes of Action)**

Plaintiff, and the allegedly aggrieved employees he seeks to represent, are not entitled to any penalty award under any section of the California Labor Code because, at all relevant and material times Defendant did not willfully, knowingly, or intentionally fail to comply with the compensation provisions of the California Labor Code, Cal. Labor Code §§ 200 et seq., 500 *et seq.* and 1198, but rather acted in good faith and had reasonable grounds for believing that they did not violate the compensation provisions of the California Labor Code, Cal. Lab. Codes §§ 200 *et seq.*, 500 *et seq.* and 1198.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Conduct Reasonable and in Good Faith/Not Wilful—All Causes of Action)**

To the extent a court holds that Plaintiff or other allegedly aggrieved employees are entitled to damages or penalties, which is specifically denied, Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that they had complied fully with California wage and hours laws.  Consequently, Defendant's conduct was not knowing or willful within the meaning of the California Labor Code.

///

///

///

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Doctrine—All Causes of Action)

Plaintiff's claims, on behalf of himself and other allegedly aggrieved individuals, fail to the extent that, even if Plaintiff has suffered damage, such damage is *de minimis* and therefore, not compensable as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction/Release—All Causes of Action)

Plaintiff's claims are barred, in whole or in part, pursuant to an accord and satisfaction and/or are barred to the extent that Plaintiff or any other allegedly aggrieved individual have entered into or are otherwise bound by compromise, settlement or release agreements regarding those claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Penalties Unconstitutional—All Causes of Action)

Plaintiff and the other allegedly aggrieved individuals he seeks to represent are not entitled to any penalty award under the California Labor Code to the extent that the penalty provisions of Labor Code sections 212, 225.5, 226, and 2698 *et seq.* establish penalties that are mandatory and are disproportionate to any damage or loss incurred as a result of Defendant's alleged conduct, and therefore are unconstitutional under the 8th Amendment of the United States Constitution and Article I section VII of the California Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Other Actions—All Causes of Action)

Plaintiff's claims, on behalf of himself and other allegedly aggrieved individuals, are barred by the doctrines of res judicata and/or collateral estoppel to the extent that Plaintiff or any other allegedly aggrieved individual have asserted and adjudicated in any prior legal or administrative proceeding claims at issue in this litigation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Attorneys' Fees—All Causes of Action)

Plaintiff's claims, on behalf of himself and other allegedly aggrieved individuals, fail to

- 5 -

state a claim for attorneys' fees under the California Code of Civil Procedure, the Labor Code, or any other statutory basis.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(No Unlawful, Unfair or Fraudulent Business Practice—All Causes of Action)**

Without admitting the allegations of the Complaint, Defendant alleges that Plaintiff's Complaint, and each purported cause of action alleged therein, fails because the alleged practices of Defendant are not unfair, unlawful or fraudulent, the public is not likely to be deceived by any alleged practices, Defendant gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Lack of Standing—All Causes of Action)**

Plaintiff does not have standing to pursue some or all of the claims he purports to assert on behalf of others or a class including, but not limited to, any claims for declaratory relief, civil penalties and damages under the California Labor Code, including, but not limited to, §§ 212, 225.5, 226, and 2699 because, inter alia, Plaintiff, has not suffered any injury in fact or lost money or property as a result of any unfair competition, and/or no penalties are available under the statutes Plaintiff sues upon.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Lack of Standing Under Proposition 64—Eighth Cause of Action)**

The eighth cause of action in Plaintiff's Complaint fails to the extent that Plaintiff, or any person upon whose behalf Plaintiff purports to act, lacks the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code Section 17204.  Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200 *et seq.*, must show that he has suffered an injury in fact, in addition to simply alleging a loss of money or property.  Since Plaintiff, or any other person on whose behalf Plaintiff purports to act, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

1

2

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law—All Causes of Action)**

3

4

Plaintiff is not entitled to the equitable relief sought insofar as he has an adequate remedy at law.

5

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

6

**(Lack of Injury to Establish Alleged Wage Statement Violation—Sixth Cause of Action)**

7

8

9

Plaintiff's Complaint fails to the extent that Plaintiff cannot show that he or any putative member of the purported class suffered the requisite injury to establish an alleged violation of California Labor Code section 226.

10

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

11

**(Offset—All Causes of Action)**

12

13

14

Defendant is entitled to an off-set for any overpayments of wages it provided for work never actually performed, any damages incurred by Plaintiff's acts or omissions, inadvertent overpayment for hours worked, and payments of all wages earned.

15

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

16

**(Claims Unsuitable for Class Certification—All Causes of Action)**

17

18

Plaintiff's claims are unsuitable for class certification pursuant to California Code of Civil Procedure § 382 or Rule 23 of the Federal Rules of Civil Procedure.

19

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

20

**(Claims Unsuitable for Class Certification (No Common Claims)—All Causes of Action)**

21

22

Defendant alleges that Plaintiff does not have any claims common to any other putative class member, rendering him unsuitable as a class representative.

