# EXHIBIT A

DocuSign Envelope ID: 69D4011E-EC06-42C5-A28D-93E8D170BD69


**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

VALERIY BYKOV, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DC TRANSPORT, INC., a California Transport Company; DC TRANSPORT, INC., a Texas Corporation; DC TRANSPORTATION SERVICES, INC., dba DC TRANSPORT, state of corporation unknown; and DOES 1 to 10 inclusive.

Defendants.

Case No. 2:18-cv-01691-TLN-DB

**JOINT STIPULATION OF SETTLEMENT AND RELEASE OF CLASS ACTION**

DocuSign Envelope ID: 69D4011E-EC06-42C5-A28D-93E8D170BD69



Alexander M. Medina (SBN 222015)
alex@medinamckelvey.com
Timothy B. Nelson (SBN 235279)
tim@medinamckelvey.com
**MEDINA McKELVEY LLP**
983 Reserve Drive
Roseville, California 95678
Telephone: (916) 960-2211
Facsimile: (916) 742-5488

*Attorneys for Defendants*

Craig J. Ackermann (SBN 229832)
cja@ackermanntilajef.com
**ACKERMANN & TILAJEF, P.C.**
1180 S. Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

Jonathan Melmed (SBN 290218)
jm@melmedlaw.com
**MELMED LAW GROUP P.C.**
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 824-3828
Facsimile: (310) 862-6851

*Attorneys for Plaintiff and the Putative Class*

This Joint Stipulation of Settlement and Release of Class Action ("Stipulation") is made and entered into by Plaintiff Valeriy Bykov ("Plaintiff"), individually and as a representative of the Settlement Class, as defined below on the one hand, and DC Transport, Inc., DC Transportation Services, Inc., dba DC Transport ("Defendants") on the other hand (Plaintiff and Defendant are collectively referred to herein as "the Parties"). This Stipulation is subject to the approval of the Court, pursuant to Federal Rule of Civil Procedure 23, and is made for the sole purpose of attempting to consummate settlement of the Action on a class-wide basis subject to the following terms and conditions. As detailed below, in the event the Court does not enter an order granting final approval of the Class Settlement, as defined below, or the conditions precedent are not met for any reason, this Stipulation is void and of no force or effect whatsoever.

**I. DEFINITIONS**

As used in this Stipulation, the following terms shall have the meanings specified below. To the extent terms or phrases used in this Stipulation are not specifically defined below, but are defined elsewhere in this Stipulation, they are incorporated by reference into this definition section.

**1. Action.** "Action" shall mean the following civil action: *Valeriy Bykov v. DC Transport, Inc., et al.,* Eastern District of California Case No. 2:18-cv-01691-TLN-DB, which was originally filed on May 3, 2018 in Sacramento County Superior Court (Sacramento County Case Number 34-2018-00232383) and was removed to the United States District Court, Eastern District of California on June 8, 2018.

**2. Administrative Expenses**. "Administrative Expenses" shall include all costs and expenses associated with and paid to the third party Settlement Administrator, which are anticipated not to exceed $10,000.00.

**3. Claims**. "Claims" shall mean the claims asserted in the operative Complaint filed on May 3, 2018, which are Defendants' alleged violations of California Labor Code sections 201, 202, 203, 226.2, 226.7, 226.8, 512, 1194, 1194.2, 1197, 2802, and IWC Wage Order No. 9, sections 11 and 12, as well as claims for penalties under California Labor Code section 2699, and claims under Section 17200 of the California Business & Professions Code.

**4. Class or Settlement Class.** "Class" or "Settlement Class" shall mean "*Plaintiff and all other California residents who work or worked as truck drivers and who are or have been classified as*

DocuSign Envelope ID: 69D4011E-EC06-42C5-A28D-93E8D170BD69


*independent contractors by Defendants from March 9, 2017 through the date of preliminary approval*." Defendant has represented that the Settlement Class consists of approximately 92 Class Members.

**5.** **Class Counsel**. "Class Counsel" shall mean Craig J. Ackermann of Ackermann & Tilajef, P.C., and Jonathan Melmed of Melmed Law Group P.C.

**6.** **Class Attorney Fees and Expenses**. "Class Attorney Fees and Expenses" shall mean Class Counsel's attorney fees and expenses as set forth in Section IV, Paragraph 6.

**7.** **Class Member or Settlement Class Member**. "Class Member" or "Settlement Class Member" shall mean any person who is a member of the Settlement Class, or, if such person is incompetent or deceased, the person's legal guardian, executor, heir or successor-in-interest.

**8.** **Class Notice**. "Class Notice" shall mean the Notice of Proposed Class Action Settlement and Hearing Date for Court Approval, as set forth in the form of **Exhibit 1** attached hereto, or as otherwise approved by the Court, which is to be mailed to Class Members along with the Share Form.

**9.** **Share Form.** "Share Form" shall mean the Share Form, as set forth in the form of **Exhibit 2** attached hereto, or as otherwise approved by the Court, which is to be mailed to Class Members along with the Class Notice.

**10.** **Class Participants.** "Class Participants" shall mean any and all Class Members who do not timely OptOut of the Class Settlement.

**11.** **Class Period.** "Class Period" shall mean the period from May 3, 2014 through the date of preliminary approval.

**12.** **Class Representative.** "Class Representative" shall mean Plaintiff Valeriy Bykov.

**13.** **Class Settlement.** "Class Settlement" shall mean the settlement embodied in this Stipulation, which is subject to Court approval.

**14.** **Complaint.** "Complaint" shall mean the Complaint filed in Sacramento County Superior Court on May 3, 2018, Case Number 34-2018-00232383.

**15.** **Court.** "Court" shall mean the United States District Court, Eastern District of California.

**16.** **Defense Counsel.** "Defense Counsel" shall mean Alexander M. Medina and Timothy B. Nelson of Medina McKelvey LLP, 983 Reserve Drive, Roseville, California 95678.

///

**17. Effective Date.** "Effective Date" shall be the date when all of the following events have occurred: (a) this Stipulation has been executed by all Parties and by Class Counsel and Defense Counsel; (b) the Court has given preliminary approval to the Settlement; (c) notice has been given to the Settlement Class Members providing them with an opportunity to Opt-Out of the Class Settlement; (d) the Court has held a Final Approval and Fairness Hearing and entered a final order and judgment certifying the Class and approving this Stipulation; and (e) the later of the following events: the expiration of the period for filing any appeal, writ, or other appellate proceeding opposing the Class Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; or the dismissal of any appeal, writ, or other appellate proceeding opposing the Class Settlement with no right to pursue further remedies or relief; or any appeal, writ, or the issuance of such other final appellate order upholding the Court's final order with no right to pursue further remedies or relief. In this regard, it is the intention of the Parties that the Class Settlement shall not become effective until the Court's order approving the Class Settlement is completely final and there is no further recourse by an appellant or objector who seeks to contest the Class Settlement. In the event no objections are filed, the Effective Date shall be after steps (a) through (d) are completed.

**18. Employee's Taxes and Required Withholding.** "Employee's Taxes and Required Withholding" shall mean the employee's share of any and all applicable federal, state, or local payroll taxes, including those collected under authority of the Federal Insurance Contributions Act ("FICA"), FUTA, and/or SUTA on the portion of any Class Participant's Individual Settlement Amount that constitutes wages as set forth in section IV, paragraph 4. The Employee's Taxes and Required Withholdings will be withheld from and paid out of the Net Settlement Amount.

