UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIY BYKOV,<br><br>    Plaintiff,<br><br>    v.<br><br>DC TRANSPORTATION SERVICES, INC.,<br><br>    Defendant. | No. 2:18-cv-1691 DB<br><br><br>ORDER |

    Each of the parties in the above-captioned case has consented to proceed before a United States Magistrate Judge. <u>See</u> U.S.C. § 636(c). Accordingly, this matter has been reassigned to the undersigned for all purposes. (ECF No. 12.) On February 11, 2019, plaintiff filed a motion for preliminary approval of a class action settlement. (ECF No. 16.) The motion is noticed for hearing before the Court on March 15, 2019. On February 25, 2019, defendant filed a statement of non-opposition. (ECF No. 17.)

    Rule 23(d) of the Federal Rules of Civil Procedure "vests a district court with the authority and discretion to protect the interests and rights of class members and to ensure its control over the integrity of the settlement approval process." <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1025 (9th Cir. 1998). "District courts have interpreted Rule 23(e) to require a two-step process for the approval of class action settlements: 'the Court first determines whether a

proposed class action settement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted.'" In re High-Tech Emp. Antitrust Litig., No. 11-cv-02509-LHK, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014) (quoting Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 525 (C.D. Cal. 2004)).

Rule 23 "requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." Hanlon, 150 F.3d at 1026 (citing Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992)). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." Id. (citing Officers for Justice v. Civil Serv. Comm'n of San Francisco, 688 F.2d 615, 628 (9th Cir. 1982)). "Where, as here, the parties reach a settlement before class certification, the district court must apply a 'higher standard of fairness.'" Cotter v. Lyft, Inc., 176 F.Supp.3d 930, 935 (N.D. Cal. 2016) (quoting Hanlon, 150 F.3d at 1026). In evaluating a proposed settlement at the preliminary approval stage, "[s]ome district courts . . . have stated that the relevant inquiry is whether the settlement 'falls within the range of possible approval' or 'within the range of reasonableness.'" In re High–Tech Emp. Antitrust Litig., 2014 WL 3917126, at *3 (quoting In re Tableware Antitrust Litig., 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007)).

Here, the Court has some concerns with plaintiff's proposed Notice of Proposed Class Action Settlement and Hearing Date for Court Approval ("Notice"). Specifically:

1. The Notice erroneously lists the case number for this action as "No. 2:18-cv-1691 TLN DB." (ECF No. 16-3 at 2, 3, 8.) That was the case number in this action before the matter was reassigned to the undersigned for all purposes. The correct case number is No. 2:18-cv-1691 DB.

2. Section VI.C. of the Notice states "Objections . . . must be mailed to the Settlement Administrator, [Insert ADDRESS], by no later than [Insert deadline] for your objection to be considered." (ECF No. 16-3 at 8.) It seems to the Court that the Notice should direct class members who wish to object to mail such written objections to the Court. Those objections will be scanned, docketed, and made available to the parties and the Court.

3. The Notice should explain that the Court can only approve or deny the settlement. The Court cannot change the terms of the settlement.

4. Section VI.C. of the Notice also states that "Objections must be in writing" and that objections that are not in writing may not be considered by the Court. (ECF No. 16-3 at 8.) The Notice should reflect that, although objections should be submitted in writing, the Court will hear all objections to the settlement at the Final Approval hearing, regardless of whether those objections were previously submitted in writing.

5. The Notice should advise class members that they can view the Court's calendar at http://www.caed.uscourts.gov/caednew/index.cfm/judges/daily-calendar/, to confirm the hearing date for the Final Approval hearing.

6. Section VI.D. of the Notice states that "Any attorney who intends to represent an individual objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all parties" within 30 days of the mailing of the Notice. It is unclear to the Court why there is any need to set a deadline for the appearance of counsel representing a class member objecting to the Settlement, let alone a mere 30-day window allowing such an appearance.

Finally, plaintiff has also submitted a proposed Order Granting Preliminary Approval of Class Action Settlement which provides certain dates and deadlines. (ECF No. 16-10.) One such proposed deadline is that plaintiff may file the motion for final approval of the settlement "Not less than 10 calendar days before the Final Approval hearing." (Id. at 4.) The Court would prefer the standard 28-day briefing schedule set forth under Local Rule 230.

Accordingly, IT IS HEREBY ORDERED that:

1. The March 15, 2019 hearing of plaintiff's motion for preliminary approval of class action settlement is continued to **March 29, 2019**, at **10:00 a.m.** in courtroom no. 27 before the undersigned; and

////

////

////

3

2. On or before **March 22, 2019**, plaintiff may file a revised proposed Notice of Proposed Class Action Settlement and Hearing Date for Court Approval ("Notice"), and a revised proposed Order Granting Preliminary Approval of Class Action Settlement addressing the issues noted above and/or a supplemental brief, no longer than 10 pages, addressing the issues noted above.

Dated: March 11, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.consent\bykov1691.cont.hrg.cs.ord

4