UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIY BYKOV,<br><br>   Plaintiff,<br><br>  v.<br><br>DC TRANSPORTATION SERVICES, INC.,<br><br>   Defendant. | No. 2:18-cv-1691 DB<br><br>ORDER |

  Each of the parties in the above-captioned case has consented to proceed before a United States Magistrate Judge. See U.S.C. § 636(c). Accordingly, this matter has been reassigned to the undersigned for all purposes. (ECF No. 12.) Noticed for hearing before the court on March 29, 2019, is plaintiff's unopposed motion for preliminary approval of a class action settlement. (ECF No. 16.)

  Having reviewed the record, the court finds that this matter may be decided without a hearing pursuant to Local Rule 230(g). Plaintiff's motion for preliminary approval of a class action settlement is granted as explained below.

////

////

////

**BACKGROUND**

Plaintiff commenced this action on May 3, 2018, by filing a complaint in the Sacramento County Superior Court. (ECF No. 1 at 22.[1]) The complaint alleged the following claims against defendant DC Transportations Services, Inc., dba DC Transport: (1) willful misclassification of plaintiff and his fellow drivers as independent contractors; (2) failure to pay their current and former truck drivers in California separately and on an hourly basis for their time spent taking their statutory rest periods and on their pre- and post-trip inspections, loading/unloading time, time spent cleaning their trucks, time spent fueling their trucks and on time spent on work-related paperwork (collectively referred to as "Non-Driving Tasks"); (3) failure to provide paid rest breaks and rest break premiums to their current and former truck drivers in California; (4) failure to provide meal periods and pay missed meal period premiums to its current and former truck drivers in California; (5) failure to reimburse business expenses including gas mileage, insurance coverage, and personal cell phone expenses, incurred by their current and former truck drivers in California; (6) failure to provide complete wage statements to their current and former truck drivers in California within the one year prior to the filing of the complaint; (7) failure to pay all wages due to former employees based on the foregoing; (8) unfair business practices based on the foregoing; and (9) California's Private Attorneys General Act ("PAGA") and other penalties based on the foregoing. (Id. at 25.)

Defendant filed an answer on June 7, 2018. (Id. at 55-67.) On June 8, 2018, defendant removed the matter to this court pursuant to diversity jurisdiction and the Class Action Fairness Act of 2005. (Id. at 5.) On December 11, 2018, the parties advised the court they had reached a settlement. (ECF No. 12.) On February 11, 2019, plaintiff filed a motion for preliminary approval of a class action settlement. (ECF No. 16.) On February 25, 2019, defendant filed a statement of non-opposition. (ECF No. 17.)

On March 12, 2019, the court issued an order addressing some concerns with the proposed Notice of Proposed Class Action Settlement and Hearing Date for Court Approval ("Notice").

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

(ECF 18.) Plaintiff was given an opportunity to file a revised Notice and the hearing of plaintiff's motion was continued to March 22, 2019. On March 21, 2019, plaintiff filed a revised Notice. (ECF No. 19-1.) Defendant does not object to the revised Notice. (ECF No. 19-3.)

## LEGAL STANDARDS

The settlement of class actions is supported by strong judicial policy. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992). However, "[t]o guard against th[e] potential for class action abuse, Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." In re Bluetooth Headset Products Liability Litigation, 654 F.3d 935, 946 (9th Cir. 2011).

"It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998) (citing Officers for Justice v. Civil Serv. Comm'n of San Francisco, 688 F.2d 615, 628 (9th Cir. 1982)). "Where, as here, the parties reach a settlement before class certification, the district court must apply a 'higher standard of fairness.'" Cotter v. Lyft, Inc., 176 F.Supp.3d 930, 935 (N.D. Cal. 2016) (quoting Hanlon, 150 F.3d at 1026). In this context, "'courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement.'" In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation, 895 F.3d 597, 606 (9th Cir. 2018) (quoting Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003)). "The factors and warning signs identified in Hanlon, Staton, In re Bluetooth, and other cases are useful, but in the end are just guideposts." Id. at 611.

