Brandon R. McKelvey (SBN 217002)
Email: brandon@medinamckelvey.com
Timothy B. Nelson (SBN 235279)
Email: tim@medinamckelvey.com
MEDINA McKELVEY LLP
983 Reserve Drive
Roseville, California 95678
Telephone: (916) 960-2211
Facsimile: (916) 742-5488

Counsel for Defendant
DC TRANSPORTATION SERVICES, INC.
dba DC TRANSPORT (also erroneously sued
as DC Transport Inc., a California Transport
Company and DC Transport Inc., a Texas
Corporation)

Craig J. Ackermann (SBN 229832)
Email: cja@ackermanntilajef.com
ACKERMANN & TILAJEF, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

Jonathan Melmed (SBN 290218)
Email: jm@melmedlaw.com
MELMED LAW GROUP P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 824-3828
Facsimile: (310) 862-6851

Attorneys for Plaintiff VALERIY BYKOV

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIY BYKOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>DC TRANSPORT, INC., a California Transport Company; DC TRANSPORT, INC., a Texas Corporation; DC TRANSPORTATION SERVICES, INC. dba DC TRANSPORT state of corporation unknown; and DOES 1 to 10 inclusive,<br><br>Defendants. | No. 2:18-cv-01691 DB<br><br>**STIPULATED MOTION AND ORDER TO AMEND PRELIMINARY APPROVAL ORDER AND CLASS SETTLEMENT AGREEMENT** |



**STIPULATION**

Plaintiff Valeriy Bykov ("Plaintiff") and defendant DC Transportation Services, Inc. dba DC Transport ("DC Transport") (collectively, "Parties") stipulate as follows:

WHEREAS, the Court entered its Order Granting Preliminary Approval of Class Action Settlement (the "Order") on March 28, 2019. The Order preliminarily approved the Joint Stipulation of Settlement and Release of Class Action ("Agreement") entered by the Parties and filed with the Court on February 11, 2019, ordered notice to be sent to potential settlement class members, set certain deadlines, and made various other provisions;

WHEREAS, paragraph I.4 of the Agreement defines the Settlement Class as "Plaintiff and all other California residents who work or worked as truck drivers and who are or have been classified as independent contractors by Defendants from March 9, 2017 through the date of preliminary approval;"

WHEREAS, paragraph I.4 of the Agreement states: "Defendant has represented that the Settlement Class consists of approximately 92 Class Members;"

WHEREAS, the Agreement also has an escalator provision, at paragraph VIII.3 of the Agreement, which states, "In the event the class list contains more than 102 Class Members, then the Gross Settlement Value shall be increased proportionately for each additional Class Member over 102;"

WHEREAS, one of the principal factors that the Parties discussed before, during, and after mediation was Defendants' ability to pay a large judgment. In fact, as part of Plaintiff's motion for preliminary approval of the class settlement, Defendants submitted a declaration from the Honorable Mitchel R. Goldberg (Ret.) (Docket 16-6). Judge Goldberg analyzed Defendants' finances, including reviewing profit and loss statements, balance sheets, tax returns, and actual and projected cash flow statements. In his declaration, Judge Goldberg stated, "Based on my review and analyze of the Defendants' Financials, a lump sum settlement payment in an amount materially greater than the $475,000 settlement payment required under the parties' Memorandum of Understanding, would be expected to impose a significant financial hardship or material adverse effect on Defendants that could threaten their continued business operations."

- 2 -
STIPULATED MOTION AND ORDER TO AMEND PRELIMINARY APPROVAL ORDER AND SETTLEMENT AGREEMENT
CASE NO. 2:18-CV-01691 DB

(Docket 16-6, ¶ 6.) Judge Goldberg also stated: "It is therefore my opinion that the $475,000 lump sum settlement amount is fair and reasonable under the circumstances." (Docket 16-6, ¶ 7.)

WHEREAS, Defendants have advised Plaintiffs' counsel that Defendants' present financial condition is worse than the projections provided to Judge Goldberg and Defendants project continued declines throughout 2019.

