**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann (SBN 229832)
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

**MELMED LAW GROUP P.C.**
Jonathan Melmed (SBN 290218)
jm@melmedlaw.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 824-3828
Facsimile: (310) 862-6851

Attorneys for Plaintiff and the Putative Class

*[Additional Counsel on Next Page]*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIY BYKOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DC TRANSPORT, INC., a California Transport Company; DC TRANSPORT, INC., a Texas Corporation; DC TRANSPORTATION SERVICES, INC. dba DC TRANSPORT state of corporation unknown; and DOES 1 to 10 inclusive,<br><br>Defendants. | No. 2:18-cv-1691 DB<br><br><br>**JOINT STIPULATION AND ORDER TO AMEND FINAL APPROVAL ORDER *NUNC PRO TUNC* TO DIRECT FUNDS ASSOCIATED WITH UNCASHED SETTLEMENT CHECKS TO CY PRES RECIPIENT** |

**MEDINA McKELVEY LLP**
Brandon R. McKelvey (SBN 217002)
Brandon@medinamckelvey.com
Timothy B. Nelson (SBN 235279)
tim@medinamckelvey.com
983 Reserve Drive
Roseville, California 95678
Telephone: (916) 960-2211
Facsimile: (916) 742-5488

Attorneys for Defendant DC TRANSPORTATION SERVICES, INC., dba DC
TRANSPORT (also erroneously sued as DC Transport, a California Transport
Company and DC Transport, a Texas Corporation)

<u>**JOINT STIPULATION TO AMEND FINAL APPROVAL ORDER**</u>
<u>***NUNC PRO TUNC* TO DIRECT FUNDS ASOCIATED**</u>
<u>**WITH UNCASHED SETTLEMENT CHECKS TO CY PRES**</u>

1.      The class action settlement of this matter was finally approved through an order issued on March 3, 2020. Dkt. 29. Final judgment was entered March 3, 2020 (Dkt. 30).

2.      The Settlement Agreement in this case provides, "Class Participants shall have 180 days to cash their checks.  Any funds associated with uncashed checks shall be paid in accordance with California Code of Civil Procedure section 384. (See Settlement Agreement, at par. 7 on p. 17, Ex. A to CJA Declaration in support of Plaintiff's Motion for Preliminary Approval, filed Feb. 11, 2020).

3.      Section 384 of the California Code of Civil Procedure provides that funds associated with uncashed checks in class actions shall be distributed *inter alia* to "nonprofit organizations or foundations to support projects that will benefit the class or similarly situated persons…" *See* C.C.P. Section 384(b).

4.       The court-appointed Settlement Administrator here, CPT Group, through Tarus Dancy, the case manager for this case, has reported to counsel for the parties that more than 180 days have now elapsed since the class members' settlement checks were issued, and that approximately $19,577.66 remains in funds associated with uncashed settlement checks.

5.      The parties have met and conferred over an appropriate cy pres recipient for these remaining funds associated with uncashed checks, pursuant to the settlement agreement, and they have agreed that the Trucker Non-Profit Assistance Fund, which is an IRC section 501(c)(3) nonprofit organization that assists truckers with various financial needs, funeral expenses, and health care needs in emergencies, is an appropriate cy pres recipient for the funds associated with uncashed settlement checks in this case. *See* <u>www.truckersassistancefund.com</u>.  Since the class members here were truck drivers, the parties proposed cy pres recipient meets the requirements of C.C.P.

Section 384 and satisfies the Ninth Circuit's test for an appropriate cy pres as well. *See Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011) (cy pres recipient must have some sort of nexus to class members and/or types of individuals or claims of the class members).

6.   Notably, neither the parties nor any of their counsel have any interest in the Trucker Non-Profit Assistance Fund.

7.   Significantly, the Trucker Non-Profit Assistance Fund has been approved in other wage and hour class actions on behalf of truckers in California as an appropriate cy pres recipient for funds associated with uncashed settlement checks. *See, e.g., Maldonado v. Heavy Weight Transport, Inc.*, Case No. 2:16-cv-08838-CVAS-RAOx (Hon. Judge Cristina Snyder Order Directing Uncashed Checks to Cy Pres Recipient, the Trucker Non-Profit Assistance Fund), Docket No. 44, entered April 30, 2020.

**THEREFORE, IT IS HEREBY STIPULATED** by and between the parties, through their respective undersigned counsel, that all unclaimed funds associated with uncashed settlement checks from the Settlement be directed by the court-appointed settlement administrator to the Trucker Non-Profit Assistance Fund.

Respectfully submitted,

Dated:  Sept. 29, 2020

*/s/ Timothy B. Nelson*
Brandon R. McKelvey, Esq.
Timothy B. Nelson, Esq.
MEDINA MCKELVEY LLP
Attorneys for Defendants

Dated:  Sept. 29, 2020

*/s/ Craig Ackermann*
Craig J. Ackermann, Esq.
ACKERMAN & TILAJEF, P.C.
Jonathan Melmed, Esq.
MELMED LAW GROUP P.C.
Attorneys for Plaintiff

4

## **ORDER AMENDING FINAL APPROVAL ORDER *NUNC PRO TUNC***

Good cause appearing, and based on the parties' Stipulation, the Court hereby amends its order granting final approval, dated March 3, 2020, *nunc pro tunc*, as follows:

Paragraph 3 on page 17 of the Court's Order is amended to state as follows:

"3.  The parties are ordered to act in accordance with the settlement agreement, and the court further orders any funds associated with any uncashed settlement checks after 180 days following their issuance to be distributed by the Settlement Administrator to the Trucker Non-Profit Assistance Fund as the non-profit *cy pres* recipient."

All other terms of the Final Approval Order and Final Judgment remain unchanged and in full force and effect.

Dated:  October 1, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/bykov1691.stip.am.judg.ord