23

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

24

**(No Knowledge Denial of Meal or Rest Periods—Third and Fourth Causes of Action)**

25

26

27

The third and fourth causes of action in Plaintiff's Complaint are barred to the extent that Defendant did not have actual or constructive knowledge that Plaintiff or any other purportedly similarly situated individuals were denied any meal or rest periods. *See, e.g., Brinker v.*

28

*///*

- 7 -



*Superior Court*, 53 Cal. 4th 1004, 1051–52 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981); *Davis v. Food Lion*, 792 F.2d 1274, 1276–77 (4th Cir. 1986).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Show Denial of Meal Periods—Fourth Cause of Action)

The fourth cause of action in Plaintiff's Complaint is barred to the extent that Plaintiff cannot allege facts that show that Defendant required Plaintiff or any other putative class member to work during any meal period mandated by California Labor Code section 512. Plaintiff also cannot show that Defendant required Plaintiff or any other putative class member to work in violation of any applicable order of the California Industrial Welfare Commission, or failed to provide them with a meal period, or denied them meal periods, in accordance with any applicable order of the California Industrial Welfare Commission, as provided under California Labor Code section 226.7.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Show Denial of Rest Periods—Third Cause of Action)

The third cause of action in Plaintiff's Complaint is barred to the extent that Plaintiff cannot allege facts that show that Defendant failed to authorize and permit rest periods or denied him rest periods as mandated by any applicable order of the California Industrial Welfare Commission, as provided under California Labor Code section 226.7.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Meal And Rest Periods Were Taken—Third and Fourth Causes of Action)

The third and fourth causes of action in Plaintiff's Complaint are barred to the extent that Plaintiff and any putative member of the purported class did, in fact, take all meal periods or rest breaks to which Plaintiff claims they were entitled.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Meal Periods Were Provided and Rest Periods Were Authorized and Permitted—

### Third and Fourth Causes of Action)

The third and fourth causes of action in Plaintiff's Complaint fail to state a basis upon which relief can be granted because Defendant, at all relevant times, posted the applicable Wage

Order and had policies and practices that provided meal periods and authorized and permitted rest periods as required by law.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**Waiver of Meal Periods—Fourth Cause of Action)**

The fourth cause of action in Plaintiff's Complaint is barred because Defendant provided Plaintiff and other putative class members with meal periods but Plaintiff and other putative class members waived their opportunity to take meal periods.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Waiver of Rest Periods—Third Cause of Action)**

The third cause of action in Plaintiff's Complaint is barred because Defendant authorized and permitted Plaintiff and other putative class members to take rest periods but Plaintiff and other putative class members waived their opportunity to take rest periods.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Show Lack of Immediate Payment of Wages Upon Discharge or Layoff— Seventh Cause of Action)**

The seventh cause of action in Plaintiff's Complaint is barred to the extent that Plaintiff has failed to allege that he was discharged from employment by Defendant and did not receive all accrued wages at the time of discharge pursuant to California Labor Code section 201.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Show Lack of Payment of Wages Upon Resignation—Seventh Cause of Action)**

The seventh cause of action in Plaintiff's Complaint is barred to the extent that Plaintiff has failed to show that he did not receive payment of wages no later than 72 hours after providing notice of his resignation, as provided under California Labor Code section 202.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Show Entitlement to Waiting Time Penalties—Seventh Cause of Action)**

The seventh cause of action in Plaintiff's Complaint is barred to the extent that Plaintiff has failed to show that Defendant did not pay all accrued wages within the time required following any discharge, or voluntary resignation of employment by Plaintiff or any putative

- 9 -



member of the purported class.  Plaintiff, therefore, cannot pursue claims for alleged "waiting time" penalties under California Labor Code section 203.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Good Faith Dispute and Waiting Time Penalties—Seventh Cause of Action)**

The seventh cause of action in Plaintiff's Complaint fails to state a claim for waiting time penalties because there was a good faith dispute as to whether such penalties were due and some members of the purported class did not resign or were not discharged prior to the filing of this action and/or to the extent that no such penalties can continue after the commencement of an action for the penalties.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(Expenses Not Reasonable and Necessary—Fifth Cause of Action)**

Plaintiff's fifth cause of action fails because the expenses claimed by Plaintiff or any purportedly similarly situated individual are not reasonable and necessary.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Expenses Not Incurred in Direct Consequence of Discharge of Duties—**

**Fifth Cause of Action)**

Plaintiff's fifth cause of action fails because the expenses claimed by Plaintiff or any purportedly similarly situated individual were not incurred in direct consequence of the discharge of his or her duties, or of his or her obedience to Defendant's directions.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

**(Excuse—All Causes of Action)**

Plaintiff's claims and those of the putative members of the purported class defined in the Complaint are barred in whole or in part because Defendant's acts and/or omissions were excused.

### FORTIETH AFFIRMATIVE DEFENSE

**(Satisfaction of Duty—All Causes of Action)**

Defendant satisfied, fulfilled and performed each and every obligation and duty imposed by law or contract to the full extent of their responsibility.