**19. Employer's Taxes.** "Employer's Taxes" shall mean and refer to Defendant's share of payroll taxes (e.g., UI, ETT, Social Security, and Medicare taxes) that is owed on the portion of any Class Participant's Individual Settlement Amount that constitutes wages as set forth in section IV, paragraph 4. Since no portion of Class Participants' Individual Settlement Amounts constitute wages, there shall be no employer or payroll taxes.

**20. Final Approval and Fairness Hearing.** "Final Approval and Fairness Hearing" shall mean the final hearing held to ascertain the fairness, reasonableness, and adequacy of the Class Settlement.

21. **Defendants.** "Defendants" shall mean DC Transportation Services, Inc., dba DC Transport and DC Transport, Inc.

22. **Hearing on Preliminary Approval.** "Hearing on Preliminary Approval" shall mean the hearing held on the motion for preliminary approval of the Class Settlement.

23. **Individual Settlement Amount.** "Individual Settlement Amount" shall mean the amount that is ultimately distributed to each Class Participant, net of any Employee's Taxes and Required Withholdings.

24. **Plaintiff.** "Plaintiff" shall mean the named Plaintiff Valeriy Bykov.

25. **Net Settlement Amount.** "Net Settlement Amount" shall mean the Gross Settlement Amount minus Administrative Expenses, Class Attorney Fees and Expenses, 75% of the PAGA Payment payable to the California Labor and Workforce Development Agency ("LWDA"), and Plaintiff's Incentive Award.

26. **Opt-Out(s).** "Opt-Out(s)" shall mean any and all persons who timely and validly request exclusion from the Class Settlement in accordance with the terms of the Class Notice and no later than the Response Deadline.

27. **Parties.** "Parties" shall mean Plaintiff and Defendants.

28. **Payment Date.** Payment Date shall be the date by which Defendants shall make the payment of the Gross Settlement Amount to the Court-appointed settlement administrator. The Payment Date shall be 10 calendar days after the Preliminary Approval Date.

29. **Preliminary Approval Date.** "Preliminary Approval Date" shall mean the date upon which the Court enters an order preliminarily approving this Stipulation.

30. **Released Claims.** "Released Claims" shall mean all claims alleged in the operative Complaint, including claims under Labor Code sections 201–203, 226.2, 226, 226.7, 226.8, 512, 1194, 1194.2, 1197, 2802, 2699, *et seq.*, Industrial Welfare Commission Wage Order No. 9, sections 11 and 12, and claims under sections 17200–17204 of the California Business and Professions Code based on the foregoing.

It is understood and agreed that this Stipulation will not release any person, party, or entity from claims, if any, by Class Members (other than Plaintiff, except as described below) for workers

DocuSign Envelope ID: 69D4011E-EC06-42C5-A28D-93E8D170BD69


compensation, unemployment, or disability benefits of any nature, nor does it release any claims, actions, or causes of action that may be possessed by Class Members (other than Plaintiff) under state or federal discrimination statutes, including, without limitation, the Cal. Fair Employment and Housing Act, the Cal. Government Code § 12940 *et seq.*; the Unruh Civil Rights Act, the Cal. Civil Code §51 *et seq.*; the California Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*; the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*.; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; and all of their implementing regulations and interpretive guidelines.

**31.** **Released Parties.** "Released Parties" shall mean DC Transportation Services, Inc., dba DC Transport and all of its current or former parents, franchisors, successors, predecessors, affiliates, subsidiaries, or related entities, as well as its current or former owners, officers, directors, attorneys, agents, employees, shareholders, managers, insurers, beneficiaries, assigns, etc.

**32.** **Response Deadline**. "Response Deadline" shall mean the date thirty (30) days following the date on which the Settlement Administrator first mails Class Notice to the Settlement Class Members.

**33.** **Incentive Award.** "Incentive Award" shall mean any additional monetary payment provided to the Class Representative for his efforts and risks on behalf of the Settlement Class in this Action.

**34.** **PAGA Payment.** "PAGA Payment" means the penalties pursuant to California Labor Code sections 2698 *et seq.*, the Labor Code Private Attorneys General Act of 2004 ("PAGA"), that the Parties have agreed is a reasonable sum to be paid in settlement of the PAGA claims included in the Action, which is $10,000.00. The PAGA Payment is to be approved by the Court pursuant to Labor Code section 2699 and is to be distributed as follows: seventy-five percent (75%) (i.e., $7,500) to the LWDA and twenty-five percent (25%) (i.e., $2,500) to the Class Participants. Class Counsel shall give timely notice of the Class Settlement to the LWDA under Labor Code section 2699(l)(2).

**35.** **Settlement.** "Settlement" shall mean the settlement between the Parties, which is memorialized in this Stipulation and subject to approval by the Court.

///

///

**36.** **Settlement Administrator.** "Settlement Administrator" shall mean CPT Group, Inc., or Rust Consulting, which the Parties have agreed will be responsible for administration of the Settlement and related matters.

**37.** **Gross Settlement Amount.** "Gross Settlement Amount" is the agreed upon non-reversionary settlement amount totaling $475,000.00 to be paid by Defendants in full settlement of the Released Claims asserted in this case, including the Administrative Expenses, Employee's Taxes and Required Withholdings, Class Attorney Fees and Expenses, Incentive Award, and PAGA Payment. Defendants shall separately pay its share of the Employer's Taxes in addition to the Gross Settlement Amount. The Gross Settlement Amount shall be paid by the Payment Date. The Payment Date shall be 10 calendar days after the Preliminary Approval Date.

**38.** **Stipulation.** "Stipulation" shall mean this Joint Stipulation of Settlement and Release of Class Action, including any attached exhibits.

## II. FACTUAL AND PROCEDURAL BACKGROUND OF ACTION

**1.** **Plaintiff's Claims.** On behalf of himself and the Settlement Class, Plaintiff filed a complaint in Sacramento County Superior Court on May 3, 2018 (Case Number 34-2018-00232383), alleging the following causes of action: (1) willful misclassification of Plaintiff and his fellow drivers as independent contractors (Cal. Labor Code § 226.8); (2) failure to pay separately and on an hourly basis for time spent on statutory rest breaks and on their pre- and post-trip inspections, loading/unloading time, time spent cleaning trucks, time spent fueling trucks and on time spent on work-related paperwork (collectively referred to as "Non-Driving Tasks") (Cal. Labor Code §§ 1194, 1194.2); (3) failure to provide paid rest periods and pay missed rest period premiums (Cal. Labor Code § 226.7; IWC Wage Order No. 9); (4) failure to provide meal periods and pay missed meal period premiums (Cal. Labor Code §§ 226.7, 512); (5) failure to reimburse business expenses (Cal. Labor Code § 2802); (6) failure to provide complete wage statements (Cal. Labor Code § 226 and 226.2); (7) failure to pay all wages due to former employees based on the foregoing (Cal. Labor Code § 201 – 203); (8) derivative UCL violations based on the foregoing(Cal. Bus. & Prof. Code §§ 17200-17204); and (9) PAGA and other penalties (Cal. Labor Code § 2688, *et seq*.) based on the foregoing. Defendants filed an Answer to Plaintiff's Complaint on June 7, 2018, wherein Defendants denied all of the allegations in Plaintiff's Complaint. Defendants removed

Plaintiff's case to the United States District Court, Eastern District of California, on June 8, 2018 (Case Number 2:18-cv-01691-TLN-DB).