"District courts have interpreted Rule 23(e) to require a two-step process for the approval of class action settlements: 'the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted.'" In re High-Tech Emp. Antitrust Litig., No. 11-cv-02509-LHK, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014) (quoting Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 525 (C.D. Cal. 2004)). In evaluating a proposed settlement at the preliminary approval stage, "[s]ome district courts . . . have stated that the relevant inquiry is

whether the settlement 'falls within the range of possible approval' or 'within the range of reasonableness.'" In re High–Tech Emp. Antitrust Litig., 2014 WL 3917126, at *3 (quoting In re Tableware Antitrust Litig., 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007)).

## ANALYSIS

### A. Preliminary Class Certification

"A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." Wang v. Chinese Daily News, Inc., 737 F.3d 538, 542 (9th Cir. 2013). Rule 23(a) "requires a party seeking class certification to satisfy four requirements: numerosity, commonality, typicality, and adequacy of representation." Id. The "specifications of the Rule . . . demand undiluted, even heightened, attention in the settlement context." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997).

#### 1. Numerosity

A proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Courts have found the requirement satisfied when the class comprises of as few as thirty-nine members, or where joining all class members would serve only to impose financial burdens and clog the court's docket." Goodwin v. Winn Management Group LLC, No. 1:15-cv-0606 DAD EPG, 2017 WL 3173006, at *5 (E.D. Cal. July 26, 2017).

Here, plaintiff is seeking to certify a class of 92 members. (ECF No. 16 at 18.) The court finds that the numerosity requirement is satisfied.

#### 2. Commonality

The requirement for commonality is satisfied when "there are questions of law or fact that are common to the class." Fed. R. Civ. P. 23(a)(2). "[T]he key inquiry is not whether the plaintiffs have raised common questions," but "whether class treatment will 'generate common answers apt to drive the resolution of the litigation.'" Arredondo v. Delano Farms Co., 301 F.R.D. 493, 503 (E.D. 2014) (quoting Abdullah v. U.S. Sec. Assocs., 731 F.3d 952, 957 (9th Cir. 2013)); see also Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011) ("What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the

capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.").

Here, classwide proceeding would generate the common answer to whether defendant misclassified these plaintiffs, failed to pay for non-productive time, etc. "Because it therefore appears that the same alleged conduct of defendant would form the basis of each of the plaintiff's claims class relief based on commonality is appropriate." Murillo v. Pacific Gas & Elec. Co., 266 F.R.D. 468, 475 (E.D. Cal. 2010) (citation, quotation, and alteration omitted).

Therefore, the court finds the commonality requirement satisfied.

### 3. Typicality

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). Here, plaintiff and the class members were allegedly subjected to the same practices and miscalculations, resulting in the same or similar injuries.

Accordingly, the court finds the typicality requirement satisfied.

### 4. Adequacy

"To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." Hanlon, 150 F.3d at 1020. "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" Ellis v. Costco Wholesale Corp., 657 F.3d 970, 985 (9th Cir. 2011) (quoting Hanlon, 150 F.3d at 1020).

Here, there is nothing before the court to suggest that the named plaintiff or class counsel has any conflict of interest with any class member. To the contrary, it appears that plaintiff has the same interest and injury as the other class members. And plaintiff's counsel are experienced litigators of class actions involving the precise claims here, i.e., wage and hour disputes involving truck drivers. See Martinez v. Knight Transportation, Inc., No. 1:16-cv-1730 DAD SKO, 2018

WL 6308110, (E.D. Cal. Dec. 3, 2018); Clayton v. Knight Transp., Inc., No. 1:11cv0735 LJO DLB, 2012 WL 2912395, (E.D. Cal. July 16, 2012).

Accordingly, the court finds the adequacy requirement satisfied.