WHEREAS, in preparing the class list to provide to the settlement administrator after the Order was signed, Defendants determined that the actual number of class members was higher than previously thought for reasons described herein;

WHEREAS, in preparing for mediation, Defendants provided Plaintiff's counsel with electronic log data for the independent contractors at issue. This electronic log data contained the information that drivers are required by the Department of Transportation to record. The electronic log data records when a driver is driving, when a driver is on duty but not driving, when a driver is off duty, and other information;

WHERAS, the electronic log data that Defendants provided to Plaintiff's counsel went back as far as January 1, 2018, because that is when Defendants' independent contractors began using electronic logs. Prior to January 1, 2018, Defendants' independent contractors kept paper logs, and it would have been overly burdensome for Defendants to provide paper logs for all of its independent contractors;

WHEREAS, the electronic log data that Defendants provided to Plaintiff's counsel contained time data for 92 independent contractors who were active at the time the log data was generated, and this was the total number of independent contractors who had used electronic logs since they were put into place in January 2018;

WHEREAS, in preparing for mediation Defendants also provided to Plaintiff's counsel a comprehensive spreadsheet identifying all independent contractors who contracted with Defendants for a period of four years before the filing of the Complaint up to that point in time. This spreadsheet included information sufficient to identify the relevant class members;

WHEREAS, Plaintiff mistakenly believed that the number of independent contractors in the PAGA period, which went back to March 9, 2017, was 92, based off the number of



independent contractors who had electronic log data and who were active at the time the electronic log data was generated. In reality, the electronic log data did not cover the entire PAGA period, because the PAGA period extended to March 9, 2017, but the electronic log data only extended to January 1, 2018;

WHEREAS, in addition to the 92 independent contractors who were active at the time the electronic time data was generated, the comprehensive spreadsheet provided to Plaintiff's counsel also identified an additional 24 drivers who had driven for Defendants from January 1, 2018 until the date of the mediation, but who were not active at the time the electronic log data was generated. In other words, the total number of drivers from January 1, 2018 to the time of the mediation was in fact 116 (117 including Plaintiff), not 92;

WHEREAS, since the date of the mediation, 6 additional drivers drove for Defendants following the time documents were provided shortly before mediation, bringing the total number of drivers who drove for Defendants from January 1, 2018 to the present to 122 (123 including Plaintiff);

WHEREAS, at the mediation, the Parties were focused on reaching agreement on a resolution that covered as many of the potential drivers as possible at a settlement amount that Defendants could reasonably afford. Once the settlement construct was identified and agreed upon, late in the evening at the end of a long day of negotiations, the Parties spent their remaining time memorializing their agreement and were not focused on the specific data. Unfortunately, Defendants' counsel did not realize that they had provided Plaintiffs' counsel with data indicating that there were 92 drivers in the PAGA period—based on the electronic data—but that, in fact, the correct number of independent contractors in the PAGA period was 123, a fact that Defendants' counsel did not realize until they prepared the class list for the settlement administrator, after preliminary approval of the class settlement was granted;

WHEREAS, Plaintiff's counsel based its fairness analysis in its motion for preliminary approval of the class settlement on the 92 independent contractors who were active at the time the electronic data was recorded, instead of on the larger number provided in the spreadsheet before mediation, but also agreed, via the escalator provisions, that the amount would be fair and

reasonable if it included up to an additional 10 drivers, or up to 102 drivers in total;

WHEREAS, Defendant has represented that it does not have the financial ability to pay an additional amount under the escalator provision of the Agreement, for the additional 20 drivers over and above the 102 figure within the buffer of the escalator clause. This representation is supported by the prior declaration of Judge Goldberg, discussed above. If the Court requires, Defendant will submit an additional declaration from Judge Goldberg;

WHEREAS, the Parties agree that a modification of time period in the definition of "Settlement Class" (in paragraph I.4 of the Agreement) from March 9, 2017 to January 1, 2018 is warranted here based on Defendant's ability to pay, and will not change the fairness analysis and will more adequately represent the group of individuals that the Parties discussed at mediation;

WHEREAS, the total class size following this modification of the time period to cover January 1, 2018 forward is 123 drivers, reflecting the 92 drivers who were active at the time the electronic log data was provided; the 24 drivers who drove for Defendants following January 1, 2018 but who were not active on the date of the mediation; the 6 drivers who drove for Defendants following the time documents were provided shortly before the mediation; and Plaintiff Bykov;