**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Parol Evidence Rule—All Causes of Action)**

Plaintiff's Complaint, and each cause of action therein, is barred by the parol evidence rule, as set forth in California Code of Civil Procedure section 1856 and judicial authority.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Lack of Consideration—All Causes of Action)**

Plaintiff's Complaint, and each of action therein, is barred because the alleged contract lacked consideration.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Statute of Frauds—All Causes of Action)**

Plaintiff's Complaint, and each of action therein, is barred by the provisions of California Civil Code section 1624.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Perform—All Causes of Action)**

Plaintiff's Complaint, and each of action therein, is barred by Plaintiff's or applicable third parties' failure to perform under the alleged contract.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Material Breach of Contract—All Causes of Action)**

Plaintiff's Complaint, and each of action therein, is barred because Plaintiff and/or applicable third parties materially breached the alleged contract(s).

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Retroactive Effect/Due Process/Violation of Public Policy—All Causes of Action)**

Plaintiff's Complaint, and each of action therein, is barred because the *Dynamex* case on which it relies for its misclassification theory has no retroactive effect and to assert it retroactively here would violate due process as well as all other controlling legal, equitable, and public policy principles.

///

///



- 11 -

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Preemption—All Causes of Action)

Plaintiff's Complaint, and each of action therein, is barred because all claims and causes of action asserted are preempted by controlling federal statutes and regulations.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Extraterritoriality—All Causes of Action)

Plaintiff's Complaint, and each of action therein, is barred or the damages at issue limited, because work performed for Defendant, if any, was performed outside the state of California and are not subject to California's wage and hour laws under extraterroriality principles, which issue is presently pending before the United States Supreme Court.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (FAAAA Preemption—All Causes of Action)

Plaintiff's Complaint, and each of action therein, is barred because all claims and causes of action asserted are preempted by the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. section 14501 *et seq.*

## FIFTIETH AFFIRMATIVE DEFENSE

### (Right to Raise Other Defenses)

Defendant hereby gives notice that they intend to reply upon such other and further affirmative defenses as may become available during discovery in this action and Defendant reserves the right to amend this Answer to assert any such defenses.

///
///
///
///
///
///
///
///

- 12 -



**PRAYER**

Wherefore, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by his Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.    That Defendant be awarded reasonable attorneys' fees according to proof;

4.    That Defendant be award the costs of suit incurred herein;

5.    That Defendant be award such other and further relief as the Court may deem appropriate.


Dated:  June 7, 2018                    MEDINA McKELVEY LLP

                                        By:_____
                                        TIMOTHY B. NELSON
                                        Attorneys for Defendant DC
                                        TRANSPORTATION SERVICES, INC.,
                                        dba DC TRANSPORT (also erroneously
                                        sued as DC TRANSPORT INC., a California
                                        Transport Company and as DC
                                        TRANSPORT INC., a Texas Corporation)

1

**PROOF OF SERVICE**

2

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Medina McKelvey LLP, 983 Reserve Drive, Roseville, California 95678. On June 7, 2018, I served the following document(s):

3

4

**DEFENDANT DC TRANSPORTATION SERVICES, INC. DBA**
**DC TRANSPORT'S ANSWER TO COMPLAINT**

5

     (BY EMAIL) I caused an email to be sent to the email address listed below.

6

7

     (BY OVERNIGHT DELIVERY) I place each such sealed envelope, with delivery fees provided for, for collection and overnight delivery at Medina McKelvey LLP, Roseville, California, following ordinary business practices. I am readily familiar with the practice of Medina McKelvey LLP's collection and processing of correspondence for overnight delivery, said practice being that in the ordinary course of business, correspondence is deposited in the facility regularly maintained by the express services carrier the same day as it is placed for collection.

8

9

10

11

**X**   **(BY U.S. MAIL)** I placed the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Roseville, California as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13

14

15

16

     (BY PERSONAL SERVICE) I caused the document(s) listed above to be personally delivered to the party(ies) at the address(es) listed below via Nationwide Attorney Service.

17

18

| | |
|---|---|
| Craig J. Ackermann, Esq. | Jonathan Melmed, Esq. |
| cja@ackermanntilajef.com | jm@melmedlaw.com |
| Ackermann & Tilajef, PC | James M. Treglio, Esq. |
| 1180 South Beverly Drive, Suite 610 | jt@melmedlaw.com |
| Los Angeles, CA 90035 | Melmed Law Group P.C. |
| Telephone: (310) 277-0614 | 1180 South Beverly Drive, Suite 610 |
| Facsimile: (310) 277-0635 | Los Angeles, California 90035 |
| *Attorney for Plaintiff Valeriy Bykov* | *Attorneys for Plaintiff Valeriy Bykov* |

19

20

21

22

23

     I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

24

25

     Executed on June 7, 2018, at Roseville, California.

26

_____
Samantha Shapiro

27

28

DEFENDANT DC TRANSPORTATION SEVICES, INC. DBA DC TRANSPORT'S ANSWER TO COMPLAINT