2. **Discovery, Investigation, Motion Practice, and Research.** Class Counsel has conducted significant discovery during the prosecution of the Action. This discovery, investigation, and prosecution has included, among other things, (a) over a dozen telephonic conferences with Plaintiff; (b) inspection and analysis of informal discovery documents and data produced by Plaintiff and Defendants; (c) analysis of the legal positions taken by Defendants; (d) investigation into the viability of class treatment of the claims asserted in the Action; (e) analysis of potential class-wide damages, including information sufficient to understand Defendants' potential defenses to Plaintiff's claims; (f) research of the applicable law with respect to the claims asserted in the Complaint and the potential defenses thereto; and (g) assembling and analyzing of data for calculating damages. In addition, the Parties have determined that the estimated size of the Settlement Class is approximately 92 Class Members.

The Class Representative has vigorously prosecuted this case, and Defendants have vigorously contested it. The Parties have engaged in sufficient investigation and discovery to assess the relative merits of the claims of the Class Representative and of Defendantss' defenses to them.

Moreover, this Settlement was only reached after arms' length negotiations between Plaintiff's counsel and Defendants' counsel. The Parties attended a full day of mediation on November 12, 2018 with Frances "Tripper" Ortman, and this Settlement was reached after a full day of mediation with Mr. Ortman. Furthermore, the reasonableness of this settlement, in light of Defendants' present financial condition, was affirmed through the independent analysis of retired bankruptcy judge Mitchell Goldberg, who reviewed numerous financial documents of Defendants and opined in a sworn declaration that the settlement amount was reasonable under the circumstances.

3. **Allegations of the Class Representative and Benefits of Class Settlement.** The extensive discovery conducted in this matter, as well as discussions between counsel, have been adequate to give the Class Representative and Class Counsel a sound understanding of the merits of their positions and to evaluate the worth of the claims of the Settlement Class. The discovery conducted in this Action and the information exchanged by the Parties through discovery and settlement discussions are sufficient

///

DocuSign Envelope ID: 69D4011E-EC06-42C5-A28D-93E8D170BD69


to reliably assess the merits of the Parties' respective positions and to compromise the issues on a fair and equitable basis.

Plaintiff and Class Counsel believe that the claims, causes of action, allegations and contentions asserted in the Action have merit. However, Plaintiff and Class Counsel recognize and acknowledge the expense and delay of continued lengthy proceedings necessary to prosecute the Action against Defendants through trial and through appeals. Class Counsel has taken into account the uncertain outcome of the litigation, the risk of continued litigation in complex actions such as this, as well as the difficulties and delays inherent in such litigation, and the potential difficulty of obtaining certification of the Action as well as trying the claims of the class. Class Counsel is mindful of the potential problems of proof under, and possible defenses to, the claims alleged in the Action.

Class Counsel believes that the Settlement set forth in this Stipulation confers substantial benefits upon Plaintiff and the Settlement Class Members and that an independent review of this Stipulation by the Court in the approval process will confirm this conclusion. Based on their own independent investigation and evaluation, Class Counsel has determined that the Settlement set forth in the Stipulation is in the best interests of Plaintiff and the Settlement Class Members.

**4.** **Defendants' Denials of Wrongdoing and Liability**. Defendants deny and continue to deny each and all of the allegations, claims, and contentions alleged by Plaintiff in the Action. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged in the Action. Defendants contend that they complied in good faith with California and federal wage and hour laws and have dealt legally and fairly with Plaintiff and Settlement Class Members. Defendants further deny that, for any purpose other than settling this Action, these claims are appropriate for class or representative treatment. Nonetheless, Defendants have concluded that further proceedings in the Action would be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation in order to dispose of burdensome and protracted litigation, to permit the operation of Defendants' business without further expensive litigation and the distraction and diversion of its personnel with respect to matters at issue in the Action. Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action.

Defendants have, therefore, determined that it is desirable and beneficial to it that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

**5. <u>Intent of the Class Settlement</u>.** The Class Settlement set forth herein intends to achieve the following: (1) entry of an order approving the Class Settlement; (2) entry of judgment of the Action; (3) discharge of Released Parties from liability for any and all of the Released Claims; and (4) discharge of Plaintiff from liability for any and all claims arising out of the Action.

## III. CONDITIONAL CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

**1. <u>The Settlement Class</u>**. For the purposes of this Stipulation and the Class Settlement of this Action only, the Parties stipulate to conditional class certification of the Settlement Class. Defendants' counsel believes this conditional certification is appropriate because the Released Claims are being compromised without need to establish the elements of those claims on which liability turns.

**2. <u>Appointment of Class Counsel</u>**. For purposes of this Stipulation only and subject to the Court's approval, the Parties hereby stipulate to the appointment of Class Counsel as counsel for the Class and the effectuation of the Class Settlement pursuant to this Stipulation.

## IV. CLASS SETTLEMENT CONSIDERATION

**1. <u>Settlement Amount</u>.** The Parties agree to settle this Action for the Gross Settlement Amount of $475,000.00. There shall be no reversion to Defendants. The Gross Settlement Amount and other actions and forbearances taken by Defendants shall constitute adequate consideration for the Class Settlement and will be made in full and final settlement of: (a) the Released Claims, (b) Class Attorney Fees and Expenses, (c) Administrative Expenses, (d) Incentive Award, (e) PAGA Payment; and (f) any other obligation of Defendants under this Stipulation (other than the Employer's Taxes on the portion of the Net Settlement Amount allocated to the payment of wages). After the court issues an order preliminarily approving this Class Settlement, the Settlement Administrator will distribute the Class Notice to the Settlement Class Members, which shall describe the terms of the Class Settlement and procedures to opt out, object or participate in the Class Settlement as well as the Share Form, which shall identify the Settlement Class Member, the pay periods worked by each Settlement Class Member, as well as the estimated amount of the Individual Settlement Amount the Settlement Class Member can expect to

receive once the Class Settlement becomes Effective. Settlement Class Members shall be given the opportunity to challenge the information regarding their pay periods worked.

Further, Defendants shall make the payment of the Gross Settlement Amount to the Court-appointed settlement administrator within 10 calendar days after the Preliminary Approval Date.

**2. <u>Incentive Award for Plaintiff</u>.** Plaintiff may petition the Court to approve an Incentive Award in an amount up to $10,000.00 for Plaintiff's efforts on behalf of the Settlement Class in this Action, including assisting in the investigation and consulting with Class Counsel and providing crucial documents to Class Counsel. Defendants shall not oppose any request by Plaintiff for an Incentive Award in such an amount. Any Incentive Award approved by the Court shall be paid to Plaintiff from the Gross Settlement Amount and shall be in addition to any distribution to which he may otherwise be entitled as a Class Participant. The Incentive Award shall not be considered wages, and the Settlement Administrator shall issue Plaintiff an IRS Form 1099 reflecting such payment. Plaintiff shall be responsible for the payment of any and all taxes with respect to his Incentive Award and shall hold Defendants harmless from any and all liability with regard thereto.

**3. <u>Payment to Class Participants</u>.** Each Class Participant shall be eligible to receive payment of the Individual Settlement Amount, which is a share of the Net Settlement Amount based on the pro rata number of weeks worked by the Settlement Class Members during the Class Period as a proportion of all weeks worked by all Settlement Class Members. The Individual Settlement Amount for each Settlement Class Member shall be calculated in accordance with section VII, paragraph 2. Each Class Participant, including Plaintiff, shall be responsible for the payment of the Employee's Taxes and Required Withholding with respect to his or her Individual Settlement Amount and shall hold Defendants harmless from any and all liability with regard thereto.