### 5. Rule 23(b)(3)

Having satisfied the requirements for Rule 23(a), plaintiff must also satisfy at least one of the categories under Rule 23(b). Here, plaintiff seek certification pursuant to Rule 23(b)(3). (ECF No. 16 at 20.) "To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: Common questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" Amchem, 521 U.S. at 615 (quoting Fed. R. Civ. P. 23(b)(3)).

"When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." Hanlon, 150 F.3d at 1022 (quotation omitted). Here, plaintiff challenges defendant's uniform employment policies. "Class actions in which a defendant's uniform policies are challenged generally satisfy the predominance requirement of Rule 23(b)(3)." Goodwin, 2017 WL 3173006, at *7.

In analyzing superiority, "the court should consider class members' interests in pursuing separate actions individually, any litigation already in progress involving the same controversy, the desirability of concentrating the litigation in one forum, and potential difficulties in managing the class action-although the last two considerations are not relevant in the settlement context." Palacios v. Penny Newman Grain, Inc., No. 1:14-cv-1804 KJM, 2015 WL 4078135, at *6 (E.D. Cal. July 6, 2015).

Here, forcing class members to proceed individually on identical claims, in which the relief is relatively small, is antagonistic to the class members' interest. And the court is aware of no other litigation in progress. Accordingly, the court finds that a class action is superior to having the plaintiffs proceeding individually.

////

| | |
|---|---|
| 1 | Having found the requirements of Rule 23(a) and Rule 23(b)(3) have been satisfied, the |
| 2 | court conditionally certifies the class for settlement purposes. |

### B. Terms of the Proposed Settlement

The basic provisions of the parties' proposed settlement are as follows. The parties have agreed to settle the claims of a class defined as:

> Plaintiff and all other California residents who work or worked as truck drivers and who are or have been classified as independent contractors by Defendants from March 9, 2017 through the date of preliminary approval.

(ECF No. 16-2 at 5.) Defendant has agreed to pay a gross settlement amount of $475,000 to resolve the claims of class members who do not opt out. (Id. at 9, 12.) The following deductions will be subtracted from the gross settlement amount:

- $10,000 PAGA payment pursuant to California Labor Code § 2698 *et seq*., distributed 75% to the California Labor and Workforce Development Agency and 25% to Class Participants.
- Administrative Expenses not to exceed $10,000.
- Employee's Taxes and Required Withholdings including federal, state, or local payroll taxes.
- Class Attorney Fees not to exceed $118,750, (25% of the gross settlement amount) and Expenses not to exceed $12,000.
- Incentive Award to plaintiff of up to $10,000.

(Id. at 4-15, 19.)

Each class participant will receive a share of the net settlement amount based on the pro rata number of weeks worked by the settlement class members during the class period—May 3, 2014, through the date of this order—as a proportion of all weeks worked by all settlement class members. (Id. at 13, 19.) On average, each class member will recover $3,442. (ECF No. 16 at 33.) Class participants receiving payment will be responsible for tax obligations and payment will not affect employee benefits. (ECF No. 16-2 at 13-14.)

Class participants will be given 180 days to cash their settlement checks. (Id. at 20.) If more than 10% of class members opt-out of the settlement, defendant may declare the settlement null and void. (Id. at 21.) If the class list contains more than 102 class members, the gross

settlement shall be increased proportionately for each additional class member over 102. (Id.)

CPT Group, Inc., will be responsible for the administration of the settlement. (Id. at 9.) The settlement administrator will mail to the class members the Notice and share form and will provide proof of mailing to class counsel. (Id. at 15-16.) The settlement administrator will handle inquiries from class members, determine individual settlement amounts, maintain the settlement funds, and distribute the individual settlement amounts. (Id. at 15.) Notice to class members will be provided within 14 days of preliminary approval. (Id. at 16.)

### C. Preliminary Fairness Determination

When assessing a proposed class action settlement, the court should balance several factors including:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Hanlon, 150 F.3d at 1026.