WHEREAS, the Parties agree that the Settlement is still fair and reasonable with the additional drivers, as the average payout to class members and average weekly contract amount is reasonable and justified under the circumstances. Specifically, the average payout to class members (assuming 92 class members plus Plaintiff) will decrease from $3,405.91 to $2,575.20. However, since the Settlement Agreement contemplates up to 102 class members (plus Plaintiff) being included in the settlement as it now stands, the average payout per class member would actually be $3,075.24 for up to 102 drivers under the current deal, so the reduction in the average payout per class member, if the Court allows the parties to amend the settlement via this Stipulation, will only decrease by an average of $500.04 per class member. Under the prior analysis, class members would have received approximately $18.61 for every week that they contracted with Defendant during the class period. However, including the additional 10 class members allowed under the Settlement Agreement, class members will receive $16.98 per

workweek. Including the additional class members will result in each class member receiving approximately $15.97 for every week that they contracted with Defendants during the class period. Therefore, including the 123 class members will only decrease the pay out for each workweek by $1.01 per workweek;

WHEREAS, Plaintiff's counsel has also agreed, if necessary, for the Court to approve this modification, to reduce its fee request from 25% of the Gross Settlement Amount to 20%. If Plaintiff's counsel reduces its attorneys' fees to 20%, then the average payout for all 123 class members will be $2,768.29, which is only a reduction of, on average, $306.95 from the actual average payout per class member contemplated under the Settlement Agreement in its existing framework versus with the additional drivers being included for the existing settlement amount with no escalated amount;

WHEREAS, in light of Defendants' confirmed inability to pay and demonstrated worsening financial condition, Plaintiffs' counsel has agreed to waive the escalator provision in Paragraph VIII.3 of the Agreement, such that no increase shall be made to the Gross Settlement Value based on the modified Settlement Class from 92 to 123.

IT IS THEREFORE STIPULATED, by and between the Parties, that:

1. For the foregoing reasons, the Parties respectfully request that the Court approve the following proposed change to paragraph I.4 of the Agreement:

> "The 'Settlement Class' shall be defined as 'Plaintiff and all other California residents who work or worked as truck drivers and who are or have been classified as independent contractors by Defendants from January 1, 2018 through the date of preliminary approval.'"

2. For the foregoing reasons, the Parties respectfully request that the Court approve a modification *nunc pro tunc* to page 11, lines 4–8 of the Court's March 28, 2019 Order approving Plaintiff's motion for preliminary approval of the Settlement. The modified language shall read:

> "2. Pursuant to Rule 23, and for purposes of settlement only, the following class, estimated to consist of 123 truck drivers, is preliminarily and conditionally certified:
> 'Plaintiff and all other California residents who work or worked as truck drivers and who



STIPULATED MOTION AND ORDER TO AMEND PRELIMINARY APPROVAL ORDER AND SETTLEMENT AGREEMENT
CASE NO. 2:18-CV-01691 DB

are or have been classified as independent contractors by Defendants from January 1, 2018 through the date of preliminary approval.'"

3. The Parties also respectfully request that the Court order that the previously approved class notice be amended, *nunc pro tunc,* to indicate that the definition of "Settlement Class" has been modified.

4. The Parties additionally request that the Court reset the deadlines that are already running to the date of approval of the Amended Preliminary Approval Order.

5. The Parties additionally request that the Court modify paragraph VIII.3 of the Agreement, which presently states, "In the event the class list contains more than 102 Class Members, then the Gross Settlement Value shall be increased proportionately for each additional Class Member over 102" to "In the event the class list contains more than 123 Class Members, then the Gross Settlement Value shall be increased proportionately for each additional Class Member over 123."

IT IS SO STIPULATED.

Dated: May 24, 2019            MEDINA McKELVEY LLP


By: __*/s/ Timothy B. Nelson*_____
TIMOTHY B. NELSON
Attorney for Defendant
DC TRANSPORTATION SERVICES, INC. dba
DC TRANSPORT (also erroneously sued as DC
Transport Inc., a California Transport Company
and DC Transport Inc., a Texas Corporation)

Dated: May 23, 2019            ACKERMANN & TILAJEF, P.C.