**4. <u>Tax Treatment and Payment</u>.** For the purpose of calculating Employee's Taxes and Required Withholding for the Individual Settlement Amounts for Class Participants (including any payments to the Class Representative but exclusive of his Incentive Award), the Parties agree that 100% of each Individual Settlement Amount shall constitute penalties and interest (and each Class Participant will be issued an IRS Form 1099 for such payment to him or her). The Parties understand that Plaintiff

///

DocuSign Envelope ID: 69D4011E-EC06-42C5-A28D-93E8D170BD69


and the Class Participants who receive any payment pursuant to this Stipulation shall be solely responsible for any and all other individual tax obligations associated with this Class Settlement.

**5.** **No Effect on Employee Benefit Plans.** Neither the Class Settlement nor any amounts paid under the Class Settlement will modify any previously credited hours, days, or weeks of service under any employee benefit plan, policy or bonus program sponsored by Defendants, if such exists. Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendants' sponsored benefit plans, policies, or bonus programs, if any exist. The payments made under the terms of this Stipulation shall not be applied retroactively, currently, or on a going forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of any of Defendants' benefit plans, policies, or bonus programs, if any exist. Defendants retain the right to modify the language of their benefit plans, policies, and bonus programs to effect this intent and to make clear that any amounts paid pursuant to this Stipulation are not for "weeks worked," "weeks paid," "weeks of service," or any similar measuring term as defined by applicable plans, policies, and bonus programs for purpose of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Stipulation. Defendants do not consider the Class Settlement payments "compensation" for purposes of determining eligibility for, or benefit accrual within, any benefit plans, policies, or bonus programs, or any other plan sponsored by Defendants, if any exist.

**6.** **Class Attorney Fees and Expenses.** As part of the motion for final approval of the Class Settlement, Class Counsel may submit an application for an award of Class Attorney Fees and Expenses with the fee portion not to exceed twenty-five percent of the Gross Settlement Amount (*i.e.*, $118,750.00) and the award of costs and expenses of up to an additional $12,000.00. Defendants agree not to object to any such fee, cost or expense application in those amounts. As a condition of this Class Settlement, Class Counsel has agreed to pursue fees only in the manner reflected by this Section. Any Class Attorney Fees and Expenses awarded by the Court shall be paid from the Gross Settlement Amount in arriving at the Net Settlement Amount and shall not constitute payment to any Settlement Class Members. If Class Counsel voluntarily reduces the request for Class Attorney Fees or Expenses or the Court's award of Class Attorney Fees or Expenses is less than set forth above, the Net Settlement Amount shall be recalculated to reflect the actual Class Attorney Fees and Expenses awarded.

DocuSign Envelope ID: 69D4011E-EC06-42C5-A28D-93E8D170BD69


The Class Attorney Fees and Expenses approved by the Court shall encompass: (a) all work performed and costs and expenses incurred by, or at the direction of, any attorney purporting to represent the Settlement Class through the date of this Stipulation; (b) all work to be performed and costs to be incurred in connection with approval by the Court of the Class Settlement; (c) all work to be performed and costs and expenses, if any, incurred in connection with administering the Class Settlement through the Effective Date and dismissal of the Action, with prejudice; and (d) may be based on the Catalyst Theory and/or Common Fund Doctrine.

## V. CLAIMS ADMINISTRATION COSTS AND EXPENSES

**1. The Settlement Administrator's Costs and Expenses.** All costs and expenses due to the Settlement Administrator in connection with its administration of the Class Settlement, including, but not limited to, providing the Class Notice, locating Settlement Class Members, processing Opt-Out requests and objections, distributing the portion of the PAGA Payment payable to the LWDA, and calculating, administering and distributing Individual Settlement Amounts to the Class Participants and related tax forms, shall be paid from the Gross Settlement Amount, and shall not exceed $10,000.00.

**2. Payment by Defendant.** Defendant shall pay the Gross Settlement Amount to the Settlement Administrator within 10 calendar days of the date that the Court grants preliminary approval.

## VI. NOTICE TO CLASS MEMBERS AND CLAIMS ADMINISTRATION PROCESS

**1. The Settlement Administrator**. The Settlement Administrator will be responsible for mailing the Class Notice and Share Form (**Exhibits 1** and **2**) to Settlement Class Members, handling inquiries from Settlement Class Members concerning the Class Notice, determination of Individual Settlement Amounts, maintaining the settlement funds in an appropriate interest bearing account, preparing, administrating and distributing Individual Settlement Amounts to Class Participants, issuing a final report and performing such other duties as the Parties may direct.

On a weekly basis, the Settlement Administrator will provide reports to Class Counsel and Defense Counsel with summary information updating them as to the number of validated and timely objections and Opt-Out Requests. The Settlement Administrator will serve on Class Counsel and Defense Counsel via e-mail date-stamped copies of the original Opt-Outs and objections no later than five days after their receipt. The Settlement Administrator will provide Class Counsel with proof of mailing of the Class

Notice, without listing individual Class Member names, which the Settlement Administrator will file with the Court at the time Class Counsel files its motion in support of the Court's Final Approval and Fairness Hearing. No later than seven days prior to the Final Approval and Fairness Hearing, the Settlement Administrator will compile and deliver to Class Counsel and Defense Counsel a report with summary information regarding (a) the total amount of final Individual Settlement Amounts of each Class Participant (b) the number of Class Participants who will receive such payments, and (c) the final number of Opt-Outs and objections.

Administrative Expenses are not anticipated to exceed $10,000.00. Prior to the calculation and distribution of the Individual Settlement Amounts, the Settlement Administrator shall calculate the total Administrative Expenses through the conclusion of their services and such actual amount will be deducted from the Gross Settlement Amount prior to the final calculation of the Individual Settlement Amounts.

**2. <u>Notice to Settlement Class Members</u>.** Notice shall be provided to Settlement Class Members in the following manner: Within 14 days after the Preliminary Approval Date, Defendants shall provide the Settlement Administrator with an updated list of Class Members containing names, Social Security numbers, dates that Class Members contracted with Defendants, last-known addresses and phone numbers (the "Database"). The Database shall be marked "Confidential –Settlement Administrator's Eyes Only." Class Counsel shall not receive a copy of this list.

Within 28 days following the Preliminary Approval Date, the Settlement Administrator shall determine the number of pay periods for each Settlement Class Member, populate the Share Form for each Settlement Class Member accordingly, and send each Settlement Class Member the Class Notice via first-class, United States mail. The Class Notice shall also contain an easily understood statement alerting the Class Members that, unless they elect to Opt-Out of the Class Settlement, the Settlement Class Member is releasing and waiving all Released Claims against the Released Parties.

The Class Notice will inform Settlement Class Members of his/her estimated share of the settlement and the number of pay periods he/she worked during the Class Period. Class Members may dispute their weeks worked if they believe they worked more weeks in the Class Period than Defendants' records show by submitting information to the Settlement Administrator no later than 30 days after being mailed the Class Notice and Share Form by the Settlement Administrator, which is the defined Response

Deadline. The Settlement Administrator will jointly work with Plaintiff and Defendants to resolve the dispute in good faith. If Plaintiff and Defendants cannot agree over the pay periods to be credited, the Settlement Administrator shall make the final decision based on the information presented by the Settlement Class Member and Defendants.