A "preliminary approval of a settlement has both a procedural and a substantive component." In re Tableware Antitrust Litigation, 484 F.Supp.2d 1078, 1080 (N.D. Cal. 2007). As to the procedural component, "a presumption of fairness applies when settlements are negotiated at arm's length, because of the decreased chance of collusion between the negotiating parties." Gribble v. Cool Transports Inc., No. CV 06-4863 GAF (SHx), 2008 WL 5281665, at *9 (C.D. Cal. Dec. 15, 2008). Likewise, "[p]articipation in mediation tends to support the conclusion that the settlement process was not collusive." Ogbuehi v. Comcast of California/Colorado/Fla./Oregon, Inc., 303 F.R.D. 337, 350 (E.D. Cal. 2014) (quotation omitted). With respect to the substantive component, "[a]t this preliminary approval stage, the court need only 'determine whether the proposed settlement is within the range of possible approval.'" Murillo, 266 F.R.D. at 479 (quoting Gautreaux v. Pierce, 690 F.2d 616, 621 n. 3 (7th Cir.1982)).

Here, the settlement was reached after informal discovery and a full day of private mediation. (ECF No. 16 at 33.) Moreover, the settlement agreement and defendant's financial

information was evaluated by retired U.S. Bankruptcy Judge Mitchel R. Goldberg who opined that the "settlement amount is fair and reasonable under the circumstances." (Goldberg Decl. (ECF No. 16-6) at 4-5.) Additionally, the court has reviewed the proposed settlement and the parties' briefing, and finds that the settlement is within the range of possible approval. See generally Goodwin, 2017 WL 3173006, at *5 (preliminary approval of $250,000 settlement involving similar claims for class of 1,259).

The court, therefore, will grant preliminary approval of the settlement.

### D. Concerns Going Forward

Despite preliminary approval, the court has the following concerns which the parties shall address in briefing prior to the Final Approval Hearing:

**1.** **Attorneys' Fees**: The proposed settlement includes a "clear sailing agreement" in which defendant agrees not to object to the award of attorneys' fees. (ECF No. 16-2 at 14); In re Bluetooth, 654 F.3d at 947. In order to obtain final approval, the parties must provide adequate briefing to evaluate the reasonableness of the agreed upon attorneys' fees, including information from which the court may determine the lodestar.

**2.** **Plaintiff's Incentive Award**: As noted above, plaintiff is seeking a $10,000 incentive award. (ECF No. 16 at 36.) Plaintiff shall provide a detailed declaration describing plaintiff's current employment status, any risk faced as a class representative, specific activities performed as class representative, and the amount of time spent on each activity.

**3.** **Discovery and Mediation**: Plaintiff assert that this settlement "was a product of extensive informal discovery and a full day of mediation." (Id. at 33.) The parties briefing shall address with specificity what discovery was produced, and what information was exchanged pursuant to the mediation. This information includes, but is not limited to, mediation statements and any relevant communications during the negotiations.

**4.** **Notice**: It appears from the settlement's Opt-Out Procedure that there is the potential for known class members whose notice is ultimately returned as undeliverable to be nonetheless bound by the terms of the settlement and yet not receive payment. The parties' briefing shall address this issue and the court's concerns with respect to fairness. See Palacios v.

Penny Newman Grain, Inc., No. 1:14-cv-1804 KJM, 2015 WL 4078135, at *10 (E.D. Cal. July 6, 2015) ("This aspect of the Settlement Agreement may not sufficiently protect absent class members' due process rights."); Lusby v. Gamestop Inc., 297 F.R.D. 400, 413 (N.D. Cal. 2013) ("The Court finds that this aspect of the Settlement Agreement does not give due process to Class Members who are known not to have received notice of the Settlement Agreement, and yet are bound by its terms.").

**5. Enforcement**: The parties are advised that the court does not intend to maintain jurisdiction to enforce the terms of the settlement agreement absent an independent basis for federal jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994). The parties may address any concerns with respect to this in their briefing.