By: _*/s/ Craig Ackermann as authorized on 5/23/19*_
CRAIG ACKERMANN
Attorney for Plaintiff

- 7 -
STIPULATED MOTION AND ORDER TO AMEND PRELIMINARY APPROVAL ORDER AND
SETTLEMENT AGREEMENT
CASE NO. 2:18-CV-01691 DB



Dated: May 23, 2019              MELMED LAW GROUP P.C.


                                 By: _/s/Jonathan Melmed as authorized on 5/23/19___
                                 JONATHAN MELMED
                                 Attorney for Plaintiff



## Local Rule 131 Attestation

Pursuant to Local Rule 131(e), I attest that all of the signatories listed above concur in this filing's contents and have authorized the filing of this document.

Dated: May 24, 2019　　　　　　　　　　MEDINA McKELVEY LLP

By: /s/ Timothy B. Nelson
TIMOTHY B. NELSON
Attorney for Defendant
DC TRANSPORTATION SERVICES, INC.
dba DC TRANSPORT (also erroneously sued as DC Transport Inc., a California Transport Company and DC Transport Inc., a Texas Corporation)



## ORDER AMENDING PRELIMINARY APPROVAL ORDER NUNC PRO TUNC

Pursuant to the parties' stipulation, and a finding of good cause, IT IS HEREBY ORDERED that:

1. The parties' May 24, 2019 stipulated motion to amend the preliminary approval order (ECF No. 22) is granted.

2. The July 12, 2019 hearing of the parties' stipulated motion to amend the preliminary approval order is vacated.

3. Good cause exists to modify Page 11, lines 4–8 of the Order Granting Preliminary Approval of Class Action Settlement *nunc pro tunc* to read:

"2. Pursuant to Rule 23, and for purposes of settlement only, the following class, estimated to consist of 123 truck drivers, is preliminarily and conditionally certified:

'Plaintiff and all other California residents who work or worked as truck drivers and who are or have been classified as independent contractors by Defendants from January 1, 2018 through the date of preliminary approval.'"

4. Good cause exists to amend Paragraph I.4 of the Agreement to define the "Settlement Class" as "Plaintiff and all other California residents who work or worked as truck drivers and who are or have been classified as independent contractors by Defendants from January 1, 2018 through the date of preliminary approval."

5. The Class Notice previously approved by the Court will be amended to reflect the following definition for class members: "Plaintiff and all other California residents who work or worked as truck drivers and who are or have been classified as independent contractors by Defendants from January 1, 2018 through the date of preliminary approval."

6. Final Approval Hearing Schedule:

| | |
|---|---|
| Defendant to provide Class List to the Settlement Administrator. | Within 7 calendar days of the date of this Order. |
| Settlement Administrator to mail Notice Packet to Class Members | Within 21 calendar days of the date of this Order. |
| Deadline for Class Members to object to, or opt out of, the Settlement. | Within 30 calendar days after mailing of the Notice Packet by the Settlement |

- 10 -



| | |
|---|---|
| | Administrator. |
| Plaintiff to file Motion for Attorneys' Fees, Costs and Service Payment. | Not less than 25 calendar days after the mailing of the Notice Packet. |
| Deadline for Plaintiff to file Motion for Final Approval. | Not less than 28 calendar days before the Final Approval Hearing. |

7. Good cause exists to amend paragraph VIII.3 of the Agreement to "In the event the class list contains more than 123 Class Members, then the Gross Settlement Value shall be increased proportionately for each additional Class Member over 123."

8. Pursuant to plaintiff's counsel's stipulation, Class Attorney Fees shall not exceed 20% of the gross settlement amount.

9. A Final Approval hearing on the question of whether the proposed Settlement, including the requested attorneys' fees and costs to Class Counsel that will be included in the forthcoming motion for fees and costs, and whether the Class Representative's Incentive Award should be finally approved as fair, reasonable and adequate as to the members of the Class is set for **December 20**, **2019** at **10:00 a.m.** in courtroom no. 27 before the undersigned.

Dated: July 9, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.consent\bykov1691.stip.am.pre.approv.ord



- 11 -

STIPULATED MOTION AND ORDER TO AMEND PRELIMINARY APPROVAL ORDER AND SETTLEMENT AGREEMENT
CASE NO. 2:18-CV-01691 DB