**3.** **Opt-Out Procedure**. Settlement Class Members who do not timely Opt-Out of the Class Settlement will be deemed to participate in the Class Settlement and shall become a Class Participant without having to submit a claim form or take any other action. In order to Opt-Out of the Class Settlement, the Settlement Class Member must submit a letter or postcard to the Settlement Administrator by the Response Deadline. The Opt-Out request must state the Settlement Class Member's name, address, telephone number, and signature. The Opt-Out request should state to the effect of: "I WISH TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN THE BYKOV V. DC TRANSPORT INC. LAWSUIT. I UNDERSTAND THAT IF I ASK TO BE EXCLUDED FROM THE SETTLEMENT CLASS, I WILL NOT RECEIVE ANY MONEY FROM THE CLASS SETTLEMENT OF THIS LAWSUIT AND WILL NOT BE RELEASING ANY CLAIMS I MIGHT HAVE." Any Opt-Out request that is not postmarked by the Response Deadline will be invalid. In the event that, prior to the Response Deadline, any Class Notice mailed to a Settlement Class Member is returned as having been undelivered by the U.S. Postal Service, the Settlement Administrator shall perform a skip trace search and seek an address correction for such Settlement Class Member(s), and a second Class Notice will be sent to any new or different address obtained. Such Settlement Class Member(s) shall have an additional 14 days in which to Opt-Out.

It will be presumed that, if an envelope containing the Class Notice has not been returned within 28 days of the mailing, the Settlement Class Member received the Class Notice. At least 30 days prior to the Final Approval and Fairness Hearing, the Settlement Administrator shall provide Class Counsel and Defense Counsel with a Declaration of Due Diligence and Proof of Mailing with regard to the mailing of the Class Notice and its attempts to locate Class Members. The declaration shall specify the number of Settlement Class Members to whom Class Notices were sent and the number of Settlement Class Members to whom Class Notices were not delivered, as well as information relating to the number of Opt-Outs and objectors. Class Counsel shall file this declaration with the Court.

If the Settlement Administrator determines that an Opt-Out request returned by a Settlement Class Member before the Response Deadline is deficient, then the Settlement Administrator shall mail a deficiency letter to that Settlement Class Member identifying the problem. If a Settlement Class Member submits both a dispute and an Opt-Out request, the Settlement Administrator shall make reasonable attempts to clarify as if the Opt-Out request were deficient. If the Class Member fails to cure the deficiency, the Opt-Out request shall be disregarded and the claim will be paid, and the Class Member will become bound by the judgment.

Those Settlement Class Members who do not timely Opt-Out will be bound by the Release of Released Claims set forth in Section I, Paragraph 29 of this Stipulation.

**4. Objections.** The Class Notice shall inform the Settlement Class Members of their right to object to the Class Settlement. Any Settlement Class Member who wishes to object to the Class Settlement must submit a written objection to the Settlement Administrator no later than the Response Deadline. The objection must include the case name and number and must set forth, in clear and concise terms, a statement of the reasons why the objector believes that the Court should find that the proposed Class Settlement is not in the best interest of the Settlement Class and the reasons why the Class Settlement should not be approved, including the legal and factual arguments supporting the objection. If an objector also wishes to appear at the Final Approval and Fairness Hearing, in person or through an attorney, he or she *must also* file a notice of intention to appear at the same time as the objection is filed. The Settlement Administrator will promptly serve copies of any objection or notice of intention to appear on Class Counsel and Defense Counsel. Unless otherwise ordered by the Court, Settlement Class Members shall not be entitled to appear and or object at the Final Approval Hearing unless they have submitted a timely written objection and notice of intention to appear pursuant to this Section. Settlement Class Members who have properly and timely submitted objections may appear at the Final Approval Hearing, either in person or through a lawyer retained at their own expense.

**5. CAFA Notice.** Defendant agrees to providing Class Action Fairness Act ("CAFA") notice to all appropriate state regulators in accordance with the requirements set forth in 28 U.S.C. § 1715. Defendant shall provide such CAFA Notice within 10 days of the filing of the Motion for Preliminary Approval of Class Action Settlement.

DocuSign Envelope ID: 69D4011E-EC06-42C5-A28D-93E8D170BD69


## VII. CLASS SETTLEMENT FUNDING AND DISTRIBUTION

1. **Allocation of the Gross Settlement Amount.** The claims of all Settlement Class Members are settled for the Gross Settlement Amount of $475,000.00, which will be allocated as follows:

a. The Administrative Expenses, not to exceed $10,000.00;

b. The Class Attorney Fees and Expenses not to exceed $118,750.00 in fees and expenses not to exceed $12,000.00;

c. The Incentive Award, not to exceed $10,000.00;

d. PAGA Payment of $10,000.00, of which $7,500.00 shall be paid to the LWDA.

For purposes of calculating the estimated Individual Settlement Amounts, the Settlement Administrator shall calculate the estimated Net Settlement Amount based on the estimated values in Section VII.1(a–d) prior to sending Notice to the Settlement Class Members. Prior to final distribution, the Settlement Administrator shall calculate the final Net Settlement Amount based on the actual values in Section VII.1 (a–d).

2. **Calculation of the Individual Settlement Amounts.** Individual Settlement Amounts to be paid to Class Participants shall be paid from the Net Settlement Amount. The portion of the Net Settlement Amount payable to each Class Participant will be calculated as follows:

The Settlement Administrator shall divide the Net Settlement Amount by the total number of workweeks Settlement Class Members contracted with Defendants during the Class Period, in order to determine the amount each Settlement Class Member is entitled to for each week s/he contracted with Defendants (the "Weekly Amount"). The Settlement Administrator will multiply the Weekly Amount by the total number of weeks that each Settlement Class Member contracted with Defendants to arrive at the Individual Settlement Amount for that Class Member. Defendants will provide the Settlement Administrator with any information reasonably necessary to perform the calculation of the number of weeks that each Settlement Class Member contracted with Defendants, and any other reasonably required information the Settlement Administrator requests to perform the calculations required under this Settlement Agreement. Defendants shall have no responsibility for deciding the validity of the Individual Settlement Amounts or any other payments made pursuant to this Stipulation. Plaintiff and Class

///

DocuSign Envelope ID: 69D4011E-EC06-42C5-A28D-93E8D170BD69



Participants represent and understand that they shall be solely responsible for any and all tax obligations associated with their respective Individual Settlement Amounts and Incentive Awards.

**3.** **Time for Payment of Attorney Fees and Expenses to Class Counsel.** The Settlement Administrator shall distribute to Class Counsel any attorney fees and expenses approved by the Court to Class Counsel within 10 days of the Effective Date.

**4.** **Time for Payment of Incentive Award to Class Representative.** The Settlement Administrator shall distribute to Plaintiff the Incentive Award approved by the Court within 10 days of the Effective Date.

**5.** **Time for Payment of PAGA Payment to the LWDA.** The Settlement Administrator shall distribute to the LWDA the portion of the PAGA Payment due to it and approved by the Court within 10 days of the Effective Date.

**6.** **Time for Payment of Individual Settlement Amounts.** The Settlement Administrator shall make every effort to mail the Individual Settlement Amount to each Class Participant, by first-class U.S. mail, to the last-known address within 10 days of the Effective Date. If the Settlement Administrator is not able to do so within the time period set forth above, it shall so inform Class Counsel and Defense Counsel and provide an approximate date by which the Individual Settlement Amounts will be mailed. Under no circumstances shall the Settlement Administrator distribute checks to Class Participants until all Individual Settlement Amounts have been considered, calculated, and accounted for, and the all of the remaining monetary obligations have been calculated and accounted for. Within 210 days of the Effective Date, the Settlement Administrator shall file with the Court and provide to Class Counsel a declaration of payment. In the event that any Class Participant is deceased, payment shall be made payable to the estate of that Settlement Class Member and delivered to the executor or administrator of that estate, unless the Settlement Administrator has received an affidavit or declaration pursuant to Cal. Probate Code § 13101, in which case payment shall be made to the affiant(s) or declarant(s).