**FINAL APPROVAL HEARING SCHEDULE**

| | |
|---|---|
| Defendant to make payment of the Gross Settlement Amount to the Settlement Administrator. | Within 10 calendar days of the date of this order. These funds shall be held in a trust account by the Administrator pending final approval. |
| Defendant to provide Class List to the Settlement Administrator. | Within 14 calendar days of the date of this order. |
| Settlement Administrator to mail Notice Packet to Class Members. | Within 28 calendar days of the date of this order. |
| Deadline for Class Members to object to, or opt out of, the Settlement. | Within 30 calendar days after mailing of Notice Packet by the Settlement Administrator |
| Plaintiff to file Motion for Attorneys' Fees, Costs and Service Payment. | Not less than 25 calendar days after the mailing of the Notice Packet. |
| Deadline for Plaintiff to file Motion for Final Approval. | Not less than 28 calendar days before the Final Approval hearing. |

*////*

*////*

*////*

**CONCLUSION**

1. Plaintiff's February 11, 2019 motion for preliminary approval of class action settlement (ECF No. 16) is granted.

2. Pursuant to Rule 23, and for purposes of settlement only, the following class, estimated to consist of 92 truck drivers, is preliminarily and conditionally certified:

> Plaintiff and all other California residents who work or worked as truck drivers and who are or have been classified as independent contractors by Defendants from March 9, 2017 through the date of the entry of this order granting preliminary approval.

3. Plaintiff Valeriy Bykov is preliminarily appointed as Class Representative.

4. Ackerman & Tilajef, P.C. and Melmed Law Group, P.C., by and through Lead Counsel Craig J. Ackermann and Jonathan Melmed, respectively, are hereby preliminarily approved and appointed as Class Counsel.

5. CPT Group, Inc. is hereby appointed as the Settlement Administrator.

6. The Court grants preliminary approval of the Settlement between plaintiff and defendant DC Transportation Service, Inc., dba DC Transport and DC Transport, Inc., based upon the terms set forth in the Settlement Agreement (ECF No. 16-2).

7. The Settlement Agreement appears to be fair, adequate and reasonable, and the court preliminarily approves the terms of the Settlement Agreement, including, without limitation:

   a. a non-reversionary Settlement Amount of $475,000 for an estimated 92 current and former truck drivers of defendant;

   b. the Class Representative enhancement payment to the named Plaintiff of $10,000;

   c. Court approved attorneys' fees to Class Counsel of up to $118,750.00, representing 25% of the Settlement Amount;

   d. Court approved litigation costs to Class Counsel of up to $12,000;

   e. Fees and Costs of the Settlement Administrator of up to $10,000; and

   f. Payment of $7,500 to the California Labor & Workforce Development Agency for its portion of the PAGA penalties.

////

8. The Court approves, as to form and content, the Revised Notice of Proposed Class Action Settlement ("Notice Packet"), in substantially the form collectively attached to the Supplemental Declaration of Avi Kreitenberg filed in support of preliminary approval as Exhibit A thereto (ECF No. 19-1). The court further approves the procedure for Class Members to opt out of, and to object to, the Settlement as set forth in the Settlement Agreement and the Revised Notice Packet.

9. The court directs the mailing of the Notice Packet in accordance with the terms of the Settlement Agreement and on the schedule set forth above. The court finds the dates selected for the mailing and distribution of the Notice Packet, as set forth above, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto, subject to the concerns noted above.

10. A Final Approval hearing on the question of whether the proposed Settlement, including the requested attorneys' fees and costs to Class Counsel that will be included in the forthcoming motion for fees and costs, and whether the Class Representative's Incentive Award should be finally approved as fair, reasonable and adequate as to the members of the Class is set for **August 30, 2019**, at **10:00 a.m.** in courtroom no. 27 before the undersigned.

11. The parties to the Agreement are directed to carry out their obligations under the Settlement Agreement.

Dated: March 28, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.consent\bykov1691.mot.pre.approv.ord

12