**7.** **Non-Cashed Settlement Checks.** Class Participants shall have 180 days to cash their checks. Any funds associated with uncashed checks shall be paid in accordance with California Code of Civil Procedure section 384.

///

## VIII. NULLIFICATION OF THIS STIPULATION

**1. Non-Approval of the Stipulation.** If (a) the Court should for any reason fail to approve this Stipulation in the form agreed to by the Parties, or (b) the Court should for any reason fail to enter a judgment with prejudice of the Action, or (c) the approval of the Class Settlement and judgment is reversed, modified or declared or rendered void, then the Class Settlement and conditional class certification shall be considered null and void, and neither the Class Settlement, conditional class certification, nor any of the related negotiations or proceedings, shall be of any force or effect, and all Parties to the Class Settlement shall stand in the same position, without prejudice, as if the Class Settlement had been neither entered into nor filed with the Court. Notwithstanding the foregoing, the Parties may attempt in good faith to cure any perceived defects in the Stipulation to facilitate approval.

**2. Right to Rescission of Stipulation.** If more than ten percent (10%) of Class Members Opt-Out of the Settlement or are otherwise excluded from the Class, then Defendants shall have the option to declare this Stipulation null and void if, by the date of the Final Approval Hearing, Defendants serve written notice of their exercise of this option on Class Counsel, and serve it in one of the manners provided by the California Code of Civil Procedure. Such notice shall also be delivered to Class Counsel in a manner designed to ensure receipt of the information prior to the Final Approval Hearing.

**3. Escalator Provision.** In the event that the class list contains more than 102 Class Members, then the Gross Settlement Value shall be increased proportionately for each additional Class Member over 102.

**4. Invalidation.** Invalidation of any material portion of the Class Settlement shall invalidate the Class Settlement in its entirety, unless the Parties shall subsequently agree in writing that the remaining provisions of the Class Settlement are to remain in full force and effect.

**5. Stay Upon Appeal.** In the event of a timely appeal from the approval of the Class Settlement and judgment, the judgment shall be stayed, and Defendants shall not be obligated to fund the Gross Settlement Amount or take any other actions required by this Stipulation until all appeal rights have been exhausted by operation of law.

///

///

## IX. MOTION FOR COURT APPROVAL

**1. Preliminary Approval.** Class Counsel will submit this Stipulation to the Court along with a Motion for Preliminary Approval of the Class Settlement. Each party shall cooperate to present the Class Settlement to the Court for preliminary approval in a timely fashion. The Court's preliminary approval of the Class Settlement shall be embodied in an order substantially in the form attached hereto as **Exhibit 3**.

**2. Final Approval.** The Final Approval and Fairness Hearing shall be held before the Court. At the Final Approval and Fairness Hearing, Plaintiff shall move the Court for the entry of the final order certifying the Class for settlement purposes only and approving the Class Settlement as being fair, reasonable and adequate to the Class Participants within the meaning of California Rules of Court, Rule 3.769(c), (d) and (e) and for the entry of a final judgment of the Action consistent with the terms of the Class Settlement and California Rule of Court 3.769(h). Class Counsel and Defense Counsel shall submit to the Court such pleadings and/or evidence as may be required for the Court's determination.

## X. RELEASES AND WAIVERS

**1. Release of Claims by Settlement Class.** Upon the Effective Date, each Settlement Class Member who has not submitted a timely Opt-Out request, and Plaintiff, each releases the Released Parties, and each of them, of and from any and all Released Claims during the Class Period.

It is the desire of the Parties and the Settlement Class Members to fully, finally, and forever settle, compromise, and discharge the Released Claims.

Each Settlement Class Member, except those who timely Opt-Out, will be bound to the release of Released Claims as a result of the Class Settlement and to the terms of the final judgment and the satisfaction of such judgment.

Settlement Class Members who do not opt out will be deemed to have acknowledged and agreed that their claims for wages and/or penalties in the Action are disputed, and that their Individual Settlement Amount constitutes payment of all sums allegedly due to them. Class Members will be deemed to have acknowledged and agreed that California Labor Code Section 206.5 is not applicable to the Individual Settlement Amount. That section provides in pertinent part as follows:

///

> **"An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made."**

**2.** Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims. However, on entry of the Order Granting Final Approval (and to the extent provided for in this section), all Class Members who have not timely excluded themselves from the Settlement shall be deemed to have, by operation of the Final Judgment, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts which are released by this Stipulation.

**3.** Each Class Member who has not Opted-Out forever agrees that he or she shall not institute any action seeking, nor accept, damages or penalties of any nature, attorneys' fees and costs, or any other relief from any other suit, class, collective, or representative action, administrative claim or other claim of any sort or nature whatsoever against Released Parties, for the Released Period, arising from the Released Claims. This release shall become effective at such time as Defendants have complied with all of their obligations pursuant to the Stipulation.

**4. Release of Fees and Costs for Settled Matters.** Except as otherwise provided for in this Stipulation, Class Counsel and Plaintiff, on behalf of the Class and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of Plaintiff and the Class. Class Counsel further understand and agree that any Fee Award approved by the Court will be the full, final, and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of these individuals. Except as otherwise provided in this Stipulation, the Parties hereto will bear responsibility for their own attorneys' fees

and costs, taxable or otherwise, incurred by them or arising out of this Action and will not seek reimbursement thereof from any Party to this Stipulation.

5. **No Other Liability.** This Stipulation shall be in full settlement, compromise, release and discharge of the Released Claims and each of them, and the Released Parties shall have no further or other liability or obligation to any member of the Settlement Class with respect to the Released Claims, except as expressly provided herein.

6. **Prohibition on Subsequent Assertion of Released Claims.** Plaintiff and the Settlement Class, to the fullest extent allowed by law, are prohibited from ever asserting a Released Claim, and from commencing, joining, or participating in, or voluntarily assisting in a lawsuit or adversary proceeding against Defendants, the Released Parties, or any of them, based on the Released Claims. Excluded from this prohibition are any instances where any individual is legally compelled to testify through service of a subpoena or other process.

7. **No Other Actions.** Plaintiff represents and warrants that, except for this Action, he does not have any lawsuit, claim, charge, grievance, or complaint (collectively, a "Claim") against the Released Parties pending in any forum, including without limitation, any local, state, or federal agency or court, in connection with the Released Claims.

8. **Covenants Not to Sue.** Plaintiff and Class Members further represent and warrant, to the extent permitted by law, that they will not, at any time on or after the Effective Date, file or assist in the filing of any Claim against the Released Parties in any forum, including without limitation, any local, state, or federal agency or court, in connection with, arising out of the Released Claims, and if any forum, agency, or court assumes jurisdiction of any such Claim and/or purports to bring any such proceedings, in whole or in part, on behalf of any Class Member, he or she will request that forum, agency, or court to withdraw and/or dismiss such Claim with prejudice. Plaintiff expressly agrees that he will not participate in any class, collective, or representative action of any kind or nature against the Released Parties related to the Released Claims and that he will opt out of or withdraw his consent for participation in any such class, collective, or representative action, and even if he does not opt out or withdraw his consent for participation, he will not be entitled to recover or participate in such actions in any way. Furthermore, even in the

DocuSign Envelope ID: 69D4011E-EC06-42C5-A28D-93E8D170BD69


event that Class Members may be permitted by law to be joined in any such Claim, they understand and agree that they may not recover any amount in judgment or otherwise in any such Claim as a result of their release of the Released Claims set forth herein and acceptance of the terms and conditions of this Agreement. Notwithstanding this Covenant Not to Sue, any Party may bring an action to enforce this Stipulation. The prevailing party in any such action is entitled to recovery of their reasonable attorneys' fees and other litigation costs incurred.

**9.** **Release of Claims by Plaintiff.** Plaintiff, on behalf of himself and his heirs, executors, administrators, and representatives, shall and does hereby forever release, discharge, and agree to hold harmless the Released Parties from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs), known or unknown, at law or in equity, which he may now have or may have after the signing of this Stipulation, arising out of or in any way connected with his contractual relationship with Defendants, including the Released Claims, claims that were asserted or could have been asserted in the Complaint, and any and all transactions, occurrences, or matters between the Parties occurring prior to the date this Stipulation is fully executed. Without limiting the generality of the foregoing, this release shall include, but not be limited to, any and all claims under the (a) Americans With Disabilities Act, as amended; (b) Title VII of the Civil Rights Act of 1964, as amended; (c) the Civil Rights Act of 1991; (d) 42 U.S.C. § 1981, as amended; (e) the Age Discrimination in Employment Act, as amended; (f) the Fair Labor Standards Act, as amended; (g) the Equal Pay Act; (h) the Employee Retirement Income Security Act, as amended; (i) the Consolidated Omnibus Budget Reconciliation Act; (j) the Rehabilitation Act of 1973; (k) the Family and Medical Leave Act; (l) the Civil Rights Act of 1966; (m) the California Fair Employment and Housing Act; (n) the California Constitution; (o) the California Labor Code; (p) the California Government Code; (q) the California Civil Code; and (r) any and all other federal, state, and local statutes, ordinances, regulations, rules, and other laws, and any and all claims based on constitutional, statutory, common law, or regulatory grounds as well as any other claims based on theories of wrongful or constructive discharge, breach of contract or implied contract, fraud, misrepresentation, promissory estoppel, or intentional and/or negligent infliction of emotional distress, or damages under any other federal, state, or local statutes, ordinances, regulations, rules, or laws.

This release is for any and all relief, no matter how denominated, including, but not limited to, back pay, front pay, vacation pay, bonuses, compensatory damages, tortious damages, liquidated damages, punitive damages, damages for pain and suffering, and attorney fees and costs, and Plaintiff hereby forever releases, discharges, and agrees to hold harmless Defendants and the Released Parties from any and all claims for attorney fees and costs arising out of the matters released in this Stipulation.

Plaintiff specifically acknowledges that he is aware of and familiar with the provisions of Section 1542, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiff, being aware of Section 1542, hereby expressly waives and relinquishes all rights and benefits he may have under Section 1542 as well as any other statutes or common law principles of a similar effect. Plaintiff may hereafter discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of all the claims referenced herein, but stipulates and agrees that, upon the Effective Date, Plaintiff shall and hereby does fully, finally, and forever settle and release any and all claims against the Released Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, that were asserted or could have been asserted upon any theory of law or equity without regard to the subsequent discovery of existence of such different or additional facts.

**10.** Plaintiff specifically understands and acknowledges that the Age Discrimination in Employment Act, (29 U.S.C. § 621 *et seq.*, and as amended) (hereinafter "ADEA"), as amended by the Older Workers Benefit Protection Act of 1990 ("OWBPA"), provides him the right to bring a claim against Defendants if he believes he has been discriminated against on the basis of age. Defendants specifically deny any such discrimination. Plaintiff understands the rights afforded to him under the ADEA and agrees that he hereby releases and will not file any claim or action against the Releasees based on any alleged violations of the ADEA. Plaintiff hereby knowingly and voluntarily releases and waives any right to assert a claim for relief under this Act, including but not limited to back pay, front pay, attorneys' fees, damages,

reinstatement, or injunctive relief. Notwithstanding the foregoing, Plaintiff does not waive any ADEA claim that may arise after the date he executes this Stipulation.

Plaintiff also understands and acknowledges that the ADEA requires Defendants to provide Plaintiff with at least twenty-one (21) calendar days to consider this Stipulation ("Consideration Period") prior to its execution. Plaintiff acknowledges that he has been advised to consult with an attorney regarding this Stipulation and has consulted his attorney. Plaintiff also acknowledges that he was provided with the required Consideration Period and hereby knowingly and voluntarily, after the opportunity to consult with an attorney, waives the remainder of the Consideration Period by executing this Stipulation. Plaintiff also understands that he is entitled to revoke this Stipulation at any time during the seven (7) days following Plaintiff's execution of this Stipulation ("Revocation Period"). Plaintiff also understands that any revocation of this Stipulation must be in writing and delivered to Defense Counsel prior to the expiration of the Revocation Period. Delivery of the revocation should be via email to Timothy Nelson, at tim@medinamckelvey.com and by hardcopy c/o 983 Reserve Drive, Roseville, CA 95678.

Any revocation under this paragraph applies only to Plaintiff's release of age-related claims under the ADEA. Plaintiff understands and agrees that he may not revoke this Stipulation as to any claims asserted in the Action, any non-ADEA claims that could have been asserted in the Action, or any other non-ADEA claims related to his contractual relationship with Defendants.

## XI. DUTIES OF THE PARTIES

**1. Mutual Full Cooperation.** The Parties agree to cooperate fully with one another to accomplish and implement the terms of this Stipulation. Such cooperation shall include, but not be limited to, execution of such other documents and the taking of such other actions as may reasonably be necessary to fulfill the terms of this Class Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Stipulation and any other efforts that may become necessary by court order or otherwise, to effectuate this Stipulation and the terms set forth herein. As soon as practicable after

///

execution of this Stipulation, Class Counsel, with the cooperation of Defendants and Defense Counsel, shall take all necessary and reasonable steps to secure the Court's final approval of this Stipulation.

**2. Duty to Support and Defend the Class Settlement.** The Parties agree to abide by all of the terms of the Class Settlement in good faith and to support the Class Settlement fully and to use their best efforts to defend this Class Settlement from any legal challenge, whether by appeal or collateral attack.

**3. Duties Prior to Court Approval.** Class Counsel shall promptly submit this Stipulation to the Court for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Stipulation, Class Counsel shall apply to the Court for the entry of a preliminary order substantially in the form filed concurrently herewith as **Exhibit 3,** scheduling a hearing on the question of whether the proposed Class Settlement should be approved as fair, reasonable, and adequate as to the Settlement Class Members, approving as to form and content the proposed Class Notice and Share Form attached hereto as **Exhibit 1** and **Exhibit 2**, respectively, and directing the mailing of the Class Notice to Settlement Class Members. While Defendants can reserve their right to object to facts or assertions made in the moving papers, Defense Counsel shall file a notice of non-opposition to the granting of the motion for preliminary approval or join in the motion.

## XII. MISCELLANEOUS PROVISIONS

**1. Voiding the Stipulation.** Other than as explicitly stated in this Stipulation, this Stipulation may not be changed, altered, or modified, except in a writing signed by the Parties hereto. This Stipulation may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

**2. Material Terms of Agreement and Severability.** The Parties agree that the provisions in Section XI of this Stipulation are material terms. A failure of the Court to approve any material term of this Stipulation shall render the entire Stipulation voidable and unenforceable as to all Parties herein at the option of either Party. Additionally, if the Judgment is reversed or modified as to any material term or declared or rendered void as to any material term, then (1) at the option of either Party, this Stipulation shall be considered null and void and (2) neither this Stipulation nor any of the released negotiations or proceedings will be of any force or effect.

The parties agree that Sections IV.2, IV.6, V, and VII.1.d of this Settlement Agreement are severable from the remainder of the Settlement Agreement only in the sense that any reduction in amount awarded by the Court for Attorney Fee and Expenses to Class Counsel, the Incentive Award, the Administrative Expenses, or the PAGA penalties payable to the LWDA, or a change by the Court with respect to the tax treatment of the Individual Settlement Payments shall in no way affect the validity and effect of the remainder of this Stipulation.

3. **Different Facts.** The Parties hereto, and each of them, acknowledge that, except for matters expressly represented herein, the facts in relation to the dispute and all claims released by the terms of this Stipulation may turn out to be other than or different from the facts now known by each party and/or its counsel, or believed by such Party or counsel to be true, and each Party therefore expressly assumes the risk of the existence of different or presently unknown facts, and agrees that this Stipulation shall be in all respects effective and binding despite such difference.

4. **No Prior Assignments.** The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right herein released and discharged except as set forth herein.

5. **Non-Admission.** Nothing in this Stipulation shall be construed as or deemed to be an admission by any Party of any liability, culpability, negligence, or wrongdoing toward any other Party, or any other person, and the Parties specifically disclaim any liability, culpability, negligence, or wrongdoing toward each other or any other person. Each of the Parties has entered into this Stipulation with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and contingencies. Nothing herein shall constitute any admission by Defendants of wrongdoing or liability, or of the truth of any factual allegations in the Action. Nothing herein shall constitute any admission by Defendants regarding the merits of the Claims in this Action, including but not limited to claims for unpaid wages under California and/or federal law. Nothing herein shall constitute an admission by Defendants that the Action was properly brought as a class or representative action other than for settlement purposes. To the contrary, Defendants have denied and continue to deny each and every material factual allegation and all Claims. To this end, the Class Settlement of the Action, the negotiation and execution of this

DocuSign Envelope ID: 69D4011E-EC06-42C5-A28D-93E8D170BD69


Stipulation, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation or the Class Settlement are not, shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in the Complaint in the Action; and are not, shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

**6.** **Media or Press.** Plaintiff and Defendants, and their respective counsel, recognize and accept that the Parties to this Stipulation desire that the terms of this Stipulation, the fact of the Class Settlement embodied in this Stipulation, the disposition of the Action, the Action, and all matters relating to the litigation of the Action, including discovery proceedings therein, and evidence obtained during the course of the Action, shall not be discussed with or presented to the media or press.

**7.** **Non-disparagement.** Plaintiff agrees to refrain from making any disparaging, derogatory, or otherwise negative comments or statements about Defendants or any of the Released Parties in any way related to the Action.

**8.** **Non-Retaliation.** Defendants understand and acknowledge that they have a legal obligation not to retaliate against any Settlement Class Member who elects to participate in the Class Settlement or elects to Opt-Out of the Class Settlement. Defendants will refer any inquiries regarding this Class Settlement to the Settlement Administrator or Class Counsel and will not discourage Settlement Class Members who are contractors, directly or indirectly, from making claims, opting out or objecting to the Class Settlement.

**9.** **Construction.** The Parties hereto agree that the terms and conditions of this Stipulation are the result of lengthy, intensive, arms-length non-collusive negotiations between the Parties and that this Stipulation is not to be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of this Stipulation. If any of the dates in the Stipulation fall on a weekend, bank, or court holiday, the time to act shall be extended to the next business day.

**10.** **Governing Law.** This Stipulation is intended to and shall be governed by the laws of the State of California, without regard to conflict of law principles, in all respects, including execution, interpretation, performance, and enforcement.

DocuSign Envelope ID: 69D4011E-EC06-42C5-A28D-93E8D170BD69



**11. Notices.** Except for Settlement Class Member notices required to be made by the Settlement Administrator, any and all notices or other communications required or permitted under this Stipulation shall be in writing and shall be sufficiently given if delivered in person to the party or their counsel by U.S. certified mail, postage prepaid, e-mail, facsimile, or overnight delivery addressed to the address of the party appearing in this Stipulation.

**12. Captions and Interpretations.** Section titles or captions contained herein are inserted as a matter of convenience and for reference only and in no way define, limit, extend, or describe the scope of this Stipulation or any provision thereof.

**13. Modification.** This Stipulation may not be changed, altered, or modified, except in writing signed by the Parties and approved by the Court. This Stipulation may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

**14. Integration Clause.** This Stipulation contains the entire agreement between the Parties relating to the Class Settlement of the Action and the transactions contemplated thereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a party or such party's legal counsel, are hereby superseded. No rights under this Stipulation may be waived except in writing as provided above.

**15. Successors and Assigns.** This Stipulation shall be binding upon and inure to the benefit of the Parties and Settlement Class Members (excluding only persons who timely Opt-Out) and their respective present and former heirs, trustees, executors, administrators, representatives, officers, directors, shareholders, agents, employees, insurers, attorneys, accountants, auditors, advisors, consultants, pension and welfare benefit plans, fiduciaries, parent companies, subsidiaries, affiliates, related companies, joint ventures, predecessors, successors, and assigns.

**16. Corporate Signatories.** Any person executing this Stipulation or any such related document on behalf of a corporate signatory or on behalf of a partnership hereby warrants and promises,

///

///

///

///

for the benefit of all Parties hereto, that such person has been duly authorized by such corporation or partnership to execute this Stipulation or any such related document.

**17. Execution in Counterparts.** This Stipulation shall become effective upon its execution by all of the undersigned. The Parties may execute this Stipulation in counterparts, and execution of counterparts shall have the same force and effect as if all Settling Parties had signed the same instrument.

**18. Attorney Fees, Costs and Expenses.** Except as otherwise specifically provided for herein, each party shall bear his or its own attorney fees, costs and expenses, taxable or otherwise, incurred by them in or arising out of the Action and shall not seek reimbursement thereof from any other party to this Stipulation.

**19. Action to Enforce Agreement.** In any suit or court action to enforce the terms of this Agreement, the prevailing party shall be entitled to recover his or its attorney fees and costs.

**IN WITNESS WHEREOF,** the Parties and their counsel have executed this Stipulation on the date below their signatures or the signature of their representatives. The date of the Stipulation shall be the date of the latest signature.

Valeriy Bykov

DocuSigned by: Valeriy Bykov
19C3FE77438144B...

Dated: 1/29/2019

DC Transportation Services, Inc., dba DC Transport

Andrew Romanov

Printed: ANDREW ROMANOV

Title: President

Dated: 1/29/2019

**APPROVED AS TO FORM AND CONTENT**

ACKERMANN & TILAJEF, P.C.
MELMED LAW GROUP P.C.

By: ______________________
Craig J. Ackermann, Esq.
Jonathan Melmed, Esq.

MEDINA McKELVEY LLP

By: ______________________
Alexander M. Medina, Esq.
Timothy B. Nelson, Esq.